UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C., a
Delaware corporation, f/k/a STELOR
PRODUCTIONS, INC.,

CASE NO. 05-80393-CIV-HURLEY
Magistrate Hopkins

    Plaintiff,

v.

STEVEN A. SILVERS, a Florida resident,

    Defendant,
_____/

## SILVERS' MOTION TO DISMISS FOR LACK
## OF SUBJECT MATTER JURISDICTION AND STANDING

Defendant, Steven A. Silvers ("Silvers"), moves to dismiss the action filed by Stelor Productions, LLC ("Stelor") for lack of matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. The only basis for subject matter jurisdiction - - diversity jurisdiction - - is absent in this case because the amount in controversy is limited by the contract at issue and falls far below $75,000. Further, Stelor has failed to adequately allege its citizenship, precluding subject matter jurisdiction from attaching.

Rule 12(h), Federal Rules of Civil Procedure provides: "Wherever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As explained below, the operative complaint lacks sufficient allegations as to citizenship, and because the License Agreement sued upon limits any recovery, subject matter jurisdiction does not appear evident.

### Jurisdictional Amount

It is virtually impossible for Stelor's claim to amount to $75,000, the monetary requirement for diversity jurisdiction. 28 U.S.C. §1332.

Stelor's claims are based on its alleged rights under the License Agreement (Exhibit "A"). Such claims cannot support a claim for $75,000, as a matter of law[1], because the agreement expressly limits damages. Stelor, apparently to deprive Silvers of any meaningful remedy for its breach, drafted the agreement and inserted the following provision:

### LIMITATION OF LIABILITY

> EACH PARTY'S LIABILITY TO THE OTHER UNDER THIS AGREEMENT FOR CLAIMS RELATING TO THIS AGREEMENT, WHETHER FOR BREACH OF CONTRACT OR IN TORT, SHALL BE LIMITED TO THE AGGREGATE ROYALTY FEES PAID BY LICENSEE TO LICENSOR DURING THE TWELVE MONTH PERIOD PRECEDING THE CLAIM.

License Agreement (Exhibit "A") ¶XIII(B).

It is undisputed that Stelor has not paid a penny in royalties to Silvers in the 3 years of the License Agreement. *See* Silvers Decl., ¶¶16(b), 23(a). Stelor has recently advanced royalties in the amount of $17,000, but these will be credited against royalties due for Stelor's sales of Licensed Products in the 6 month post-termination period. See License Agreement, ¶X(B). In any event, these advances, assuming Stelor could recover them, fall well below the requisite amount for diversity jurisdiction. Since Stelor's maximum potential damages for any claims based on the License Agreement amount to, at most, $17,000, there is no diversity jurisdiction.

### Lack of Standing and Citizenship

Stelor lacks standing to bring this case and has not pled the requisites for subject matter jurisdiction. Silvers' former licensee is Stelor Productions, Inc. ("Stelor, Inc."). *See* License Agreement (Exhibit "A"). Under the agreement, Stelor, Inc. is precluded from assigning its rights to another entity, absent Silvers' consent. ¶XXI, License Agreement, (Exhibit "A"). Silvers has not

---

[1] As Stelor admits, it filed this case in response to Silvers' termination of the License Agreement. Assuming the termination is a breach of the contract, as Stelor contends, Stelor's sole remedy is for damages. Shearson Lehman Hutton, Inc. v. Meyer, 561 So.2d 1331, 1332 (5th DCA 1990) (injunctive relief is not available to prevent termination of the agreement as only remedy is damages). Thus, any alleged "value" of an injunction, or lack of an injunction, is meaningless for diversity purposes.

consented to an assignment, and Plaintiff does not alleges it holds the license rights by assignment from Stelor, Inc. Yet, this case is brought by another entity - - Stelor Productions, LLC. It appears, therefore, the Plaintiff lacks standing to bring this action.

If Stelor Productions, LLC is the proper plaintiff, then the complaint lacks allegations sufficient to confer subject matter jurisdiction. In the 11th Circuit, a limited liability company - - like plaintiff - - is deemed a citizen of any state of which any of its members is a citizen for purposes of diversity jurisdiction. *Rolling Greens MHP, LP v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). And, it is up to the limited liability company/party invoking diversity jurisdiction - - Stelor - - to specifically allege the citizenship of all its members. *Id.* If any member resides in Florida - - Silvers' place of citizenship - - diversity is destroyed. Stelor has failed to sufficiently plead its members' citizenship to establish jurisdiction as required by *Rolling Greens*.[2] Until Stelor properly pleads these details, the Court cannot determine whether subject matter jurisdiction exists.

## CONCLUSION

This case should be dismissed for lack of subject matter jurisdiction and/or standing.

Respectfully submitted,

| | |
|---|---|
| DIMOND, KAPLAN & ROTHSTEIN, P.A. | KOZYAK TROPIN & THROCKMORTON, P.A. Co- |
| Counsel for Defendant | Counsel for Defendant |
| 200 S.E. First Street, Suite 708 | 2525 Ponce de Leon, 9th Floor |
| Miami, FL 33131 | Coral Gables, Florida 33134 |
| Telephone: (305) 374-1920 | Telephone: (305) 372-1800 |
| Adam T. Rabin, Esq. | Fax: (305) 372-3508 |

By: /s/ Kenneth R. Hartmann
Kenneth R. Hartmann, Florida Bar No: 664286
Gail M. McQuilkin, Florida Bar No. 969338

---

[2]Stelor recently filed the Declaration of Steven A. Esrig, containing the parenthetical statement that none of the LLC's members reside in Florida. Esrig Decl., ¶28(a). Putting aside questions as to Mr. Esrig's thoroughness or credibility, Stelor needs to specifically allege, in the next complaint, the identity of each member and that member's citizenship.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 26th day of May, 2005, to: Kevin C. Kaplan, Esq., Daniel F. Blonsky, Esq. and David Zack, Esq., Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A., Counsel for Plaintiff, Office in the Grove, Penthouse A, 2699 South Bayshore Drive, Miami, FL 33133.

By: _____
Kenneth R. Hartmann

3339/101/253048.1

# EXHIBIT "A"



# Exhibit A

## LICENSE, DISTRIBUTION AND MANUFACTURING AGREEMENT

This LICENSE, DISTRIBUTION AND MANUFACTURING AGREEMENT between Steven A. Silvers and Stelor Productions, Inc. is effective as of June 1, 2002 and is entered into by and between Steven A. Silvers (LICENSOR), an Individual, whose official address is 3741 NE 163rd Street, PMB #325, North Miami Beach, FL 33160 and Stelor Productions, Inc. (LICENSEE), a Delaware corporation with its current offices located at: 14701 Mockingbird Drive, Darnestown, Maryland, 20874.

### WITNESSETH

WHEREAS, LICENSOR is the sole and exclusive owner of the GOOGLES characters identified more fully in "Schedule A" attached hereto (the "Licensed Property");

WHEREAS, LICENSOR is the sole and exclusive owner of the GOOGLES trademarks identified more fully in "Schedule A" attached hereto (the "Licensed Trademarks");

WHEREAS, LICENSOR has the power and authority to grant to LICENSEE the right, privilege and license to use, manufacture, distribute, and sell those types of products that incorporate or are otherwise based on the Licensed Property as identified in "Schedule A" attached hereto (the "Licensed Products") and to use the Licensed Trademarks on or in association with such Licensed Products;

WHEREAS, LICENSEE has or will have the ability to manufacture, have manufactured, have sub-manufactured, distribute and sell or have sold and distributed the Licensed Products in the Licensed Territory more clearly defined in Schedule A (the Territory) and to use the Trademark(s) on or in association with the Licensed Products;

WHEREAS, LICENSEE desires to obtain from LICENSOR an exclusive license to use, manufacture, have manufactured and sell Licensed Products in the Territory and to use the Licensed Trademarks on or in association with the Licensed Products;

WHEREAS, LICENSEE has agreed, pursuant to a letter agreement, to act as a consultant for LICENSOR; and

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, the parties, each intending to be legally bound hereby, do hereby agree as follows:

## I. LICENSE GRANT

A.    LICENSOR hereby grants to LICENSEE, for the Term of this Agreement as recited in "Schedule A" attached hereto, the exclusive (even as to LICENSOR), worldwide, sub licensable right and license to use, reproduce, modify, create derivative works of, manufacture, have manufactured, market, advertise, sell, distribute, display, perform, and otherwise commercialize the Licensed Products and Licensed Properties in the Territory. The license includes a license under any and all intellectual property rights and interests therein, including by way of explanation, products which deal with the creative characters known as The Googles, anything that contains the letters GOO (in upper or lower case) together with any and all products, which comprise and which will comprise those characters, likenesses, which include Iggle, Oogle, Oggle, Gooroo, Gootian(s), the planet Goo, slides, computer web site(s), membership lists, clubs, materials, patterns, prototypes, logos, trademarks, service marks, clothing, merchandise, educational products, marketing and promotional data and tools, packaging and advertising, modifications, updates and variations, and all other items associated therewith whether in singular or plural

EXHIBIT

B. LICENSOR agrees to indemnify and hold harmless LICENSEE, its officers, directors, agents and employees, against all costs, expenses and losses (including reasonable attorneys' fees and costs) incurred through claims of third parties against LICENSEE based on or arising from (i) any infringement, misappropriation or other related action involving the Licensed Intellectual Property or Licensed Trademarks; or (ii) any breach of LICENSOR's obligations, representations, warranties or duties under this agreement.

C. With respect to any claims falling within the scope of the foregoing indemnifications: (i) each party agrees promptly to notify the other of and keep the other fully advised with respect to such claims and the progress of any suits in which the other party is not participating; (ii) each party shall have the right to assume, at its sole expense, the defense of a claim or suit made or filed against the other party; (iii) each party shall have the right to participate, at its sole expense, in any suit instituted against it; and (iv) a party assuming the defense of a claim or suit against the other party shall not settle such claim or suit without the prior written approval of the other party, which approval shall not be unreasonably withheld or delayed.

### XIII. LIMITATION OF LIABILITY

A. IN NO EVENT WILL EITHER PARTY BE LIABLE UNDER THIS AGREEMENT FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR PUNITIVE DAMAGES IN CONNECTION WITH OR ARISING OUT OF THIS AGREEMENT (INCLUDING LOSS OF PROFITS, USE, DATA, OR OTHER ECONOMIC ADVANTAGE), NO MATTER WHAT THEORY OF LIABILITY, EVEN IF THE EXCLUSIVE REMEDIES PROVIDED FOR IN THIS AGREEMENT FAIL OF THEIR ESSENTIAL PURPOSE AND EVEN IF EITHER PARTY HAS BEEN ADVISED OF THE POSSIBILITY OR PROBABILITY OF SUCH DAMAGES. THE PROVISIONS OF THIS SECTION "LIMITATION OF LIABILITY" ALLOCATE THE RISKS UNDER THIS AGREEMENT BETWEEN LICENSOR AND LICENSEE AND THE PARTIES HAVE RELIED UPON THE LIMITATIONS SET FORTH HEREIN IN DETERMINING WHETHER TO ENTER INTO THIS AGREEMENT.

B. EACH PARTY'S LIABILITY TO THE OTHER UNDER THIS AGREEMENT FOR CLAIMS RELATING TO THIS AGREEMENT, WHETHER FOR BREACH OF CONTRACT OR IN TORT, SHALL BE LIMITED TO THE AGGREGATE ROYALTY FEES PAID BY LICENSEE TO LICENSOR DURING THE TWELVE MONTH PERIOD PRECEDING THE CLAIM.

### XIV. INSURANCE

LICENSEE shall, throughout the Term of this Agreement, obtain and maintain at its own cost and expense from a qualified insurance company licensed to do business as required by state and federal law(s), standard Product Liability Insurance naming LICENSOR as an additionally named insured. Such policy shall provide protection against any and all claims, demands and causes of action arising out of any defects or failure to perform, alleged or otherwise, of the Licensed Products or any material used in connection therewith or any use thereof. The amount of coverage shall be as specified in "Schedule A" attached hereto. LICENSEE agrees to furnish LICENSOR a certificate of insurance evidencing same within ninety (90) days after issuance of same, and, in no event, shall LICENSEE manufacture, distribute or sell the Licensed Products prior to receipt by LICENSOR of such evidence of insurance.

### XV. FORCE MAJEURE

LICENSEE shall not be liable for any failure of performance hereunder due to causes beyond its reasonable control, including but not limited to acts of God, fire, explosion, vandalism, strikes, lockouts, work stoppages, other labor difficulties, supplier failures, storm or other similar catastrophes, any law, order, regulation, direction, action or request of the state, local or federal government or of any government agency, commission, court, bureau, corporation or other instrumentality of any one or more of such governments, or of any civil or military authority, national emergencies, insurrections, riots, or wars.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C., a
Delaware corporation, f/k/a STELOR
PRODUCTIONS, INC.,

CASE NO. 05-80393-CIV-HURLEY
Magistrate Hopkins

  Plaintiff,
v.

STEVEN A. SILVERS, a Florida resident,

  Defendant,
_____/

### ORDER GRANTING SILVERS' TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND STANDING

**THIS CAUSE** came before the Court on Silvers' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Standing. The Court having reviewed the pleadings, and been duly advised in the premises,

**IT IS ORDERED AND ADJUDGED** that:

1. Silvers' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Standing is **GRANTED.**

**DONE AND ORDERED** in Chambers at Palm Beach County, Florida this ____ day of , 2005.

_____
U.S. DISTRICT COURT JUDGE

Copies furnished to:

Kenneth R. Hartmann, Esq.
Kevin C. Kaplan, Esq.

3339/101/253126.1

## SERVICE LIST W/FAX NOS.

Kenneth R. Hartmann, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon
9th Floor
Coral Gables, FL 33134
Fax: (305) 372-3508

Kevin C. Kaplan, Esq.
Burlington Weil Schwiep Kaplan & Blonsky
2699 S. Bayshore Drive, Penthouse
Miami, Florida 33133
Fax: 305-858-5261