UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,
vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.
_____/

**PLAINTIFF'S RENEWED EMERGENCY MOTION FOR ENTRY OF
TEMPORARY RESTRAINING ORDER IMPLEMENTING THE INJUNCTION
RECOMMENDED BY THE MAGISTRATE;
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Stelor Productions, LLC ("Stelor"), by and through undersigned counsel and pursuant to Rule 65, Fed. R. Civ. P., hereby renews its motion on the following grounds for entry of temporary restraining order ("TRO") implementing the injunction recommended by Magistrate Hopkins in his June 3, 2005 Report and Recommendation (DE24):

**INTRODUCTION**

Plaintiff seeks a TRO implementing the injunction recommended by Magistrate Hopkins in his June 3, 2005 Report and Recommendation. The TRO is essential to enable Stelor to proceed with a major launch of its product scheduled in just two weeks, on June 21, 2005, in connection with a trade show in New York. Unless the launch proceeds, Stelor will suffer irreparable harm to the business in which it has invested more than four years and $4 million. Until this Court enters an order, however, defendant Silvers refuses to restore Stelor's access to the website needed for the launch and the related intellectual property – the children's characters

called the "Googles from Goo" – on which the entire launch is based. Defendant seeks a further delay, while he objects to the Report. Given the Magistrate's well-reasoned and comprehensive Report and the harm to Stelor in the interim, that should not be permitted. A TRO should be issued immediately.

## THE MAGISTRATE'S REPORT

By order dated May 10, 2005 (DE7), this Court referred Plaintiff's motion for preliminary injunction and other relief (DE2) to Magistrate Hopkins for a hearing as soon as practicable. Magistrate Hopkins promptly held a hearing, and on June 3, 2005 issued a Report and Recommendation ("Report"), recommending that the Motion be granted and the injunction issued. As the Report details, a key reason for the injunction is to avoid the irreparable harm that Stelor would suffer unless it could proceed with a major launch of its products scheduled during a trade show in New York City on June 21, 2005. Report p. 6, ¶ 14; p. 26. Unless that launch proceeds, Stelor will suffer irreparable harm to the business it has spent more than four years and $4 million developing.

The Magistrate correctly noted that the launch's success requires that Stelor have access to the website "Googles.com", as well as to the other Googles IP covered by the Agreements between the parties. *Id.* at 26. Thus, the Report specifically recommends that the preliminary injunction include language requiring Defendant within five days to "return[] control and use of the Googles.com website and its contents to Plaintiff", as well as "refrain[ing] from breaching those agreements." Report at 34.

Plaintiff has contacted counsel for Defendant to request that Defendant immediately restore access to the website in light of the Report. Defendant's counsel, however, has

2

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

responded that they intend to object to the Report and will not comply unless and until an order is entered by this Court. Defendant has ten days to serve objections, and even assuming Plaintiff promptly responds – as it will – little time would remain for resolution of the objections by this Court prior to the June 21st trade show and launch.

Accordingly, based on the Magistrate's well-reasoned and comprehensive Report, and to prevent the irreparable harm that would occur without immediate implementation of the injunction, Stelor respectfully requests that a TRO be entered implementing the relief recommended by the Magistrate pending the Court's ruling on Defendant's anticipated objections.

## MEMORANDUM OF LAW

Under the circumstances here, a compelling need exists to enter a TRO implementing the recommended injunction, until the parties have a chance to respond to the Magistrate's Report and this Court can rule on the Report. Indeed, the Court in *Libby v. Illinois High School Ass'n*, 921 F.2d 96, 98, 99 (7th Cir. 1990), approved the trial court's entry of a TRO under very similar circumstances. There, a district court judge referred a motion for preliminary injunction to a magistrate, who conducted a four-day evidentiary hearing on the motion, and issued a report and recommendation that the motion be granted. *Id.* at 98. The injunction required a high school athletic association to allow a girl to play in a boys' soccer competition. As the Court noted, since the competition was scheduled to begin the day after the Magistrate's report issued, "the allowance of the ten-day periods for objections and responses to the injunction would have precluded effective relief." *Id.* The plaintiff moved for a TRO, which was entered immediately to "preserv[e] the status quo . . . until the parties had a chance to respond to the magistrate's

3

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

report and recommendation . . . and [the Court] could rule on that report." *Id.* at 99. The plaintiff then played in the tournament (although the team lost in the opening round). *Id.* at 98.

The rationale in *Libby* squarely applies here. Absent immediate injunctive relief, Stelor will be unable successfully to proceed with its launch at the June 21st trade show. As the Magistrate found, "Plaintiff has invested time and money preparing for the impending trade show and launch, which will likely be unsuccessful without the Googles.com website and availability of other Googles IP." Report at 26. Entry of a TRO implementing the recommended injunction is essential under these circumstances, to avoid irreparable harm to Stelor.[1]

The Magistrate's Report emphasized that the very "goal of a preliminary injunction is to prevent irreparable harm in order to 'preserve the district court's power to render a meaningful decision after a trial on the merits.'" Report at 11. Any further delay in entry of the injunction will impair this goal, and jeopardize the "most compelling reason in favor of (granting a preliminary injunction)[,] the need to prevent the judicial process from being rendered futile by defendant's action or refusal to act." *Id.*

The entry of a TRO is especially appropriate here, where Stelor has so clearly satisfied the requirements for entry of a TRO, as set forth in the Magistrate's Report. *See Snowden v. Town of Bay Harbor Islands,* 358 F. Supp. 2d 1178, 1188 (S.D. Fla. 2004) (TRO requirements parallel those for preliminary injunction); *United States v. Metropolitan Dade County,* 815 F. Supp. 1475, 1477 (S.D. Fla. 1993) (same).

Stelor has a substantial likelihood of success on the merits of its claim that Defendant wrongly terminated the applicable agreements. As the Report explicitly concludes, "the contract

---

[1] As the Report notes, "Defendant does not refute Plaintiff's assertions of irreparable harm." Report at 25.

4

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

was not properly terminated, and is, in fact, still in effect . . . ." Report at 28. In addition, the Magistrate clearly held that "Plaintiff has established irreparable harm," *id.* at 29, in fact noting that "Defendant does not refute Plaintiff's assertions of irreparable harm", *id.* at 25.

The "balance of hardships in this case weighs heavily in favor of the Plaintiff." *Id.* at 12. The Defendant has "failed to assert any harm that would be caused to him if a preliminary injunction were granted." In fact, the Defendant himself "stands to profit from Plaintiff's [launch] if Plaintiff is permitted to continue its business." *Id.* at 29.

Defendant, however, seeks yet a further delay in implementation of this injunction, by insisting that no action is required until this Court enters an order. No such delay should be permitted. Especially here, where no harm whatsoever would occur to Defendant and compelling reasons favor implementing the injunction immediately, Stelor respectfully requests that this Court enter a TRO, pending review of Defendant's anticipated objections to the Report.

## CONCLUSION

For the foregoing reasons, Stelor respectfully requests that this Court immediately enter a TRO implementing the injunction recommended by the Magistrate's Report, pending the parties' response to the Report and the Court's subsequent ruling.

Respectfully submitted,

BURLINGTON, WEIL, SCHWIEP,
 KAPLAN & BLONSKY, P.A.
Attorneys for Plaintiff
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Email address: kkaplan@bwskb.com

5

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

By: _____/s/ K. Kaplan_____
Kevin C. Kaplan
Florida Bar No. 933848
David J. Zack
Florida Bar No. 641685

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via Telefax, electronic mail, and U.S. mail on this 8th day of June, 2005 upon the following:

Adam T. Rabin, Esq.
DIMOND, KAPLAN &
  ROTHSTEIN, P.A.
Suite 708
200 S.E. First Street
Miami, Florida 33131

Kenneth R. Hartmann, Esq.
Gail M. McQuilkin, Esq.
KOZYAK TROPIN &
  THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134

_____/s/ K. Kaplan_____
Kevin C. Kaplan

6