FILED by _____ D.C.
ELECTRONIC

**Jun 9 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C., a
Delaware corporation, f/k/a STELOR
PRODUCTIONS, INC.,

                                       CASE NO. 05-80393-CIV-HURLEY
                                       Magistrate Hopkins

         Plaintiff,

v.

STEVEN A. SILVERS, a Florida resident,

         Defendant.

---

## URGENT REQUEST FOR CLARIFICATION OF ORDER
## GRANTING TEMPORARY RETRAINING ORDER

Defendant, Steven A. Silvers ("Silvers") respectfully files this request for urgent clarification of the Order Granting Temporary Restraining Order.

Silvers cannot comply with the relief ordered. The Court needs to understand that <u>Stelor</u>, not Silvers, has control over the googles.com "web site," and <u>Verio</u>, not Silvers, owns the server which hosts the "Googles" web site. A server is a large piece of equipment that Verio uses to host hundreds of web sites, not just Stelor's. All that Silvers has is a domain name that he registered through GoDaddy.com, a domain name registrar. Silvers has only the ability to *point* that domain name to a numeric address of a server, in this case the server Verio has given Stelor for the "Googles" web site. Silvers has <u>no</u> ability to direct Verio, Inc. to do anything regarding Stelor's "access to a server" (Stelor is Verio's customer, not Silvers) nor does Silvers comprehend what is meant by directing Verio to "return the dedicated server to its condition prior the changes made." Silvers has nothing to do with the server which is owned and controlled by Verio, and he didn't, and could not possibly, make changes to a server owned by Verio.

1

2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

29/WC

Dockets.Justia.com

Moreover, Silvers has no control over the content of the "Googles" web site and hence cannot return such control. Stelor has - and still has - control over the content. In fact, Stelor has a password that is known only to Stelor. To the extent that the Court is ordering Silvers to *point* the googles.com domain name to the numeric address Verio has for Stelor's dedicated server (also known as a DNS record), Silvers will take steps to do that immediately. But that is the extent of what Silvers is capable of doing.

We respectfully ask that the Court issue a clarification of its Order, or schedule a short conference call with both parties counsel to help the Court understand what Silvers has the ability to do.

Respectfully submitted,

Adam T. Rabin
DIMOND, KAPLAN & ROTHSTEIN, P.A.
Co-Counsel for Defendant
200 SE First Street, Suite 708
Miami, Florida 33131
(305) 374-1920

s/ Gail A. McQuilkin
Kenneth R. Hartmann, Fla. Bar No: 664286
Gail M. McQuilkin, Fla. Bar No. 969338
KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Defendant
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this 9th day of June, 2005, to: Kevin C. Kaplan, Daniel F. Blonsky and David Zack of Burlington Weil Schwiep Kaplan & Blonsky, P.A., 2699 S. Bayshore Drive, Penthouse A, Miami, FL 33133.

s/ Gail A. McQuilkin

3339/101/254221.1

2