UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

          Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

          Defendant.
_____/

### PLAINTIFF'S VERIFIED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Stelor Productions, LLC hereby opposes on the following grounds Defendant Steven A. Silvers' ("Silvers") motion to dismiss ("Motion") (DE19):

### INTRODUCTION

Silvers moves to dismiss, arguing (1) that Stelor cannot satisfy the $75,000 amount in controversy requirement, (2) that diversity of citizenship has not properly been alleged, and (3) that Stelor lacks standing because it assigned its rights under the applicable License Agreement by changing from a corporation to a limited liability company. These arguments are entirely without merit. First, Silvers ignores the standard for determining the amount in controversy in an action seeking injunctive relief. Under that standard, based on the value to the plaintiff of the requested injunction, the amount in controversy requirement is clearly satisfied. Second, diversity of citizenship properly exists. As set forth in the declaration of Steven Esrig (DE16), filed in connection with Stelor's motion for preliminary injunction, and the supplemental listing attached as Exhibit "A" hereto, none of the limited partners of Stelor resides in Florida. Third,

Silvers himself expressly consented in a written agreement to Stelor's change to a limited liability company. Accordingly, Silvers' Motion should be denied.

## ARGUMENT

A.  **Stelor Satisfies The Amount In Controversy Requirement.**

Without citing a single case, Silvers argues that Stelor cannot satisfy the amount in controversy requirement as a matter of law, based on a limitation of liability provision in the License Agreement. The amount in controversy requirement in actions for injunctive relief, however, is evaluated based on the value of the benefit flowing to the plaintiff from the requested injunction. *See Morrison v. Allstate Indemnity Co.,* 228 F.3d 1255, 1268 (11th Cir. 2000); *Occidental Chem. Corp. v. Bullard,* 995 F.2d 1046, 1047-48 (11th Cir. 1993). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Morrison,* 228 F.3d at 1268. That is a liberal standard, moreover, to be measured from the Plaintiff's perspective. *Id.*

Based on the allegations in the Complaint (DE1), that standard is clearly satisfied here. The benefits flowing to Stelor from the injunction – the termination of Silvers' interference, the continuation of the License Agreement, and the development of Stelor's business – will substantially exceed $75,000. Cmpl. ¶¶ 4, 23-24, 32. Indeed, as the Magistrate clearly recognized in his June 3, 2005 Report and Recommendation (DE25) at 32, the injunction is required to prevent the immeasurable damage that would otherwise occur to Stelor, as alleged, Cmpl. ¶¶ 4, 23-24, 32. Silvers entirely ignores that standard, however, instead analyzing the case as if it were exclusively an action for damages. For this reason, Silvers' Motion is simply unfounded – if not disingenuous – and should be denied.

In addition, the amount-in-controversy requirement would still be satisfied even if this were solely an action for damages. Assuming *arguendo* that the limitation of liability provision

2

cited by Silvers is enforceable – which, as set forth below, it is not – Stelor may still recover damages equal to the amounts paid to Silvers for the prior year. And, what amounts were paid is a factual issue not appropriate for resolution on a motion to dismiss. *See D.L. Day v. Taylor,* 400 F.3d 1272, 1275-76 (11th Cir. 2005) (affidavits cannot properly be considered on motion to dismiss, unless the motion is converted into a motion for summary judgment with notice to plaintiff and an opportunity for plaintiff to submit affidavits and engage in discovery). To the extent Silvers improperly relies on a previously-filed declaration (DE11) to try and resolve this factual issue, Stelor disputes his position. The payments to Silvers over the past year actually exceed $75,000.00.[1]  Also, since the Settlement Agreement (previously entered into by the parties and filed under seal along with the Complaint (DE4)) provides for prevailing party attorneys' fees and costs, *see* ¶ 17, those amounts should be considered for purposes of the amount in controversy requirement. *See Federated Mutual Ins. Co. v. McKinnon Motors, LLC,* 329 F. 3d 805, 808 n.4 (11th Cir 2003). At the present rate, the recoverable fees and costs themselves are likely to exceed the jurisdictional threshold.

Finally, Silvers is barred from enforcing the limitation of liability provision anyway: his misconduct entirely frustrated the provision's purpose. *See* Fla. Stat. 672.719 (provision unenforceable "where circumstances cause an exclusive or limited remedy to fail of its essential purpose"); *Typographical Serv., Inc. v. Itek Corp.,* 721 F.2d 1317, 1320 (11th Cir. 1983).

**B.    Diversity Of Citizenship Also Exists.**

Silvers' suggestion that jurisdiction over this matter may be improper is also without merit. Diversity exists, as no owner of any membership interest in Stelor resides in Florida. Stelor has already confirmed that as a matter of record in the previously filed Declaration of

---

[1] Mr. Esrig, Stelor's CEO, has verified the accuracy of this statement and of Stelor's other factual contentions in this Memorandum.

3

Steven Esrig (DE16), ¶ 28(a). In addition, Stelor attaches as Exhibit "A" hereto a listing (verified by Steven Esrig) of the citizenship of each of its members, which satisfies the requirement of *Rolling Greens MHP, LP. V. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004), that "a party must list the citizenship of all the members of the limited liability company." *Id.*[2] To the extent Silvers contends that Stelor must also specifically allege "the identity of each member", the *Rolling Greens* decision does not require that, and Silvers has no right to know the identity of the members of this private company.

C.   **Silvers Expressly Consented To Stelor's Change To An LLC.**

Silvers' argument that Stelor – having changed to a limited liability company – lacks standing to pursue this action is preposterous. Silvers himself acknowledged and consented to that change in the Settlement Agreement. *See* ¶ 9. Silvers simply ignores the Settlement Agreement's express provision, titled "LLC Acknowledgement", which provides as follows: "[t]he Parties acknowledge that Stelor Inc., a Delaware "C" Corporation, is in the process of converting to a Delaware LLC. Any options granted to Silvers from the Stelor, Inc. "C" Corporation will be converted to a like amount of unit interests under the LLC." In fact, one of the defaults alleged by Silvers in his April 27, 2005 letter purporting to terminate the License Agreement was that Stelor failed to provide him the LLC interests. Cmpl. Ex. C. Silvers thereby assumed and admitted that the conversion was valid, and is thus precluded from contending otherwise now.

In addition, the License Agreement specifically contemplates such assignments, providing that the Agreement "shall be binding upon, and shall inure to the benefit of the parties

---

[2] In analyzing a jurisdictional challenge, the district court may consider extrinsic evidence such as Mr. Esrig's declaration and his verifications of the Complaint and of the facts in this memorandum. *See Morrison v. Amway Corp.,* 323 F.3d 920, 925 & n. 5 (11th Cir. 2003).

4

hereto, their heirs, administrators, successors and assigns." Cmpl. Ex. A, ¶ XVII. The Agreement further provides that Stelor has the express right to make such an assignment, "in connection with a transfer of substantially all of [its] assets." *Id.* ¶ XXI.

Analyzing this provision, the Magistrate held in his June 3, 2005 Report and Recommendation (DE25) as follows: "It is clear this provision contemplates a change in corporate structure such as occurred in the transition from Stelor Productions, Inc. to Stelor Production, LLC, and requires no consent on the part of the Defendant to assign the License Agreement." Report at 9.

Under these circumstances, as the Magistrate properly held, Silvers' attempt to claim that Stelor has somehow improperly assigned its rights to another entity is entirely unfounded. That Silvers would continue to make this argument, moreover, highlights his utter disregard or misapprehension of the explicit terms of the Agreements.

## CONCLUSION

For the foregoing reasons, Silvers' Motion is entirely without merit and should be denied.

> BURLINGTON, WEIL, SCHWIEP,
>   KAPLAN & BLONSKY, P.A.
> Attorneys for Plaintiff
> Office in the Grove, Penthouse A
> 2699 South Bayshore Drive
> Miami, Florida 33133
> Tel: 305-858-2900
> Fax: 305-858-5261
>
>
> By: /s/ Kevin C. Kaplan
>     Kevin C. Kaplan, Esq.
>     Florida Bar No. 933848
>     David J. Zack, Esq.
>     Florida Bar No. 641685

5

## VERIFICATION

This sworn verification is made pursuant to 28 U.S.C. § 1746. I, STEVEN A. ESRIG, Chief Executive Officer and President of STELOR PRODUCTIONS, L.L.C., declare under penalties of perjury that the facts stated in the foregoing Memorandum of Law in Opposition to Defendant's Motion to Dismiss are true and correct, including the information regarding the citizenship of Stelor's members as listed in Exhibit "A" hereto.

Dated this 13th day of June, 2005.

By: _____
Steven A. Esrig
Chief Executive Officer/President
Stelor Productions, L.L.C.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true copy of the foregoing is being served by Telefax and United States mail this 13th day of June 2005, upon Gail A. McQuilkin, Esq. and Kenneth Hartmann, Esq., Kozyak Tropin & Throckmorton, P.A., counsel for Defendant, 2525 Ponce de Leon, 9th Floor, Miami, Florida 33134; and Adam T. Rabin, Esq., Dimond Kaplan & Rothstein, P.A., Trump Plaza, 525 S. Flagler Drive, Suite 200, West Palm Beach, Florida 33401.

/s/ Kevin C. Kaplan
Kevin C. Kaplan
David J. Zack

# STELOR PRODUCTIONS, LLC
## MEMBERS' CITIZENSHIPS

**City, State/Country**

Baden-Baden, Germany
Bottminger, Switzerland
Warren, PA
Montville, NJ
Christ Church, Barbados
Bridgetown, Barbados
Chevy Chase, MD
Darnestown, MD
Rockville, MD
Gaithersburg, MD
Burke, VA
Chicago, IL
Gaithersburg, MD
Toronto, Ontario, Canada
Toronto, Ontario, Canada
Gig Harbor, WA
Los Angeles, CA
Laytonsville, MD
Red Deer, Alberta, Canada
Montville, NJ
Rockville, MD
Toronto, Ontario, Canada
Solana Beach, CA
Brookeville, MD
Potomac, MD
San Francisco, CA
Highland Park, IL
Queensway, Gibraltar
Houston, TX
Lake Forest, IL
Owings Mills, MD
Gaithersburg, MD
Richmond, VA

Exhibit "A"