UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.

_____/

**NIGHT BOX FILED**

JUL 01 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### PLAINTIFF'S RESPONSE TO SILVERS' REQUEST FOR ORAL ARGUMENT OR HEARING ON SILVERS' OBJECTION TO REPORT AND RECOMMENDATION

Plaintiff STELOR PRODUCTIONS, L.L.C. ("Stelor"), by and through undersigned counsel, hereby responds as follows to Defendant's Request for Oral Argument or Hearing on Silvers' Objection to Report and Recommendation:

Plaintiff respectfully opposes Defendant's request for oral argument or hearing.

As set forth in Plaintiff's Opposition to the Objections, although a district court judge must make a de novo determination of the objected-to portions of a Magistrate's Report, "the statute calls for a *de novo* determination, not a *de novo* hearing." *U.S. v. Raddatz*, 447 U.S. 667, 100 S. Ct. 2406, 2411 (1980). "Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." *Id.* at

CASE NO. 05-80393 CIV HURLEY/HOPKINS

675, 100 S. Ct. at 2412. The district court is in no way required "to conduct a second hearing." *Id.* at 676; 100 S. Ct. at 2412.[1]

The Eleventh Circuit has consistently followed this directive. *See, e.g., Drew v. Dept. of Corr.*, 297 F.3d 1278, 1290 n.4 (11th Cir. 2002) ("In light of [party's] failure to present the evidence to the magistrate judge, it would not have been abuse of discretion for the district court to decline to consider the evidence at all."); *Wofford v. Wainwright*, 748 F.2d 1505 (11th Cir. 1984) (upholding district court's adopting of Magistrate's findings without new hearing).

In fact, the Court has confirmed that a new hearing is required only before the district court rejects a magistrate judge's credibility determinations. *U.S. v. Cofield*, 272 F. 3d 1303, 1306 (11th Cir. 2001). Accordingly, unless the Magistrate's Judge's credibility determinations are to be rejected, and Stelor respectfully asserts there is no basis whatsoever for such a rejection, no hearing is necessary.

            Respectfully submitted,

            BURLINGTON, WEIL, SCHWIEP,
             KAPLAN & BLONSKY, P.A.
            Attorneys for Plaintiff
            Office in the Grove, Penthouse A
            2699 South Bayshore Drive

---

[1] As the *Raddatz* Court emphasized, imposing such a requirement "would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts. We cannot 'impute to Congress a purpose to paralyze with one hand what it sought to promote with the other.'" *Id.*

2

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM    WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: _____
Kevin C. Kaplan, Esq.
Florida Bar No. 933848
David J. Zack, Esq.
Florida Bar No. 641685

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true copy of the foregoing is being served by United States mail this 1st day of July, 2005, upon Gail A. McQuilkin, Esq. and Kenneth Hartmann, Esq., Kozyak Tropin & Throckmorton, P.A., counsel for Defendant, 2525 Ponce de Leon, 9th Floor, Miami, Florida 33134; and Adam T. Rabin, Esq., Dimond Kaplan & Rothstein, P.A., Trump Plaza, 525 S. Flagler Drive, Suite 200, West Palm Beach, Florida 33401.

_____
Kevin C. Kaplan
David J. Zack