UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.
_____/

**NIGHT BOX FILED**
JUL 0 1 2005
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### PLAINTIFF'S OPPOSITION TO SILVERS' MOTION TO STRIKE DECLARATION OF STEVEN A. ESRIG, AND SET ASIDE MAGISTRATE'S FINDINGS AND REPORT AND RECOMMENDATION, AND TO VACATE TRO

Plaintiff STELOR PRODUCTIONS, L.L.C. ("Stelor"), by and through undersigned counsel, hereby opposes Defendant's Motion to Strike Declaration of Steven A. Esrig, and Set Aside Magistrate's Findings and Report and Recommendation, and to Vacate TRO ("Motion to Strike"):

**I.**

**INTRODUCTION**

Defendant's Motion to Strike is procedurally improper. Not only are motions to strike limited to pleadings, but the procedure for addressing any perceived issues with respect to a Magistrate's report and recommendation is to file an Objection pursuant to Rule 72(b), Fed. R. Civ. P., and Local Magistrate Judge Rule 4(b). Defendant has done that. (DE 46). The Motion to Strike, however, apparently seeks to expand on or supplement arguments that should have been made in his Objection, and to try to re-fashion a record by introducing new information that should have been presented to the Magistrate already. Finally, the Motion to Strike is an

CASE NO. 05-80393 CIV HURLEY/HOPKINS

improper attempt by the Defendant to have the last word. The rules provide no opportunity for a reply by the Defendant, after Plaintiff responds to his Objection. By filing a Motion to Strike raising the same issues, Defendant hopes to have an opportunity to file yet another memorandum. Accordingly, the Motion is improper and should be denied.

II.

**THE MOTION TO STRIKE IS PROCEDURALLY IMPROPER**

Motions to strike cannot properly be directed to declarations. *See Newsome v. Webster,* 843 F. Supp. 1460, 1464 (S.D. Ga. 1994). Motions to strike are governed by Rule 12(f), Fed. R. Civ. P., which specifically limits such motions to "pleadings". *See id.; Morroni v. Gunderson,* 169 F.R.D. 168, 170 (M.D. Fla. 1996); *Weiss v. PPG Indus., Inc.,* 148 F.R.D. 289, 291 (M.D. Fla. 1993). Since declarations are not pleadings, a motion to strike is not the proper procedural mechanism for objecting, or attempting to present counter-evidence, to a declaration. As the Court explained in *Newsome,* the proper procedure is for the party "to register its objections to the movant's [materials] by way of the material submitted in opposition to the motion. The court will then implicitly, if not explicitly, rule upon these objections in consideration of the motion." 843 F. Supp. at 1464.

Similarly, the rules do not permit motions to set aside a Magistrate's Report and Recommendation. The only permitted procedure for contesting a Magistrate's Report is to file written objections pursuant to Rule 72(b), Fed. R. Civ. P., and Local Magistrate Judge Rule 4(b).

Accordingly, the only procedure Silvers should properly have followed here is to raise in his Objection any issues with respect to Mr. Esrig's Declaration and the Magistrate's Report. In

2

BURLINGTON · WEIL · SCHWIEP · KAPLAN (&) BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

fact, Silvers has done that. Accordingly, the Motion to Strike is not only procedurally improper, it is also entirely duplicative of issues also raised in Silvers' Objection.

### III.

### THE MOTION TO STRIKE IS BASED ON LATE-FILED INFORMATION THAT SHOULD ITSELF NOT BE CONSIDERED

In addition, the Motion to Strike is merely an attempt to highlight information that Silvers improperly seeks to submit through late-filed declarations. The declarations include a 58 paragraph declaration with 63 exhibits from another of his lawyers (who chose not to attend the hearing before the Magistrate), and one from a purported internet expert. Silvers had a full opportunity to present his evidence and arguments to the Magistrate. He chose not to include this information, and he should not be permitted to do so now. The late-filed declarations should not be considered and the Motion to strike should be denied.

As the Eleventh Circuit made clear in *Drew v. Dept. of Corr.*, 297 F.3d 1278, 1290 n.4 (11th Cir. 2002), a party's "failure to present the evidence to the magistrate judge" in the first instance would justify the district court's exercise of its discretion "to decline to consider the evidence at all." *See also Wofford v. Wainwright*, 748 F.2d 1505 (11th Cir. 1984) (upholding district court's adopting of Magistrate's findings without new hearing). As discussed in detail in Stelor's Opposition to Silvers' Objection, the courts have sharply delineated the situations in which a district court reviewing a magistrate judge's report and recommendation should accept any additional evidence. The cases uniformly hold that allowing the seriatim presentation of evidence is wasteful of Court resources and defeats the purpose of referring matters to a magistrate judge in the first place. *See Borden v. Secretary of Health and Human Services*, 836 F. 2d 4, 6 (1st Cir. 1987):

3

CASE NO. 05-80393 CIV HURLEY/HOPKINS

> The purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work. It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate. ***Parties must take before the magistrate, not only their "best shot but all of their shots."***

A party simply may not "'hold back' in the proceeding before the magistrate, hoping to submit additional affidavits or exhibits to the district judge in objection to the magistrate's determination." *Callas v. Trane CAC, Inc.*, 776 F. Supp. 1117, 1119 (W.D. VA. 1990), *aff'd.* 940 F.2d 651 (4th Cir. 1991); *Morris v. Amalgamated Lithographers of America*, Local 1, 994 F. Supp. 161, 163 (S.D.N.Y. 1998); *see also Virgin Ent. Ltd. v. Virgin Cuts, Inc.*, 149 F. Supp. 2d 220 (E.D. Va. 2000) (citing Morris).

As detailed in Stelor's Opposition to the Objection, Silvers has engaged in a deliberate strategy with respect to the presentation of his case in opposition to the injunction. The simple facts are as follows:

- Silvers chose not to attend the hearing himself. (DE 26 at 2).

- He and his counsel chose not to seek a continuance but to proceed with the hearing. (DE 26 at 2).

- Silvers attempted to prejudice Stelor by submitting eleventh hour declarations one-business day before the hearing.

- Silvers made no objection to the Declarations Stelor as promptly as possible filed in response, and requested no additional time or supplemental opportunity to respond. (DE 26 at 3:17-18; :23-25)

- Counsel for Silvers declined to cross-examine Mr. Esrig, and expressly confirmed in open court that counsel was "content" to proceed on the record established by the declarations. (DE 26 at 28:8-13).

4

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

- Finally, Silvers saw fit to submit one supplemental declaration two days after the hearing to address a point it believed needed to be clarified based on what occurred at the hearing. (DE 21).

- Silvers – like Stelor – then waited for the Magistrate to issue his Report, which was done on June 3, 2005.

Having made these deliberate choices, Silvers cannot now be permitted to supplement the record, by filing three additional declarations, including one from another of his lawyers (not in attendance at the hearing) and a purported internet expert. Nor should Silvers be permitted to attempt further to highlight this late-filed information through a procedurally improper Motion to Strike. This evidence should not be considered, and the Motion to Strike should be denied.

## IV.

## THE MOTION IS AN IMPERMISSIBLE ATTEMPT TO HAVE THE LAST WORD

The procedure for objecting to a Magistrate's report and recommendation is clear. Rule 72(b), Fed. R. Civ. P., requires a party objecting to a report to file objections within ten days after service of the report. The Rule permits the non-objecting party to respond within ten days. There is no provision for the objecting party to file a reply. Local Magistrate Judge Rule 4(b) reiterates these procedures.

Silvers is obviously trying to circumvent these limitations, by manufacturing an opportunity to file a reply in connection with this Motion to Strike. He should not be permitted to do so. Stelor has properly addressed in its opposition to Silvers' Objection the substance, or lack thereof, of Silvers entirely unfounded claims regarding Mr. Esrig's Declaration. Those issues are now fully briefed and appropriate for decision. Any reply Silvers may seek to file in

5

BURLINGTON · WEIL · SCHWIEP · KAPLAN (&) BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

connection with this response to the Motion to Strike may not properly address those issues, but "shall be strictly limited to rebuttal of matters raised in [this] memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." Local Rule 7.1(C).

V.

## CONCLUSION

For these reasons, the Motion to Strike should be denied, and the Report and Recommendation adopted by this Court.

Respectfully submitted,

BURLINGTON, WEIL, SCHWIEP,
  KAPLAN & BLONSKY, P.A.
Attorneys for Plaintiff
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: _____
Kevin C. Kaplan, Esq.
Florida Bar No. 933848
David J. Zack, Esq.
Florida Bar No. 641685

CASE NO. 05-80393 CIV HURLEY/HOPKINS

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true copy of the foregoing is being served by United States Mail this 1st day of July, 2005, upon Gail A. McQuilkin, Esq. and Kenneth Hartmann, Esq., Kozyak Tropin & Throckmorton, P.A., counsel for Defendant, 2525 Ponce de Leon, 9th Floor, Miami, Florida 33134; and Adam T. Rabin, Esq., Dimond Kaplan & Rothstein, P.A., Trump Plaza, 525 S. Flagler Drive, Suite 200, West Palm Beach, Florida 33401.

_____
Kevin C. Kaplan
David J. Zack

7
BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM