UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C. a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.
_____/

**PLAINTIFF'S URGENT MOTION FOR RECONSIDERATION
REGARDING ORDER REJECTING IN PART AND APPROVING IN PART
MAGISTRATE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Stelor Productions, LLC ("Stelor"), by and through undersigned counsel, hereby moves on the following grounds for reconsideration regarding the Court's July 5, 2005 Order Rejecting in Part and Approving in Part Magistrate's Report and Recommendation on Plaintiff's Motion for Preliminary Injunction:

1. The Order recites that defendant filed his written objections to the Report & Recommendation on June 16, 2005[1], and indicates that the Court has "reviewed those objections, and made a *de novo* determination" with respect to the objected-to portions of the Report. Order at 1.

2. The Order, however, makes no reference to the extensive papers filed by Plaintiff on Friday, July 1, 2005 [DE## 53-59] in opposition to Defendant's objections. Those papers were timely filed, within 10 days of service of Defendant's objections. *See* Rule 72(b), Fed. R.

---

[1] The objections actually were served and filed on June 17, 2005 [DE# 46].

CASE NO. 05-80393 CIV HURLEY/HOPKINS

Civ. P., and Local Magistrate Judge Rule 4(b). Since the papers were "night-box" filed, however, they were not actually received by the Clerk until the morning of Tuesday, July 5, 2005 (the court, of course, was closed on Monday, July 4, 2005 for the holiday). Accordingly, the papers may not have been available to the Court prior to the issuance of the Order on that same Tuesday, July 5, 2005.

3. Accordingly, Plaintiff respectfully requests that the issues be reconsidered, in the event that Plaintiff's opposition papers were not yet available to the Court.

4. Plaintiff suggests that, as demonstrated by Plaintiff's Opposition, a showing of irreparable harm justifying preliminary injunction has been made. Plaintiff has "clearly shown a loss of prospective goodwill and customers," *Freeplay Music Inc. v. Verance Corp.*, 80 Fed. Appx. 137, 138 (2d Cir 2003) (unpub) (citing *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27 (2d Cir. 1995)), and the potential destruction of its business. In fact, *Saban* is one of the key cases on which Plaintiff relies, and was cited with approval in the Magistrate's Report, at 26-27. In addition, Stelor has shown exactly what the *Freeplay* Court recognized would constitute irreparable harm: "that, because its licensing agreement with [Silvers] was its business, it would have no business to conduct" absent an injunction. *Id.* at 138-39.

5. As set forth in the Opposition, moreover, the unique business opportunity that will be lost to Plaintiff absent a preliminary injunction *began,* but did not end, with the product launch at the trade show in New York. The show generated substantial interest in Stelor from *potential* licensees and investors. Now, Stelor's business depends on its ability to finalize contracts with those licensees – who are Stelor's customers – and attract the required investment capital. As the Opposition clearly demonstrates, continued access to the www.googles.com

2

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

internet address is the single essential factor for these licensees and investors. The www.googles.com site is an existing and known site with an established user base, including 600,000 registered users, and continued traffic (**hundreds** of thousands of hits a day). Without this user base and traffic, which an unknown and previously unused site such as "gootopia.com" cannot provide, the business is simply not commercially viable. Stelor's Opposition fully documents this, including the loss of investment capital during the period the site was shut down.

6. Absent entry of an injunction, Stelor's business will likely fail. This is not a situation where a business' profits may be diminished pending conclusion of a lawsuit. Rather, this is exactly the situation where, "the subject matter of the contract – specifically, the www.googles.com internet address – is of such a special nature, [and] of such a peculiar value, that the damages, when ascertained according to legal rules, would not be a just and reasonable substitute for or representative of that subject matter in the hands of the party who is entitled to its benefit." *A.L.K. Corp. v. Columbia Pictures Industries, Inc.*, 440 F.2d 761 (3d Cir 1971). In addition, Silvers has no financial ability whatsoever to compensate for losses, even if damages could be calculated, which they cannot.

7. Indeed, as a long line of cases in addition to *Saban* directly holds, injunctive relief is required here, where a business' destruction is threatened. *E.g., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998) (threat of lost profits and damage to reputation, where no realistic way to determine damages, constitutes irreparable harm); *U.S. v. Bowman*, 341 F.3d 1228, 1237 (11th Cir. 2003) (potential harm to business from loss of goodwill and inability to sell its products constitutes irreparable harm); *Florida Businessmen for Free Enterprise v. City of Hollywood*, 648 F.2d 956, 958 & n.2 (11th Cir. 1981) ("A substantial loss of business may

3

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

amount to irreparable injury if the amount of lost profits is difficult or impossible to calculate"); *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991) (damage to a business resulting from "the loss of customers and goodwill is an 'irreparable' injury"); *see also Reuters v. United Press Int'l, Inc.*, 903 F.2d 904 (2d Cir. 1990) (reversing lower court order and mandating entry of preliminary injunction requiring wire service to provide news picture service under the terms of its contract based on irreparable harm caused by loss of service to plaintiff); *Ferry-Morse Seed Co., v. Food Corn*, 729 F.2d 589, 592 (8th Cir. 1984) (affirming preliminary injunction requiring delivery of seed corn, as the competitive disadvantage suffered by plaintiff from the loss of the unique seed demonstrated "a classic situation for preliminary injunctive relief.") *Green Stripe, Inc. v. Berny's Internacionale, S.A. de C.V.*, 159 F. Supp. 2d 51 (E.D. Pa. 2001) (granting preliminary injunction requiring delivery of grapes to avoid irreparable harm of being forced out of Mexican grape market and loss of contracts with customers).

WHEREFORE, for these reasons, based on the Opposition submitted by Stelor, Plaintiff respectfully requests that this Court reconsider the Defendant's objections and the Magistrate's Report.

                BURLINGTON, WEIL, SCHWIEP,
                  KAPLAN & BLONSKY, P.A.
                Attorneys for Plaintiff
                Office in the Grove, Penthouse A
                2699 South Bayshore Drive

4

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
Email: kkaplan@bwskb.com

By: _____
Kevin C. Kaplan
Florida Bar No. 933848
David J. Zack
Florida Bar No. 641685

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via electronic mail and U.S. mail on this 7ʰ day of July, 2005 upon the following:

Adam T. Rabin, Esq.
DIMOND, KAPLAN &
    ROTHSTEIN, P.A.
Suite 708
200 S.E. First Street
Miami, Florida 33131

Kenneth R. Hartmann, Esq.
Gail M. McQuilkin, Esq.
KOZYAK TROPIN &
    THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9ᵗʰ Floor
Coral Gables, Florida 33134

_____
Kevin C. Kaplan

5

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM