UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393-CIV-HURLEY

STELOR PRODUCTIONS LLC f/k/a
STELOR PRODUCTIONS, INC.
    plaintiff

vs

STEVEN A SILVERS,
    defendant.
_____/

FILED by ___ D.C.
AUG - 8 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction [DE# 19] which questions whether the plaintiff, Stelor Productions LLC, a limited liability company, has adequately established a citizenship diverse from that of the individual defendant, Steven Silvers, a Florida resident.

A limited liability company is a citizen of each state of which a member is a citizen. *Rollings Greens MHP, L.P. v Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). If any of its members it itself a partnership or LLC, the citizenship of the LLC must be traced through however many layers of partners or members there may be. *Mutual Assignment and Indemn. Co. v Lind -Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

In this case, plaintiff claims that all of its members are citizens of states other than Florida. In support of this proposition, it relies on the affidavit of Steven Esrig, which contains the conclusory allegation that none of the LLC's members are citizens of the State of Florida. In responding to the current motion to dismiss, plaintiff submits an unsworn exhibit which lists the 33 foreign jurisdictions in which its members purportedly reside, without any corresponding data identifying the individuals or other entities which comprise the membership roster.

Because the record is devoid of evidence from which the citizenship of the members of the plaintiff LLC might be traced, the court concludes that plaintiff has failed to prove --or even meaningfully address -- whether Stelor Productions LLC is a citizen of Florida and thus fails to carry its burden of proving that diversity jurisdiction exists. *See Rollings Greens MHP, L.P. v Comcast SCH Holdings, L.L.C.*; *Jones v Honeywell Int'l Inc.*, 2005 WL 1669480 *4 n. 2 (M.D. Fla. July 14, 2005); *Marshall Construction L.L.C. v Climastor IV, L.L.C.*, 2005 WL 1364942 (M.D. Ala. June 8, 2005). It is therefore **ORDERED AND ADJUDGED**:

1. The defendant's motion to dismiss [DE# 19 ] is **GRANTED**.

2. This order is without prejudice for plaintiff to file, within **TEN (10) DAYS** from date of this order, an amended complaint which identifies each member of the plaintiff limited liability company by name and place of citizenship, together with other supplementary evidentiary submissions designed to establish the $75,000.00 jurisdictional threshold of this court. Plaintiff is specifically directed in this regard to supplement the record with evidentiary predicate in support of its assertion that the value of injunctive relief sought exceeds the $75,000.00 jurisdictional threshold of this court. *See Ericcsoon GE Mobile Communications, Inc v Motorola Comm.*, 120 F.3d 216 (11th Cir. 1997).

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 6th day of August, 2005.

Daniel T. K. Hurley
United States District Judge

cc.
Kevin C. Kaplan, Esq.
Kenneth Hartmann, Esq.
Adam T. Rabin, Esq.