Stelor Productions, v. Silvers                                                    Doc. 77

Case 9:05-cv-80393-DTKH    Document 77    Entered on FLSD Docket 08/31/2005    Page 1 of 3    D.C.

FILED by ___ SH ___

ELECTRONIC

Aug 31 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C., a          CASE NO. 05-80393-CIV-HURLEY
Delaware corporation, f/k/a STELOR     Magistrate Hopkins
PRODUCTIONS, INC.,

      Plaintiff,

v.

STEVEN A. SILVERS, a Florida resident,

      Defendant,
_____/

### SILVERS' OBJECTION TO STELOR'S REQUEST FOR TRANSFER

Defendant, Steven A. Silvers ("Silvers"), objects to the "Notice of Similar Actions and Request for Transfer and Consolidation" filed by Stelor Productions, LLC ("Stelor"). Stelor's request should be denied for numerous reasons.

First, Stelor had finally admitted, after stonewalling and actively misleading the Court as to the identity and citizenship of its members, that diversity jurisdiction does not exist. The Court dismissed this case on that ground on August 6, 2005, allowing Stelor an opportunity to file an amended complaint to cure this defect. Stelor has understandably declined to file an amended complaint. Thus, there is no action to transfer to Judge Ryskamp. Given that the Court's authority to hear this case never attached, the entry of further orders would be inappropriate.[1]

Second, the relief Stelor seeks from this Court is more properly addressed to Judge Ryskamp. Stelor seeks to have this Court - - despite its lack of authority given no subject matter jurisdiction - - decide whether Stelor's claims can be brought in the case before Judge Ryskamp. We respectfully submit that Judge Ryskamp should decide whether Stelor can properly bring a

---

[1]The exception being post-dismissal orders addressing entitlement to costs and attorneys fees and the like.

Dockets.Justia.com

77/rb

cross-claim in the "Google Action," and whether to exercise supplemental jurisdiction over such a cross-claim.[2]

Stelor's optimistic request to consolidate this action with the Google Action is similarly misplaced. Judge Ryskamp, not this Court, should determine how to manage the proceedings before him, however they shape up. Silvers does not agree that the proposed cross-claim arises out of the matters involved in the Google Action, nor that supplemental jurisdiction should attach to such a cross-claim. Those issues, however, are for Judge Ryskamp to determine if Stelor proceeds as described in the request.

Finally, Stelor's request - - aside from asking this Court to manage a case before Judge Ryskamp - - does not comply with Local Rule 3.9. That rule requires Stelor to "bring [transfer issues] promptly to the attention of the Court." Local Rule 3.9(D). Despite being aware of the Google Action since May, Stelor waited months to provide "notice," and did so only after it became unhappy with events in the case. Moreover, the Google Action is not the earlier filed action. That distinction falls on the original Stelor lawsuit filed before this Court, *Stelor Productions, Inc. v. Steven A. Silvers,* Case No. 04-80954-CIV-HURLEY, United States District Court, West Palm Beach, Florida.

Respectfully submitted,

DIMOND, KAPLAN & ROTHSTEIN, P.A.  
Co-Counsel for Defendant  
525 S. Flagler Drive, Suite 200  
West Palm Beach, FL 33401  
Telephone: (561) 671-2110  
Adam T. Rabin, Esq.

KOZYAK TROPIN & THROCKMORTON, P.A.  
Counsel for Defendant  
2525 Ponce de Leon, 9th Floor  
Coral Gables, Florida 33134  
Telephone: (305) 372-1800  
Fax: (305) 372-3508

By: _____  
Kenneth R. Hartmann, Florida Bar No. 664286  
Gail M. McQuilkin, Florida Bar No. 969338

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this
31 ST day of August, 2005, to: Kevin C. Kaplan, Esq., Daniel F. Blonsky, Esq. and David Zack,
Esq., Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A., Counsel for Plaintiff, Office in the
Grove, Penthouse A, 2699 South Bayshore Drive, Miami, FL 33133.

By: _____

Kenneth R. Hartmann

3339/102/257009.1