UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C.,
a Delaware corporation,
f/k/a STELOR PRODUCTIONS, INC.,
    Plaintiff,

                                 Case No. 05-80393-CIV-HURLEY

v.

STEVEN A. SILVERS, a Florida resident,
    Defendant.

_____

## DEFENDANT'S VERIFIED MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND RULE RULE 11 SANCTIONS, AND MEMORANDUM OF LAW

Defendant, Steven A. Silvers, pursuant to L.R. S.D. Fla. 7.3, moves for an award of attorneys' fees and costs, and requests that the Court consider Rule 11 sanctions against Stelor Productions, LLC.

### INTRODUCTION

Silvers is entitled to recover his reasonable attorneys' fees incurred in this action because he successfully secured a dismissal for lack of diversity jurisdiction. Up until the Court ordered Stelor to provide evidence of diversity jurisdiction, Stelor contentiously fought the issue arguing to the Court that Silvers' suggestion that diversity did not exist was "absurd" and engaged in a reckless course of filing repeated false verified statements. Stelor's improper actions unnecessarily perpetuated this litigation for five, intensely-litigated months. And, because the Court lacked subject matter jurisdiction from the outset, all the judicial labor in this case, and Silvers' legal expenses were for naught.

Applying Florida law, Silvers is the "prevailing party" by virtue of the dismissal, and because he prevailed on the significant issues litigated in the case. Silvers is entitled to recover attorneys' fees under the fee-shifting provision of the Settlement Agreement sued upon in this



1

Dockets.Justia.com

action. Furthermore, Silvers is entitled to fees under section 57.105(1), Florida Statutes, because Stelor's allegations and arguments in support of diversity jurisdiction were "not supported by the material facts necessary to establish the claim" of diversity.

In addition to awarding Silvers fees, the Court should impose sanctions against Stelor under Rule 11, Federal Rules of Civil Procedure. Stelor and its counsel turned a blind eye to their duty of diligence before filing this action and, either refused to perform the pre-suit inquiry needed to establish the existence of diversity jurisdiction, or intentionally misrepresented that diversity existed until called upon to provide the supporting evidence.

## PROCEDURAL BACKGROUND

Silvers is the creator and owner of a variety of intellectual property based upon his published book "Googles and the Planet of Goo," including trademarks, copyrights and patents (collectively "Googles IP"). On June 1, 2002, Silvers licensed the Googles IP to Stelor Productions, Inc. under a License, Distribution and Manufacturing Agreement (the "License Agreement"). (DE 1, Ex. A).

In the fall of 2004, the parties were having significant trouble with the licensing relationship and Silvers threatened to terminate Stelor if it continued to fail to perform its duties and obligations under the License Agreement. In a preemptive move to thwart termination, Stelor sued Silvers in this Court (Case No. 04-80954-CIV-HURLEY) for breach of the License Agreement seeking primarily injunctive relief. Meanwhile, Silvers put Stelor on official notice that it had 60-days to cure its breaches of the License Agreement. After Stelor failed to cure, on January 13, 2005 Silvers terminated the License Agreement. Immediately, Stelor wanted to negotiate to reinstate the license, offering to dismiss the federal court action.. On January 28, 2005, Silvers agreed to withdraw the termination and settle the pending action provided Stelor cure its prior breaches and perform under a Confidential Settlement Agreement.

2

But consistent with its prior behavior, Stelor failed to cure the breaches or perform under the Settlement Agreement or the License Agreement. Accordingly, a few months into the settlement, Silvers reinstated his termination. (DE 1, Ex. C).

In response to the termination, on May 5, 2005, Stelor filed this action seeking injunctive relief to prevent Silvers from terminating the License Agreement and breaching the Settlement Agreement. In its Verified Complaint, (DE 1), Stelor alleged that it had converted from a corporation to a limited liability company, and alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for the subject matter jurisdiction in this Court.

In response to Stelor's Motion for Preliminary Injunction, Silvers argued on page one that diversity jurisdiction did not exist because Stelor had failed to properly allege the citizenship of each member of the LLC. (DE 13). In its reply, Stelor affirmed that diversity existed and characterized Silvers' position that diversity did not exist as "totally absurd." (DE 18). To support the existence of diversity Stelor filed the sworn statement of Steven A. Esrig that "no owner of any membership interest in Stelor resides in Florida." (DE 16 p. 9). Esrig went so far as listing the alleged citizenship of each LLC member, but failed to identify a single member.

On May 23, 2005, Magistrate Hopkins conducted an evidentiary hearing on Stelor's request for a preliminary injunction and asked about the diversity argument. Stelor again represented to the Court that diversity jurisdiction existed because none of its members resided in Florida. Although the Magistrate Judge entered a Report and Recommendation that this Court grant a preliminary injunction, he did not address the lack of diversity issue.

On May 26, Silvers filed a Motion to Dismiss again arguing that diversity jurisdiction was entirely lacking in this case. (DE 19). A few weeks later, on June 17 Silvers raised the argument a fourth time when he filed his Objections to the R&R incorporating the arguments he raised in opposition to the preliminary injunction. (DE 46). Stelor's response was always the same:

3

diversity exists.

On July 5, 2005 the Court rejected the Magistrate Judge's recommendation to enter a preliminary injunction finding that under applicable case law, Stelor's sole remedy for wrongful termination of the License Agreement is money damages, which if proven are easily quantified. Stelor appealed that Order. (DE 65).[1]

On August 8, 2005, this Court entered an order dismissing the Verified Complaint with leave to amend (the "Initial Order of Dismissal") because Stelor had failed to properly allege the citizenship of each its members and ordered that any amended pleading provide evidence of the identities of each member and their place of citizenship. (DE 67). Rather than amending the complaint by listing the citizenship of each of its members, Stelor filed a "response" to the Court's order that admitted for the first time that diversity jurisdiction did not exist. (DE 76). As a result, this Court entered a final order of dismissal (the "Final Order of Dismissal"), and invited Silvers to file a motion to tax fees and costs. (DE 80).

## ARGUMENT

During the five-month life of this case that included a myriad of exhaustive and expensive briefing, there was one constant – Stelor repeatedly denied or concealed the lack of diversity jurisdiction in this case. As the following chronology shows, while Silvers immediately raised the issue and then raised it over and over again in a series of pleadings and memoranda to this Court, Stelor emphatically argued at every stage that diversity existed, and filed sworn statements that implied Stelor had investigated the issue:

5/5      Stelor files Verified Complaint alleging <u>under oath</u> that diversity jurisdiction exists in this case. (DE 1 p. 2)

---

[1] Silvers filed a motion to dismiss the appeal for lack of subject matter jurisdiction.

5/20    Silvers files Memorandum in Opposition to Stelor's Motion for Preliminary Injunction asserting that there is no diversity jurisdiction in this case. (DE 13 p. 10).

5/23    Stelor files Reply to Silvers' Opposition to Stelor's Motion for Preliminary Injunction. Stelor states that "<u>Silvers' suggestion that jurisdiction</u> over this matter <u>may be improper is</u> <u>*absurd*</u> . . . <u>Diversity exists, moreover, as no owner of any membership interest in Stelor</u> <u>resides in Florida</u> . . . Decl. ¶ 28(a)." (emphasis added). (DE 18 p. 10).

5/23    Stelor files Declaration of Steven Esrig in which he represents <u>under oath</u> that "[N]o owner of any membership interest in Stelor resides in Florida." (DE 16 p. 9).

5/26    Silvers files Motion to Dismiss arguing that there is no diversity jurisdiction in this action. (DE 19 p. 10).

6/13    Stelor files Verified Memorandum in Opposition to Silvers' Motion to Dismiss in which it represents <u>under oath</u> that "[N]o owner of any membership interest resides in Florida. Stelor further represents <u>under oath</u> that each alleged member of Stelor is a citizen of a state other than Florida. Stelor also further refuses to identify Stelor's members. (DE 34 p. 3 and Exhibit A).

6/20    Silvers files a Reply Memorandum in further support of his Motion to Dismiss for lack of diversity jurisdiction. (DE 48).

8/8     Court enters Initial Order of Dismissal dismissing Stelor's Verified Complaint for lack of diversity jurisdiction with leave to amend. The order requires Stelor to identify all of Stelor's members and sub-members by name and their place of citizenship. (DE 67)

8/29    Rather than amend its complaint, Stelor files a Response to the Court's Initial Order of Dismissal <u>*admitting*</u> that a Stelor member was a Florida citizen and that there was never diversity jurisdiction in this case. (DE 76).

We know now that there was never any basis for subject matter jurisdiction. Stelor, of course, knew or should have known this prior to filing suit, and through its false representation prolonged the life of this case that should never have been brought in the first place. Silvers is entitled to recover his fees and expenses under the fee-provision contained in the Settlement Agreement because he is the prevailing party in this action not only by virtue of the dismissal, but because he prevailed on the two most significant issues: jurisdiction and preliminary injunctive relief. In addition, Silvers has an statutory entitlement to attorneys' fees under Section 57.105(1), Florida Statutes, because Stelor either knew, or should have known after the issue was raised repeatedly, that its claim of diversity jurisdiction "was not supported by the material facts" of this

5

case.

**A.    Silvers is The Prevailing Party And Entitled to Recover Attorneys' Fees**

**1.    The Action Was Dismissed**

In this action brought on the alleged basis of diversity jurisdiction, Florida law applies to determine Silvers' entitlement to attorneys' fees.  *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31 (1975) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorneys' fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.").

Under Florida law, when a case is dismissed -- even voluntarily -- the defendant is the prevailing party for purposes of a prevailing party fee award.  *See Thornber v. City of Ft. Walton*, 568 So.2d. 914, 919 (Fla. 1990); *Rushing v. Caribbean Food Products*, 870 So.2d 953, 954-5 (Fla. 1st DCA 2004).  *See also Dam v. Heart of Florida Hospital, Inc.*, 536 So.2d 1177, 1178 (Fla. 2d DCA 1989)(defendant is prevailing party after plaintiff voluntarily dismissed action following denial of injunction.); *Prescott v. Anthony*, 803 So.2d 835, 836 (Fla. 2d DCA 2001)(defendant is prevailing party after plaintiff dismissed action for specific performance.)

Here, Silvers' is entitled to recover his attorneys' fees under the prevailing party fee provision contained in the Settlement Agreement:

> In the event that a dispute arises concerning the obligations of any Party under this Agreement . . . [t]he successful or prevailing party (as determined by the Court) shall be entitled to recover its reasonable attorneys' fees and other costs incurred in that litigation from the unsuccessful or non-prevailing party in addition to any other relief to which the prevailing party might be entitled.

(Exhibit A ¶ 17).

Stelor filed this action alleging Silvers had breached the Settlement Agreement and seeking a declaration that the Settlement Agreement was in full force and effect.  Relying on this

6

same prevailing party provision in the Settlement Agreement, Stelor pleaded in its prayer for relief that the Court should award "Stelor its reasonable attorneys' fees and costs."    Applying Florida law, now that Stelor's action has been dismissed, Silvers is the "successful or prevailing party" under this provision and is, therefore, entitled to recover his reasonable attorneys' fees and other costs incurred in this litigation.

**2.  Silvers Prevailed On The Significant Issues**

Silvers is also entitled to an award of his attorneys' fees because he prevailed on the two significant issues in the litigation:  (1) whether the Court had diversity jurisdiction, and (2) whether Stelor was entitled to preliminary injunctive relief.  In *Moritz v. Hoyt Enterprises, Inc.*, 604 So.2d 807, 810 (Fla. 1992), the Florida Supreme Court held that:

> ". . . . [T]he test for determining the prevailing party is that set forth by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) [parallel citations omitted].  In *Hensley*, the United States Supreme Court held that the test is whether the party "'succeed[ed] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit.'" . . . We agree that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorneys' fees."

Silvers undeniably prevailed on the diversity jurisdiction issue when the Court found that Stelor had not adequately plead diversity, and when it entered the Final Order Dismissal after Stelor finally capitulated after litigating the issue for 5-months and admitted that diversity was lacking.  *See Munao v. Homeowners Association of La Buona Vita Mobile Home Park, Inc.*, 740 So.2d 73, 78 (Fla. 4th DCA 1999)(party that succeeds on *any* significant issue is the prevailing party.)

Silvers also prevailed on the injunction issue.  At the outset of the case, Silvers provided the case law that showed that Stelor's only remedy if it prevailed on its claim against Silvers for wrongful termination of the License Agreement was money damages, and that Stelor had no basis in law to seek to enjoin Silvers from terminating the license or require Silvers to continue to

7

perform under the Settlement Agreement.  (DE 52).  Not only was the injunction request a

significant issue that was litigated; it was the central substantive relief that Stelor sued for in this

action.  The Court denied that relief, and thus Silvers ultimately prevailed on the issue.

It is immaterial to the award of fees that Stelor never reached the issue of whether it was

entitled to a permanent injunction, it is enough that Silvers prevailed at the preliminary stage.

Even in a case where a temporary injunction is issued, when the case is dismissed, the defendant is

considered the prevailing party on the injunction issue.  For example, in *Baratta v. Valley Oak*

*Homeowners' Assoc. at the Vineyards, Inc.*, 891 So.2d 1063, 1064 (Fla. 2d DCA 2004), a resident

of a community sued his homeowner's association for a temporary and permanent injunction to

prevent the association from assessing without the required votes a fee to each resident for new

mailboxes and signposts. *Id.* The resident obtained a temporary injunction; however, after there

was no record activity for a period of one year, the association filed a motion to dismiss for failure

to prosecute and to dissolve the temporary injunction. The trial court granted the motion to dismiss

without prejudice, dissolved the injunction, and entered an award of attorneys' fees against the

resident. *Id.*

On appeal, the appellate court affirmed the attorneys' fees award holding:

> We are not unsympathetic to [the resident's] contention that he should be
> deemed the prevailing party because he succeeded in getting the relief he
> requested, a temporary injunction.  However, [the resident] still had a claim
> for permanent injunction pending in the court.  Although he won the battle
> at the temporary injunction hearing, he lost the war when his case was
> involuntarily dismissed after a year of no record activity and his temporary
> injunction was dissolved . . . .

*Id.* at 1065 n. 2.

Here, as in *Baratta*, the Court dismissed Stelor's case on procedural grounds.  And, while

Stelor initially obtained limited temporary injunctive relief, it was denied the preliminary

injunction it sought.  Silvers unquestionably won "the war" and must be considered the prevailing

8

party entitled to recover attorneys' fees pursuant to the prevailing party provision. Moreover, had Stelor not misled Silvers and the Court through the filing of various false verified pleadings and other papers that there was a valid basis to allege diversity jurisdiction, none of the temporary restraining or other related orders would have issued in the first place, and the case would have lasted only a few weeks.

**B.**    **Silvers Is Entitled To Fees Under Section 57.105(1) Because Stelor Knew or Should Have Known That Diversity Did Not Exist.**

Notwithstanding Silvers' contractual and statutory entitlement to an award of attorneys' fees, it is also appropriate for the Court on its own initiative to award Silvers attorneys' fees pursuant to Section 57.105(1), Florida Statues, because Stelor "knew or should have known that [this action] . . . was not supported by the material facts necessary to establish" diversity jurisdiction.  As that statute provides:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense . . . .

*Id.* (emphasis added).

From the very day it filed this action until this case was dismissed with finality, Stelor knew or should have known the identities of its own members and their citizenship.  Stelor is a closely held company with a small number of members.  Established precedent in the Eleventh Circuit required Stelor to allege in its complaint the citizenship of each member of the limited liability company. Therefore, before it filed its action on the basis of diversity jurisdiction, Stelor was required to perform a reasonable investigation to determine whether any of its members

resides in Florida. *See Rollings Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (A limited liability company is a citizen of each state of which a member is a citizen).

Either Stelor ignored this duty, or it knew when the action was filed that diversity was lacking and concealed it. The latter is more probable because even to the extent that Stelor or its counsel was unaware of this controlling authority at the time that it filed this action last May, when Silvers first raised the lack of diversity issue fifteen days later, Stelor had a duty to diligently investigate the issue at that time, and would have discovered that diversity was lacking. And, if diversity in fact existed, Stelor could have easily amended the Complaint. Instead Stelor vigorously contested the issue and boldly argued to this Court that Silvers' lack of diversity defense was "absurd," and filed a sworn statement that no member lived in Florida. Yet it refused to identify any of its members by name. This intense battle over jurisdiction went on for several more months until this Court finally dismissed Stelor's complaint and required Stelor to present evidence of diversity in order to file an amended complaint. Only then did Stelor admit that diversity was lacking, stating that it had "just realized" that one of its members resides in Florida.

After five months of litigating this issue, with numerous opportunities to investigate the citizenship of its own members, and correct the deficiency in its complaint, is incredulous that Stelor waited to verify the citizenship of its members until its case was dismissed. It is more likely that Stelor, unhappy that it lost its request to enjoin Silvers, and faced with mounting credibility issues, finally admitted to the lack of jurisdiction simply so it could file its claims before another judge.

This is specifically the type of conduct that warrants an award of fees under section 57.105 and is why the legislature provided that the Court *shall* award fees under these circumstances. Silvers had to defend a completely unnecessary and incredibly costly litigation that would have

been avoided had Stelor been forthcoming about the lack of diversity. *See Morton v. Heathcock*, 30 Fla. L. Weekly D2163 (Fla. 3d DCA Sept. 14, 2005) (The word "shall" in section 57.105 evidences the legislative intent to impose a *mandatory* penalty in the form of reasonable attorney's fees to discourage baseless claims by placing a price tag on losing parties who engage in these activities.).

**C.      Rule 11 Sanctions Are Warranted.**

In addition to an award of fees and costs, Silvers requests that the Court consider imposing sanctions against Stelor for its conduct in this action. Rule 11 provides:

> (b) Representations to Court. By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

> (1)(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and direct an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

Fed. R. Civ. P. 11 (emphasis added).

In the Eleventh Circuit, the standard for determining whether to impose Rule 11 sanctions is "whether the party's claims are objectively frivolous – in view of the facts or law – and then, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Footman v. Cheung*, 139 Fed. Appx. 144, 146 (11th Cir. 2005) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)).

Here it is obvious that Stelor either concealed that it lacked "evidentiary support" for its diversity allegations, or ignored its obligations and never conducted a reasonable inquiry to determine the citizenship of its members. If diversity in fact had existed, it would have been very

11

simple for Stelor to file an amended complaint listing the citizenship of each of its members. Rather than do that, Stelor continued to "argue" vehemently for five months that diversity existed including making repeated false verified statements to this Court.[2]   Then, in its response to Silvers' Motion to Dismiss, Stelor refused to identify Stelor's members in accordance with *Rollings Greens,* 374 F.3d at 1022, but instead provided a list of 33 jurisdictions in which its members allegedly reside.   The sole reason Stelor would do that is to conceal the truth and avoid discovery by Silvers into the actual citizenship of its members.   It was only when ordered to provide the evidence did Stelor confess that there was never any diversity jurisdiction in the first place.

Federal courts support an award of Rule 11 sanctions in cases just like this.  For example, in *Mopaz Diamonds, Inc. v. Institute of London Underwriters,* 822 F.Supp. 1053, 1058 (S.D.N.Y. 1993), the court held that Rule 11 sanctions were appropriate where the defendant attempted to establish diversity jurisdiction in removing the case from state court where the grounds for alleging diversity was "objectively unreasonable" and "was without foundation in law or fact." *See also Hendrix v. Naphtal,* 971 F.2d 398, 400 (9th Cir. 1992) ("Blind reliance on a lay client's ability to decide the legal question of domicile [for diversity jurisdiction] does not constitute a reasonable inquiry under Rule 11").

Likewise, in *International Shipping Co., S.A. v. Hydra Offshore, Inc.,* 675 F.Supp. 146, 154 (S.D.N.Y. 1987), the court awarded Rule 11 sanctions when the plaintiff failed to perform a reasonable inquiry into the facts and law supporting its allegations of diversity jurisdiction:

> [T]he obligation imposed by Rule 11 to conduct a reasonable inquiry into the facts and law underlying a pleading, motion or other paper is not triggered only when such paper is challenged.   Rather, the attorney's signature "constitutes a certificate that he has read the pleading, motion or

---

[2]   Other false statement made by Stelor during this litigation were the subject of Silvers' Motion To Strike Esrig's Declaration, and discussed in Silvers' supplemental filings following the licensing tradeshow.

other paper; that to the best of the signer's knowledge, information and belief, *formed after reasonable inquiry* it is well grounded in fact and is warranted by existing law . . . . " Fed. R. Civ. P. 11 (emphasis added). Plaintiffs ' counsel therefore cannot be heard to complaint now that his adversary did not raise these issues earlier, for Rule 11 imposed upon him the duty to explore these questions before signing and filing the complaint. Because Rule 11 has been violated, the Court must impose appropriate sanctions.

Like the plaintiff in *International Shipping*, even if Stelor did not know the truth, Stelor had a clear and definite obligation to investigate the citizenship of each of its members before it filed its Verified Complaint. Stelor should not escape the consequences of unnecessarily perpetuating this case for months, and causing Silvers' significant expense. The Court should sanction Stelor for this conduct in an amount it deems appropriate, in addition to awarding Silvers his fees and costs.

**D.    The Reasonable Attorneys' Fees That Silvers is Entitled to Recover**

**1.    The Standard for Awarding Attorneys' Fees in the Eleventh Circuit**

The Florida Supreme Court and the district courts in the Eleventh Circuit employ the federal lodestar approach to set reasonable fee awards. *See Schafler v. Fairway Park Condo. Assoc.*, 2005 WL 2082902 (11th Cir. Aug. 30, 2005). Under the lodestar formula, a court must first determine the attorney's reasonable hourly rate. In arriving at this figure, the court may consider the twelve factors discussed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), which provided the formula for calculating attorneys' fees.[3]    Next, the Court takes the reasonable hourly rate and multiplies it by the "reasonable number of compensable hours."

---

[3]  The twelve factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney' s inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Schafler*, 2005 WL 2082902 *2.

13

## 2.    The Amount of Attorneys' Fees Claimed

Silvers seeks an award of $230,730 in attorneys' fees. This figure was obtained based upon consideration of the following: (a) the law firms' time records (attached respectively as Exhibits B and C); (2) the contingent fee agreement; and (3) sworn declaration of local attorney and expert Eric Christu, Esq., who has provided an opinion as to the reasonable fees incurred (attached as Exhibit D).

In reaching his opinion, Mr. Christu compared the attorneys and paralegals' hourly rates with rates customarily charged in the community by those with comparable skill, experience and reputation. In calculating the reasonable hours incurred, Mr. Christu reviewed the pleadings filed in the case, reviewed the law firms' redacted time records, and consulted Silvers' counsel. His conclusions under the lodestar formula are as follows:

| KTT Attorneys | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Kenneth R. Hartmann, Esq. (partner) | 179 | $450 | $80,550 |
| Gail A. McQuilkin, Esq. (partner) | 265 | $400 | $106,000 |
| Chris Branch, Esq. (associate) | 6.2 | $250 | $1,550 |
| John Gravante, Esq. (associate) | 1.6 | $250 | $400 |
| Total | 455.1 | | $189,925 |
| DKR Attorney | Hours | Hourly Rate | Fees |
| Adam T. Rabin (partner) | 94[4] | $295 | $27,730 |
| KTT Law Clerks and Paralegals | Hours | Hourly Rate | Fees |
| Micheal Epstein (law clerk) | 2.0 | $125 | $250 |
| Justin Kaplan (law clerk) | 25.5 | $125 | $3,187.50 |
| Yamile Paz (paralegal) | .7 | $125 | $87.50 |
| Keva Lebossierie (paralegal) | 87.8 | $125 | $10,975 |
| Total | 116 | | $14,500 |
| OVERALL TOTAL | 661.8 | | $230,730 |

---

[4] Mr. Rabin's time spent litigating the "amount" of fees owed as opposed to "entitlement" to fees has already been deducted and was not included in this figure of 94 hours. A total of 10.4 hours was deducted for this purpose.

### 3.    Silvers' Recoverable Expenses

Silvers is entitled to recover $2,600.00 in fees for Mr. Christu's time spent reviewing materials and preparing his opinion on the reasonableness of attorneys' fees. Mr. Christu's rate is $325 per hour and he is estimated to have spent eight hours reviewing materials and preparing his declaration. These expert fees should be awarded under the fee-shifting provision in the Settlement Agreement that allows recovery of attorneys' fees and "other costs incurred." *See American Charities Reasonable Fundraising Organization v. Pinellas County*, 278 F.Supp.2d 1301, 1329 (M.D. Fla. 2003) (awarding fees for attorney's fees expert under fee-shifting statute).

Silvers is further entitled to recover any expenses submitted in its Bill of Costs that are non-statutory costs under the fee-shifting provision in the Settlement Agreement. *See American Charities*, 278 So.2d at 1329 ("[R]eimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, facsimiles, Federal Express, and courier services" are all recoverable costs under fee-shifting provision of statute). Silvers' total expenses amount to $16,478.57 (Exhibit E).

### E.    No Hearing is Required

Consistent with federal law, a hearing to determine this fee award is unnecessary. *See Thompson v. Pharmacy Corp. of America*, 334 F.3d 1242, 1245 (11th Cir. 2003)(The Court is not required to hold an evidentiary hearing prior to awarding fees.) Attorney fee awards are generally based on affidavits and billing records submitted to the Court. *See American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir. 1999); *Schafler v. Fairway Park Condominium Ass'n*, 324 F.Supp.2d 1302, 1310 (S.D. Fla. 2004), *aff'd Schafler.*, 2005 WL 2082902.

## CONCLUSION

Silvers respectfully requests that this Court grant Silvers an award of fees and costs as the prevailing party. Silvers also requests that the Court consider imposing Rule 11 sanctions against

Stelor Productions in an amount deemed appropriate.

Respectfully submitted this 1st day of November, 2005.

Adam T. Rabin  (FBN: 985635)
DIMOND KAPLAN & ROTHSTEIN, PA
525 S. Flagler Drive, Suite 200
West Palm Beach, Florida  33401
T: 561-671-2110 / F: 561-671-1951

Gail A. McQuilkin  (FBN: 969358)
Kenneth R. Hartmann  (FBN: 664286)
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
T: 305-372-1800 / F: 305-372-3508

16

## VERIFICATION OF COUNSEL

I hereby have fully reviewed the time records and supporting data applicable to Kozyak Tropin & Throckmorton, P.A. and verify that this motion is well grounded in fact and justified.

I hereby have fully reviewed the time records and supporting data applicable to Dimond Kaplan & Rothstein, P.A. and verify that this motion is well grounded in fact and justified.

===============================================================

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 1st day of November, 2005, via first class mail and e-mail on the following:

Kevin C. Kaplan, Esq.
Burlington Weil Schwiep Kaplan & Blonsky
2699 S. Bayshore Drive, Penthouse, Miami, Florida  33133
E-mail: kkaplan@bwskb.com

3339/103/259100.1

17

Exhibit  A

17. <u>Reservation of Jurisdiction:</u>   The Parties agree to submit to the exclusive continuing jurisdiction of the United States District Court, Southern District of Florida, for enforcement of all provisions of this Agreement.  In the event that a dispute arises concerning the obligations of any Party under this Agreement, the Parties agree to submit any such dispute to this court for resolution.  The successful or prevailing party (as determined by the Court) shall be entitled to recover its reasonable attorneys'

SILVERS_____                                        STELOR

fees and other costs incurred in that litigation from the unsuccessful or non-prevailing party in addition to any other relief to which the prevailing party might be entitled.



Exhibit  B

# KOZYAK TROPIN & THROCKMORTON, P.A.

2525 Ponce De Leon, 9th Floor
Coral Gables, Florida 33134
(305) 372-1800
Tax ID 59-2240304

Steven A. Silvers                                    October 19, 2005
8983 Okeechobee Boulevard                            Reference No. 123
Suite 202
West Palm Beach, FL 33411

**CLIENT:    3339        STEVEN A. SILVERS**
**MATTER:  3339-103      STELOR V. SILVERS**

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 05/09/05 | Obtain copy of complaint and emergency motion for temporary restraining order. | YCP | 0.30 | 45.00 |
| 05/09/05 | Review complaint filed by Stelor. Meet and confer with client. Review e-mails from consultant. Pull together information that may be needed for hearing on injunction. | GMQ | 6.40 | 2,560.00 |
| 05/09/05 | Review email, correspond and confer with Gail McQuilkin regarding status.  Prepare, meet with Steve Silvers regarding domain name, litigation issues.  Analyze pleadings, defenses.  Confer with Keva Labossiere regarding hearing preparation, third party discovery.  Outline response to emergency motion. | KRH | 3.80 | 1,710.00 |
| 05/09/05 | Receive/review e-mail from Kenneth Hartmann re: googles.com website, DNS instruction rights, Vario and Mr. Hartmann's instruction to record googles.com website;' site archive; | KJL | 0.80 | 120.00 |

**REDACTED**

STEVEN A. SILVERS                                    October 19, 2005
Page 2                                               Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 05/09/05 | Meet with Kenneth Hartmann re: Stelor Productions emergency hearing for preliminary injunction (.4). | KJL | 0.40 | 60.00 |
| 05/10/05 | Work on response to injunction motion; draft letter | GMQ | 5.80 | 2,320.00 |
| 05/10/05 | Research regarding domicile of LLC. | CFB | 0.50 | 125.00 |
| 05/10/05 | Review email, Stelor website. Review Stelor pleadings, analyze same. Review briefs from prior case. Draft response to emergency motion/TRO. Telephone conferences with Adam Rabin, Gail McQuilkin regarding status, strategy regarding brief. Draft responsive pleadings. | KRH | 4.80 | 2,160.00 |
| 05/10/05 | Assemble various documents for Kenneth Hartmann in preparation for Stelor emergency hearing and Mr. Silvers' declaration; search Apple website for information on iTunes; begin assembling research findings for use with declaration; Meet with Mr. Hartmann and Gail A. McQuilkin re: case (5.0). | KJL | 5.00 | 750.00 |
| 05/11/05 | Continue work in preparation for injunction hearing; | GMQ | 4.50 | 1,800.00 |
| 05/11/05 | Draft, revise various pleadings. Telephone conference with Steven Silvers regarding status. Confer with Gail McQuilkin regarding strategy, related issues. | KRH | 4.20 | 1,890.00 |

**REDACTED**

STEVEN A. SILVERS                                          October 19, 2005
Page 3                                                    Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 05/11/05 | Request Certificate of Conversion information on Stelor Productions, Inc. to LLC; Further Research on iTunes and CafePress; Conference with Kenneth Hartmann re: preparing subpoenas for iTunes and CafePress; extensive research re: registered agent and court jurisdiction (7.5). | KJL | 7.50 | 1,125.00 |
| 05/12/05 | Meeting with Ken Hartmann and Gail McQuilkin. | CFB | 0.20 | 50.00 |
| 05/12/05 | Continue working on gathering exhibits and information for injunction hearing. Confer with client several times during the day. | GMQ | 2.80 | 1,120.00 |
| 05/12/05 | Review email, confer with Gail McQuilkin regarding numerous issues. Confer with Keva Labossiere regarding discovery, subpoenas. Review and revise subpoenas; revise pleadings. Draft Stelor discovery. Review order denying emergency motion.                Review federal statutes regarding same. Telephone conferences                Review scheduling order. Telephone conference with Steve Silvers regarding numerous issues. Draft notice of appearance. | KRH | 4.40 | 1,980.00 |
| 05/12/05 | Multiple conferences with Kenneth Hartmann re:                conduct research for Work on notebook for 5/23 hearing; | KJL | 6.50 | 975.00 |
| 05/13/05 | conversation with Kevin Kaplan; confer with Ken Hartmann about both and strategy for hearing: | GMQ | 3.50 | 1,400.00 |

**REDACTED**

STEVEN A. SILVERS                                        October 19, 2005
Page 4                                                   Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 05/13/05 | Telephone conferences with Gail McQuilkin regarding status, action items. Review email, ___. Confer with Keva Labossiere regarding hearing, exhibits. Telephone conference with Adam Rabin regarding all issues. Telephone conference with Steve Silvers regarding status, action items. Draft, revise pleadings, declarations. Review websites. | KRH | 3.40 | 1,530.00 |
| 05/13/05 | Assemble additional documents to be used for hearing notebook; revise index; | KJL | 1.80 | 270.00 |
| 05/14/05 | Draft, revise pleadings, Silvers declaration; review file regarding same. | KRH | 3.80 | 1,710.00 |
| 05/16/05 | Research regarding trademark infringement after license is cancelled. | CFB | 0.60 | 150.00 |
| 05/16/05 | Revise pleadings. Revise Steve Silvers declaration, interoffice conference, confer with Keva Labossiere regarding hearing exhibits, etc. Telephone conference with Gail McQuilkin, Steve Silvers. | KRH | 3.60 | 1,620.00 |
| 05/16/05 | Download opinion by Judge Martinez in Burger King disputes and forward same to Kenneth Hartmann; confer with Mr. Hartmann re: review e-mail from Mr. Hartmann re: evidence for hearing; ; status e-mail to Mr. Hartmann re: same; Respond to to e-mail from Mr. Hartmann re: Icann forum; confer with Mr. Hartmann re: Order for USPTO withdrawal; receive/review e-mail from Mr. Silvers to Mr. Hartmann re: various issues | KJL | 5.00 | 750.00 |
| 05/17/05 | Telephone conference with regarding same. Draft, revise pleadings, declaration. Telephone conferences with Steve Silvers, Adam Rabin regarding same. | KRH | 3.20 | 1,440.00 |

**REDACTED**

STEVEN A. SILVERS                                            October 19, 2005
Page 5                                                      Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 05/17/05 | Receive/review multiple e-mails from Kenneth Hartmann re: | KJL | 5.00 | 750.00 |
| | confer with Chris Cardillo re: same; Meet with Mr. Hartmann re: various issues relating to | | | |
| | Retrieve Gail A. McQuilkin audit demand letter; Begin work on | | | |
| 05/18/05 | Prepare, meet with S. Silvers, Keva Labossiere regarding | KRH | 7.20 | 3,240.00 |
| 05/18/05 | Review multiple e-mails from Mr. Hartmann re: documents needed | KJL | 5.00 | 750.00 |
| | retrieve key documents | | | |
| 05/19/05 | Revise correspondence, brief, declarations. Telephone conference with Stelor counsel regarding hearing, related issues. Telephone conference regarding Steve Silvers (numerous times). Interoffice conference regarding filing, service. | KRH | 6.70 | 3,015.00 |
| 05/19/05 | Telephone conference with Stelor counsel regarding status, confer with S. Silvers regarding | KRH | 0.50 | 225.00 |
| 05/19/05 | finalize my declaration re: iTunes and CafePress and confer with Mr. Hartmann re: same; e-mail to | KJL | 2.50 | 375.00 |
| 05/20/05 | Research regarding remedies for termination of license. | CFB | 2.00 | 500.00 |

**REDACTED**

STEVEN A. SILVERS                                   October 19, 2005
Page 6                                              Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 05/20/05 | Confer with Chris Branch regarding research, notice issues. Revise brief. Outline hearing points. Interoffice conference regarding hearing notebooks. Prepare for hearing. | KRH | 4.40 | 1,980.00 |
| 05/20/05 | Finalize notebooks, prepare exhibits, resolve various issues relating to preparing Mr. Hartmann for 5/23 evidentiary hearing before Judge Hopkins (4.5). | KJL | 4.50 | 675.00 |
| 05/22/05 | Travel to Ft. Pierce. Review files; prepare for hearing on motion for preliminary injunction. Telephone conference with Adam Rabin regarding same. | KRH | 6.10 | 2,745.00 |
| 05/23/05 | Prepare, attend hearing on motion for preliminary injunction. Review Stelor reply, supplemental affidavit, related materials. Confer with Adam Rabin, telephone conference with Steve Silvers regarding hearing, follow-up. Travel from Ft. Pierce. | KRH | 8.00 | 3,600.00 |
| 05/23/05 | Official clean-up; send various research to file (1.5). | KJL | 1.50 | 225.00 |
| 05/24/05 | Interoffice conference regarding post-hearing matters. Email to team regarding hearing, status. Draft proposed report and recommendation. Revise motion to dismiss. Confer with Chris Branch regarding proposed report and recommendation, legal research. Confer with Keva Labossiere regarding ʃ . Telephone conference with Stelor counsel, Adam Rabin, Steve Silvers regarding interim settlement issues, post-termination issues. Telephone conference with ʹ counsel regarding technical issues, website and contact access. | KRH | 6.80 | 3,060.00 |
| 05/25/05 | Meeting with Ken Hartmann regarding injunction. | CFB | 0.40 | 100.00 |

**REDACTED**

STEVEN A. SILVERS                                          October 19, 2005
Page 7                                                     Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 05/25/05 | Review files. Draft and revise proposed report and recommendation. Revise motion to dismiss. Telephone conferences with Steve Silvers regarding status. | KRH | 4.20 | 1,890.00 |
| | revise same. Telephone conference regarding analysis, Exchange email with Adam Rabin regarding proposed report and recommendation. | | | |
| 05/26/05 | Revise, finalize motion to dismiss. Telephone conferences with Steve Silvers, Adam Rabin regarding status. Telephone conference with | KRH | 3.10 | 1,395.00 |
| 05/26/05 | Work on _____ and forward to Kenneth Hartmann for review (3.0). | KJL | 3.00 | 450.00 |
| 05/27/05 | Analyze license, post-termination provisions. Telephone conference with Steve Silvers regarding same, status. Confer with Keva Labossiere regarding hearing exhibits, transcript. | KRH | 1.60 | 720.00 |
| 05/31/05 | Confer with Gail McQuilkin regarding status, action items. Review Stelor's motion to strike; draft response. Telephone conference with Steve Silvers regarding status. Letter to Stelor counsel regarding post-termination issues. Telephone conference with Adam Rabin; review email regarding liability, related issues. | KRH | 3.40 | 1,530.00 |
| 05/31/05 | Review pleadings relating to injunction hearing; confer with client and team about hearing and strategy going forward; call to confer with expert on | GMQ | 4.50 | 1,800.00 |
| 05/31/05 | Contact Judge Hopkins' chambers re: court reporter; order copy of transcript covered Phillip May from U.S. District Court (.5). | KJL | 0.50 | 75.00 |

**REDACTED**

STEVEN A. SILVERS
Page 8

October 19, 2005
Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 06/01/05 | Review of reply brief filed by Stelor; confer with client about matters; confer with attorney _____ ; draft discovery for case against Stelor. | GMQ | 4.80 | 1,920.00 |
| 06/01/05 | Revise post-termination correspondence. Confer with Gail McQuilkin regarding _____, related issues, status. | KRH | 0.90 | 405.00 |
| 06/02/05 | Review hearing transcript; _____ defense in Stelor case. | GMQ | 3.80 | 1,520.00 |
| 06/02/05 | Review Steve Silvers comments regarding _____, related issues. Confer with Gail McQuilkin, telephone conferences with Steve Silvers regarding same. | KRH | 1.20 | 540.00 |
| 06/02/05 | Make copies of hearing transcript for Gail A. McQuilkin and Kenneth Hartmann (.1). | KJL | 0.20 | 30.00 |
| 06/03/05 | Review magistrate's report and recommendation; confer with client and team about same. | GMQ | 3.60 | 1,440.00 |
| 06/03/05 | Confer with Gail McQuilkin regarding status, Stelor discussions. Review Steve Silvers email regarding Stelor issues. Review hearing transcript. Confer with Keva Labossiere regarding subpoenas; review and revise same. Review report and recommendation, analyze same. Confer with Gail McQuilkin, telephone conferences with Steve Silvers, Adam Rabin regarding same. Email to Godaddy. | KRH | 4.20 | 1,890.00 |
| 06/03/05 | Work on subpoenas for _____ research jurisdiction related issues (2.0). | KJL | 2.00 | 300.00 |
| 06/05/05 | Review, analyze report and recommendation. Outline objections. | KRH | 1.60 | 720.00 |
| 06/06/05 | Meet with client and deal with issues relating to termination of licensee. | GMQ | 6.80 | 2,720.00 |

**REDACTED**

STEVEN A. SILVERS
Page 9

October 19, 2005
Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 06/06/05 | Prepare, meet with litigation team, client regarding report and recommendation, response. Exchange email with Adam Rabin regarding same. Review Stelor counsel correspondence, confer with Gail McQuilkin regarding response. Outline objections to report and recommendation. Telephone conferences with Stelor counsel regarding numerous issues. | KRH | 3.20 | 1,440.00 |
| 06/06/05 | Receive/review Report and Recommendation (.3). | KJL | 0.30 | 45.00 |
| 06/07/05 | Numerous activities regarding objection to report and recommendation | KRH | 4.20 | 1,890.00 |
| 06/07/05 | ⸻ several conversations with client; work on preparing for objection to R&R; confer with ⸻ about googles store account; confer with ⸻ regarding ⸻ | GMQ | 8.90 | 3,560.00 |
| 06/08/05 | Review motion for TRO; prepare response; review correspondence since 2.01.05 re Stelor's compliance with settlement agreement; various conferences with client about case; conference ⸻ | GMQ | 7.80 | 3,120.00 |
| 06/08/05 | Draft and revise objection to report and recommendation; review files regarding same. Review Plaintiff's emergency motion/TRO; confer with Gail McQuilkin regarding response, related issues. Review, revise response. Exchange email with Adam Rabin. | KRH | 5.60 | 2,520.00 |
| 06/09/05 | Found cases that deal with the issue of whether a court will enforce the terms of a contract | ME | 2.00 | 300.00 |
| 06/09/05 | Work on declaration for objection; work on motion to strike; work on s⸻, finalize and file opposition to TRO; review order from court; confer with Ken Hartmann re issues in the case. | GMQ | 7.50 | 3,000.00 |

**REDACTED**

STEVEN A. SILVERS
Page 10

October 19, 2005
Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 06/09/05 | Review, revise response to emergency TRO; confer with Gail McQuilkin regarding same. Review email, interoffice conference regarding , subpoenas. Review TRO, analyze, confer with Gail McQuilkin regarding same. Various tasks regarding compliance with TRO related issues. | KRH | 3.60 | 1,620.00 |
| 06/09/05 | Prepare to e-file pleading for Gail A. McQuilkin; confer with Lissette Garcia re: same; e-mail pleading to Ms. Garcia for e-filing (.3). | KJL | 0.30 | 45.00 |
| 06/10/05 | Continue work on , and motion to strike; continue Work | GMQ | 8.80 | 3,520.00 |
| 06/10/05 | Various tasks, telephone conferences, emails and conferences regarding compliance with TRO. Confer with Gail McQuilkin regarding objection to report and recommendation, jurisdiction, related issues. | KRH | 2.60 | 1,170.00 |
| 06/10/05 | Research registered agent for subpoena (.5). | KJL | 0.50 | 75.00 |
| 06/11/05 | Work on declaration and objection to the R&R. | GMQ | 6.80 | 2,720.00 |
| 06/11/05 | Draft, revise notice of compliance with TRO. Draft objection to report and recommendation; confer with Gail McQuilkin regarding objection to report and recommendation, declarations, related issues. | KRH | 3.40 | 1,530.00 |
| 06/12/05 | Draft, revise objection to report and recommendation. | KRH | 1.60 | 720.00 |
| 06/13/05 | Address issues with ains to another account; continue working on declaration and objection to R&R; meeting with | GMQ | 14.50 | 5,800.00 |

**REDACTED**

STEVEN A. SILVERS                                    October 19, 2005
Page 11                                              Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 06/13/05 | Review, exchange email, confer with Gail McQuilkin regarding registrant change for domains. _____, letter to Stelor counsel regarding same. Revise notice of compliance. Review file, revise objection to R&R, confer with Gail McQuilkin regarding same. Interoffice conference regarding appendix. Review various websites. | KRH | 4.60 | 2,070.00 |
| 06/13/05 | Collect data and research various internet music | KJL | 3.00 | 450.00 |
| 06/14/05 | Continue work on declarations and exhibits and objection. | GMQ | 15.50 | 6,200.00 |
| 06/14/05 | Revise objection to report and recommendation. Review Esrig declaration, analyze same regarding ____ issues. Review Plaintiff's memo in opposition to motion to dismiss; interoffice conference regarding same, factual and legal research. Outline response. | KRH | 2.60 | 1,170.00 |
| 06/15/05 | Finalize declaration; continue work on motion to strike; email exchange with Kaplan about tradeshow. | GMQ | 14.60 | 5,840.00 |
| 06/15/05 | Draft, revise objection to report and recommendation, numerous tasks regarding same. | KRH | 2.80 | 1,260.00 |
| 06/16/05 | Compile documents for Silvers' Appendix to Objection to Report and Recommendation (2.5); Receive/review numerous e-mails from Kenneth Hartmann (.3). | KJL | 2.80 | 420.00 |
| 06/17/05 | Finalize motion to strike and exhibits; finalize objection to R&R; file all pleadings; confer with investigators about licensing show. | GMQ | 7.80 | 3,120.00 |
| 06/17/05 | Review and revise objection to report and recommendation, related pleadings, declarations. Review, analyze Plaintiff's memo in opposition to motion to dismiss. Legal researsch; draft reply brief. | KRH | 5.80 | 2,610.00 |

**REDACTED**

STEVEN A. SILVERS
Page 12

October 19, 2005
Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 06/17/05 | Finalize Silvers' Appendix to Objection to Report and Recommendation; assist with finalizing of brief and other related documents (5.0). | KJL | 5.00 | 750.00 |
| 06/18/05 | , follow up telephone conversations; confer with client. | GMQ | 6.50 | 2,600.00 |
| 06/20/05 | Review numerous emails from client; confer with Ken Hartmann on reply brief on motion to dismiss; | GMQ | 2.40 | 960.00 |
| 06/20/05 | Review research on d | GMQ | 1.80 | 720.00 |
| 06/20/05 | Finish first draft of | GMQ | 1.40 | 560.00 |
| 06/20/05 | Reply brief. Confer with Gail McQuilkin regarding status, action items. | KRH | 3.80 | 1,710.00 |
| 06/21/05 | confer with client about same; review letter from Kaplan, draft response, work on letter organize file; confer with Ken Hartmann about reply on motion to dismiss. | GMQ | 7.60 | 2,850.00 |
| 06/21/05 | Review Stelor counsel correspondence regarding compliance with agreements; confer with Gail McQuilkin regarding same, response. Review Stelor pleadings. Interoffice conference regarding | KRH | 1.60 | 720.00 |
| 06/21/05 | Confer with Gail A. McQuilkin re: preparing Second Supplemental Declaration regarding research | KJL | 3.50 | 525.00 |
| 06/22/05 | Review Stelor pleadings; confer with Gail McQuilkin regarding same, status, | KRH | 0.70 | 315.00 |
| 06/22/05 | Work on supplement to motion to strike; confer | GMQ | 5.50 | 2,200.00 |

**REDACTED**

STEVEN A. SILVERS
Page 13

October 19, 2005
Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 06/23/05 | review order denying extension of TRO. | GMQ | 5.50 | 2,062.50 |
| 06/24/05 | Draft supplement to motion to strike and objection; draft motion to seal; review letter form Kaplan; respond to same; review possibl' | GMQ | 4.80 | 1,920.00 |
| 06/26/05 | Research on new technology relating to ʳ | GMQ | 4.80 | 1,920.00 |
| 06/27/05 | D                        discuss with Ken Hartmann; confer with          confer with client. | GMQ | 3.60 | 1,440.00 |
| 06/27/05 | Review, exchange email regarding status,                   Review order extending TRO. Review pleadings; confer with Gail McQuilkin regarding action items | KRH | 1.60 | 720.00 |
| 06/28/05 | Confer with Kaplan regarding discovery conference; confer with client on issues. | GMQ | 1.10 | 440.00 |
| 06/28/05 | Review composer agreement; draft notice of breach.  Interoffice conference regarding | KRH | 0.80 | 360.00 |
| 06/28/05 | Receive/review e-mail from Kenneth Hartmann re: original licensing agreement between Aurora and Steven Silvers; search for same; e-mail to Gail A. McQuilkin re: file (.8). | KJL | 0.80 | 120.00 |
| 06/29/05 | review email from ʳ                   confer with Ken Hartmann. | GMQ | 0.60 | 240.00 |
| 06/29/05 | Confer with Gail McQuilkin regarding discovery, counsel meeting, related issues.  Confer with Keva Labossiere regarding preliminary disclosures. | KRH | 1.10 | 495.00 |

confer with client, Gail McQuilkin regarding same.

**REDACTED**

STEVEN A. SILVERS                                                    October 19, 2005
Page 14                                                             Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 06/30/05 | Discovery conference with Kaplan; memo to file about same; begin work on draft discovery. | GMQ | 2.60 | 1,040.00 |
| 06/30/05 | Exchange email with Steve Silvers, | KRH | 0.30 | 135.00 |
| 06/30/05 | Receive/review e-mail from Gail A. McQuilkin re: various subpoenas prepared and researched relating to matte<br>Organize same for review by Ms. McQuilikin; confer with process server (5.5). | KJL | 5.50 | 825.00 |
| 07/01/05 | Confer with process server re: subpoena duces tecum to Apple, Inc.; prepare necessary paperwork re: service (1.0). | KJL | 1.00 | 150.00 |
| 07/04/05 | Exchange email related issues. | KRH | 0.30 | 135.00 |
| 07/05/05 | Finalize Apple, Inc. subpoena; prepare FedEx and check request for process server (1.3). | KJL | 1.30 | 195.00 |
| 07/06/05 | Telephone conference with Gail McQuilkin regarding district court order on report and recommendation, related issues. | KRH | 0.80 | 360.00 |
| 07/06/05 | FedEx check to process server re: Apple subpoena (.3). | KJL | 0.30 | 45.00 |
| 07/06/05 | Prepare FedEx to Kevin Kaplan re: return of checks; scan copy of letter to Mr. Kaplan per Gail A. McQuilkin and e-mail same (.5). | KJL | 0.50 | 75.00 |
| 07/07/05 | Telephone conference with Gail McQuilkin regarding Stelor's motion for reconsideration, procedural and related issues. | KRH | 0.60 | 270.00 |
| 07/07/05 | Locate Steven Esrig's Declaration for Gail A. McQuilkin; copy same (.2). | KJL | 0.20 | 30.00 |
| 07/11/05 | Review emails. Review, analyze order on motion for preliminary injunction. Review files, meet, confer with Gail McQuilkin regarding status, action items. | KRH | 1.10 | 495.00 |

REDACTED

STEVEN A. SILVERS                                          October 19, 2005
Page 15                                                    Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 07/11/05 | Prepare and finalize Notice of Service of Subpoena to Apple, Inc. (.8). | KJL | 0.80 | 120.00 |
| 07/12/05 | Confer with Gail McQuilkin regarding status, action items. Review draft discovery; note to Gail McQuilkin regarding same. Interoffice conference regarding . Review, revise letter to Stelor regarding post-termination. | KRH | 1.20 | 540.00 |
| 07/12/05 | Continued work on discovery and issue. | GMQ | 3.20 | 1,280.00 |
| 07/13/05 | Legal research re: ( (2.8). | JBK | 2.80 | 420.00 |
| 07/14/05 | Legal research re: (4.2). | JBK | 4.20 | 630.00 |
| 07/14/05 | Work on demand letter to Stel with client on matters; check docket sheet. | GMQ | 2.20 | 880.00 |
| 07/14/05 | Review legal research memo. Confer with Justin Kaplan regardir research issues. | KRH | 0.70 | 315.00 |
| 07/14/05 | Work on subpoena duces tecum for Cafe Press.com; make various revisions per Gail A. McQuilkin; confer with process server re: subpoena; prepare FedEx and necessary administrative documentation; finalize same for service (2.8). | KJL | 2.80 | 420.00 |
| 07/15/05 | Legal research re | JBK | 4.70 | 705.00 |
| 07/15/05 | Draft memo re: | 3K | 1.30 | 195.00 |
| 07/18/05 | Draft memo re: | JBK | 3.90 | 585.00 |

**REDACTED**

STEVEN A. SILVERS                                    October 19, 2005
Page 16                                              Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 07/18/05 | ...; lengthy discussions with client; work on ___ matter; work on draft complaint/counterclaim. | GMQ | 4.50 | 1,800.00 |
| 07/18/05 | Confer with Gail McQuilkin regarding status. Review subpoenas. Review Stelor pleadings, declaration, related emails. | KRH | 0.90 | 405.00 |
| 07/19/05 | ___ | JBK | 1.80 | 270.00 |
| 07/19/05 | Edit memo ___ | JBK | 2.60 | 390.00 |
| 07/19/05 | Legal research re | JBK | 0.40 | 60.00 |
| 07/19/05 | Continue work on draft counterclaim. | GMQ | 3.50 | 1,400.00 |
| 07/19/05 | Exchange email with Gail McQuilkin regarding Stelor pleadings, declaration ___ Review memo regarding ___ Analyze post termination issues. | KRH | 1.80 | 810.00 |
| 07/20/05 | Confer with client re meeting ___. review oppositions filed by Stelor; draft letter to Larry Hefter; draft second letter to Stelor to cease doing business as Silvers licensee. | GMQ | 4.50 | 1,800.00 |
| 07/20/05 | Confer with Gail McQuilkin regarding meeting, related issues. Review, revise correspondence to Stelor regarding post-termination infringement, related issues. | KRH | 0.70 | 315.00 |
| 07/22/05 | Review order on motion for reconsideration; confer with client about matters. | GMQ | 1.80 | 720.00 |
| 07/22/05 | Search for bankruptcy information | KJL | 0.80 | 120.00 |
| 07/25/05 | Review order on motion for reconsideration. Interoffice conference regarding post-termination letter; confer with Gail McQuilkin regarding status, action items. | KRH | 0.70 | 315.00 |

**REDACTED**

STEVEN A. SILVERS                                      October 19, 2005
Page 17                                                Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 07/25/05 | Multiple calls with client about matter related to case; review of information sent by same. | GMQ | 3.30 | 1,320.00 |
| 07/26/05 | Review article regarding _ . letter to Steve Silvers, memo to Keva Labossiere regarding same.  Exchange email regarding Apple Review notice of appeal; interoffice conference regarding same. | KRH | 0.60 | 270.00 |
| 07/26/05 | Review responses to discovery from Apple and Cafepress; calls to both; draft second round of discovery to Stelor. | GMQ | 3.30 | 1,320.00 |
| 07/26/05 | Conduct reserach or , findings to Kenneth Hartmann (1.0). | KJL | 1.00 | 150.00 |
| 07/27/05 | Lengthy discussion with client about case; review letter from Kevin Kaplan and Ken Hartmann's response; research case law r | GMQ | 3.50 | 1,400.00 |
| 07/28/05 | Review Itunes response to subpoena; confer with Gail McQuilkin; email to San Francisco firm regarding same, motion to compel.  Review return of service regarding Cafepress subpoena.  Confer with Gail McQuilkin, Justin Kaplan regarding | KRH | 1.40 | 630.00 |
| 07/28/05 | Review correspondence from Kevin Kaplan and respond to same; draft letter to Apple's attorney; phone call to same; discuss strategy r | GMQ | 2.60 | 1,040.00 |
| 08/01/05 | Review Defendant's response regarding composition agreement; confer with Gail McQuilkin regarding same.  Exchange email regarding analyze same. | KRH | 0.80 | 360.00 |
| 08/02/05 | Draft letter to Kevin Kaplan; confer with client about status; calls to both Itunes and Cafepress about documents. | GMQ | 1.20 | 480.00 |
| 08/03/05 | Draft protective orders for use in third party discovery. | GMQ | 2.20 | 880.00 |

**REDACTED**

STEVEN A. SILVERS                                          October 19, 2005
Page 18                                                    Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 08/03/05 | Legal research re: | JBK | 1.70 | 255.00 |
| 08/03/05 | Research and prepare Agreed Motion for entry of Confidentiality Stipulation and Protective Order; confer with Gail A. McQuilkin re:same (2.3) | KJL | 2.30 | 345.00 |
| 08/04/05 | Legal research re: | JBK | 3.30 | 495.00 |
| 08/05/05 | Review response to protective order by Itunes. | GMQ | 0.40 | 160.00 |
| 08/08/05 | Review letter from Kevin Kaplan on the composing agreement; discuss same with Ken Hartmann. | GMQ | 0.50 | 200.00 |
| 08/08/05 | Review correspondence regarding composer agreement; confer with Gail McQuilkin regarding same, appeal. Draft motion to dismiss appeal. | KRH | 1.80 | 810.00 |
| 08/09/05 | Review motion to dismiss; discuss implications with client and Ken Hartmann. | GMQ | 1.20 | 480.00 |
| 08/09/05 | Review 11th Circuit materials regarding appeal. Draft, revise motion to dismiss appeal; interoffice conference and telephone conference with Steve Silvers regarding same. Review order of dismissal. Telephone conference with Adam Rabin regarding same. | KRH | 1.60 | 720.00 |
| 08/10/05 | Analyze subject matter jurisdiction order, with 11th Circuit Court cases regarding same. Interoffice conference regarding jurisdictional issues, appeal. Confer with Gail McQuilkin regarding same. Telephone conference with Adam Rabin regarding status, action items. | KRH | 2.10 | 945.00 |
| 08/11/05 | Review appeal statement. | GMQ | 0.50 | 200.00 |
| 08/12/05 | Work on case strategy; edit and revise r · work on outline for' deposition; confer with client about status of case; confer witl | GMQ | 4.50 | 1,800.00 |
| 08/15/05 | Meeting with Gail McQuilkin regarding appeal; draft notice regarding appeal and determining procedural requirements. | CFB | 1.90 | 475.00 |

**REDACTED**

STEVEN A. SILVERS
Page 19

October 19, 2005
Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 08/15/05 | Review, exchange email; confer with Gail McQuilkin regarding status, action items. | KRH | 0.50 | 225.00 |
| 08/15/05 | Review designation of record; confer with Chris Branch to file procedural information with 11th circuit; research whether ʃ | GMQ | 2.80 | 1,120.00 |
| 08/16/05 | Confer with Gail McQuilkin regarding appeal, procedural jurisdictional issues. Review Plaintiff's case statement. | KRH | 0.40 | 180.00 |
| 08/17/05 | Confer with Apple and Cafepress on protective order. | GMQ | 0.80 | 320.00 |
| 08/17/05 | Confer with Gail McQuilkin regarding status, action items. | KRH | 0.20 | 90.00 |
| 08/18/05 | Draft outline of answer and counterclaim. | GMQ | 2.20 | 880.00 |
| 08/18/05 | Confer with Gail McQuilkin regarding consolidation Review, analyze local rules regarding same. | KRH | 1.10 | 495.00 |
| 08/19/05 | Review email from Stelor counsel; review motion for extension of time to file amended complaint . | GMQ | 1.60 | 640.00 |
| 08/19/05 | Review, exchange email regarding procedural issues, status. Analyze transfer issues. Review motion for extension. | KRH | 0.70 | 315.00 |
| 08/20/05 | Review file; draft list of action items, discussion points for meeting with counsel. | KRH | 0.40 | 180.00 |
| 08/22/05 | Review files, prepare, attend case management meeting. | KRH | 1.20 | 540.00 |
| 08/25/05 | Review court order on extension; make edits to protective order. | GMQ | 1.20 | 480.00 |
| 08/25/05 | Confer with Gail McQuilkin regarding status, Stelor amended complaint, related issues. | KRH | 0.30 | 135.00 |
| 08/26/05 | Review materials | GMQ | 1.20 | 480.00 |
| 08/27/05 | Review, exchange email regardir telephone conference with Gail McQuilkin regarding same. | KRH | 0.40 | 180.00 |

REDACTED

STEVEN A. SILVERS                                          October 19, 2005
Page 20                                                   Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 08/29/05 | Review email regarding status, procedural issues. Telephone conferences with A. Rubin regarding same. | KRH | 0.60 | 270.00 |
| 08/30/05 | Confer with Mr. Hartmann re subject matter jurisdiction (.2); research re same (.6); e-mails with Mr. Hartmann re same (.2). | JXG | 1.00 | 250.00 |
| 08/30/05 | Review motion to transfer; confer with Ken Hartmann about response; confer with | GMQ | 2.20 | 880.00 |
| 08/30/05 | Telephone conferences, email regarding extension to file response to complaint. Draft motion for extension. | KRH | 0.30 | 135.00 |
| 08/31/05 | Confer with Ken Hartmann re filing response to motion to transfer and revise | GMQ | 1.50 | 600.00 |
| 08/31/05 | Research re effect of subject matter jurisdiction dismissal (.4); e-mails with Mr. Hartmann re same (.2). | JXG | 0.60 | 150.00 |
| 08/31/05 | Review Stelor "response." Revise pleadings; review John Gravante memo. Telephone conferences with Gail McQuilkin, Adam Rabin regarding procedurals, related issues. Review cases regarding appellate jurisdiction, related issues. | KRH | 1.80 | 810.00 |
| 09/01/05 | Assist with procedural issues for filing motion to dismiss with 11th Circuit Court of Appeals. | YCP | 0.40 | 60.00 |
| 09/01/05 | Review, exchange email regarding numerous issues. Confer with Gail McQuilkin regarding status, action items. Revise pleadings. Draft Review mediation order; telephone conference with Steve Silvers regarding same, numerous issues. | KRH | 3.10 | 1,395.00 |
| 09/02/05 | E-mail exchange with Adam Rabin re motion for | GMQ | 0.60 | 240.00 |
| 09/03/05 | Review, email, voicemail from Steve Silvers regarding status. | KRH | 0.40 | 180.00 |

**REDACTED**

STEVEN A. SILVERS                                     October 19, 2005
Page 21                                           Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 09/03/05 | Finalize       prepare affidavit for | GMQ | 2.40 | 960.00 |
| 09/06/05 | Review, exchange email regarding Stelor request for discovery extension, related issues.  Email to Adam Rabin regarding | KRH | 0.40 | 180.00 |
| 09/06/05 | Receive/review e-mail from Kenneth Hartmann re: research same (.8). | KJL | 0.80 | 120.00 |
| 09/07/05 | Telephone conference with Steve Silvers, Gail McQuilkin regarding status. | KRH | 0.50 | 225.00 |
| 09/07/05 | Confer with Ken Hartman re various matters in case. | GMQ | 0.80 | 320.00 |
| 09/07/05 | Retrieve various documents/contracts for KRH re: copy same  (1.0). | KJL | 1.00 | 150.00 |
| 09/08/05 | Revise correspondence.  Analyze    regarding same.   Email, telephone conferences with Steve Silvers regarding Review, revise affidavit regarding | KRH | 2.20 | 990.00 |
| 09/08/05 | Confer with Kenneth Hartmann re:   confer with clerk re: obtaining copy of all records on file; draft letter to records department requesting same (1.5). | KJL | 1.50 | 225.00 |
| 09/09/05 | Revise correspondence regarding exchange email with Steve Silvers regarding same. Review Stelor motion for extension; draft response. | KRH | 0.90 | 405.00 |
| 09/10/05 | Review email, voicemail re   Revise correspondence re: same. | KRH | 0.30 | 135.00 |
| 09/12/05 | Review cross claim and confer with Ken Hartmann re case; conference call with l | GMQ | 1.20 | 480.00 |

**REDACTED**

STEVEN A. SILVERS                                      October 19, 2005
Page 22                                               Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 09/12/05 | Revise pleadings.  Confer with Gail McQuilkin re: status, action issues,          Telephone conference with Adam Rabin re: status, attorneys fees. | KRH | 1.40 | 630.00 |
| 09/13/05 | Research for Ken Hartmann re: declaratory action | CFB | 0.60 | 150.00 |
| 09/15/05 | Exchange email, telephone conference with    Confer with Gail McQuilkin re:    related issues.  Telephone conference with Adam Rabin re: motion for attorneys fees | KRH | 1.40 | 630.00 |
| 09/15/05 | Receive/review e-mail from Kenneth Hartmann re: case cited by Judge Hurley, Freeplay Music, Inc. v Verance Corp; reserach same and forward findings to Kenneth Hartmann (.6). | KJL | 0.60 | 90.00 |
| 09/16/05 | | GMQ | 1.80 | 720.00 |
| 09/16/05 | Telephone conference | KRH | 1.20 | 540.00 |
| 09/22/05 | Edit and revise reply to motion to dismiss. | GMQ | 1.30 | 520.00 |
| 09/22/05 | Revise reply re: motion to dismiss appeal; confer with Gail McQuilkin re: same.  Revise correspondence; telephone conference with Adam Rabin re: motion for attorneys fees, related issues. Review email. | KRH | 1.40 | 630.00 |
| 09/23/05 | Confer with Gail McQuilkin | KRH | 0.40 | 180.00 |
| 09/26/05 | Telephone conference with Adam Rabin re:    attorneys fees, rehearing issues. | KRH | 0.40 | 180.00 |
| 09/26/05 | Confer with Adam Rabin on motion for fees. | GMQ | 0.80 | 320.00 |

REDACTED

STEVEN A. SILVERS                                        October 27, 2005
Page 23                                               Reference No.: 123

| Date | SERVICES | Atty | Hours | Amount |
|------|----------|------|-------|--------|
| 09/28/05 | Exchange email with Adam Rabin re: motion for fees.  Confer with Gail McQuilkin re: related issues. | KRH | 0.60 | 270.00 |
| 09/29/05 | Confer with Gail McQuilkin re: client conference, related issues. | KRH | 0.50 | 225.00 |
| 10/21/05 | Review motion for fees; begin edits and revisions; additional research on same. | GMQ | 3.50 | 1,400.00 |
| 10/22/05 | Edit fee motion; additional research on same. | GMQ | 10.50 | 4,200.00 |

### SUMMARY OF SERVICES

| Hours | | Rate | Amount |
|-------|--|------|--------|
| 6.20 | CHRIS F. BRANCH | 250.00 | 1,550.00 |
| 2.00 | EPSTEIN, MIKE | 150.00 | 300.00 |
| 1.60 | GRAVANTE, JOHN | 250.00 | 400.00 |
| 181.10 | HARTMANN,KENNETH R. | 450.00 | 81,495.00 |
| 26.70 | KAPLAN, JUSTIN B. | 150.00 | 4,005.00 |
| 87.80 | KEVA J. LABOSSIERE | 150.00 | 13,170.00 |
| 266.20 | McQUILKIN, GAIL | 400.00 | 106,480.00 |
| 0.70 | PAZ, YAMILE C. | 150.00 | 105.00 |

T O T A L   F O R   S E R V I C E S                    $    207,505.00

**TOTAL AMOUNT DUE**                                   $    207,505.00

Exhibit  C

## Dimond Kaplan & Rothstein, P. A.
200 S.E. 1st Street
Suite 708
Miami, FL  33131

*Invoice submitted to:*

October 28, 2005

*In Reference To:* Stelor v. Silvers
Our File No.:  1122.4

*Invoice #1821*

Professional Services

|  |  | Hours | Amount |
|---|---|---|---|
| 5/21/2005 ATR | Conference with client; review complaint and other pleadings. | 1.00 | 295.00 |
| 5/23/2005 ATR | Conference with K. Hartmann; conference with S. Silvers; assist K. Hartmann with hearing preparation; attend preliminary injunction hearing. | 7.00 | 2,065.00 |
| 5/24/2005 ATR | Conference with S. Silvers multiple times; conference with K. Hartmann multiple times re: injunction hearing. | 3.00 | 885.00 |
| 5/31/2005 ATR | Conference with K. Hartmann; review e-mails from Steven Slivers. | 0.60 | 177.00 |
| 6/2/2005 ATR | Conference with S. Silvers; review various e-mails with client. | 1.00 | 295.00 |
| 6/3/2005 ATR | Review objections to motion for preliminary injunction; conference with K. Hartmann. | 1.00 | 295.00 |
| 6/8/2005 ATR | Conference with S. Silvers regarding case, injunction issues, and strategy re: objections. | 0.50 | 147.50 |
| 6/9/2005 ATR | Review of various orders from court including signed Order granting plaintiff's Motion for Temporary Restraining Order and Plaintiff's response to urgent request for clarification of Order granting Temporary Restraining Order. | 1.00 | 295.00 |
| 6/11/2005 ATR | Review of pleadings re: request for TRO. | 0.50 | 147.50 |
| 6/14/2005 ATR | Conference with K. Hartmann; send case status e-mail to partners at my firm. | 0.50 | 147.50 |
| 6/15/2005 ATR | Review of pleadings re: request for and objections to injunction. | 0.40 | 118.00 |
| 6/17/2005 ATR | Review of various pleadings regarding request TRO and objections to injunctions. | 0.80 | 236.00 |

| | | Hours | Amount |
|---|---|---|---|
| 6/21/2005 ATR | Conference with G. McQuilkin review pleadings re: request for and objections to injunctions. | 1.00 | 295.00 |
| 6/23/2005 ATR | Review of pleadings re: request for and objection to injunctions and orders | 0.50 | 147.50 |
| 7/6/2005 ATR | Review of order regarding preliminary injunction. | 1.50 | 442.50 |
| 7/20/2005 ATR | Conference with G. McQuilkin re: case strategy; review S. Esrig's affidavits and reply filed by Stelor. | 1.00 | 295.00 |
| 7/21/2005 ATR | Review of demand letter dated June 6, 2005. | 0.20 | 59.00 |
| 7/25/2005 ATR | Review of various pleadings; review notice of appeal and supporting documents. | 1.20 | 354.00 |
| 7/26/2005 ATR | Conference with G. McQuiklin re case status | 0.10 | 29.50 |
| 7/27/2005 ATR | Review of letter from K. Hartmann to K. Kaplan. | 0.20 | 59.00 |
| 7/28/2005 ATR | Review of correspondence from K. Kaplan. | 0.30 | 88.50 |
| 7/29/2005 ATR | Review of Order granting without prejudice Defendant's Motion to Dismiss. | 0.30 | 88.50 |
| 8/1/2005 ATR | Conference with G. McQuilkin; review strategy for case. | 1.00 | 295.00 |
| 8/2/2005 ATR | Conference with G. McQuilkin. | 0.50 | 147.50 |
| 8/4/2005 ATR | Review of letter from K.Hartmann | 0.20 | 59.00 |
| 8/5/2005 ATR | conference with client re: strategy | 0.20 | 59.00 |
| 8/8/2005 ATR | Conference with G. McQuilkin re status of case. | 0.40 | 118.00 |
| 8/9/2005 ATR | Extensive Conference with K. Hartmann; conference with client; review order regarding jurisdiction. | 3.00 | 885.00 |
| 8/10/2005 ATR | Conference with G. McQuilkin and K. Hartmann regarding case status | 1.00 | 295.00 |
| 8/15/2005 ATR | Conference with G. McQuilkin regarding case. | 0.40 | 118.00 |
| 8/19/2005 ATR | discuss discovery with G. McQuilkin; review of various pleadings. | 0.80 | 236.00 |
| 8/22/2005 ATR | conference call with co-counsel regarding strategy. | 1.00 | 295.00 |
| 8/23/2005 ATR | Work on case strategy; confer with K. Hartmann and G. McQuilkin. | 1.00 | 295.00 |
| 8/25/2005 ATR | Review of pleadings and case strategy; call from S. Silvers. | 1.00 | 295.00 |
| 8/29/2005 ATR | Several conferences with co-counsel regarding case strategy and Go Daddy issues; review order from court. | 1.00 | 295.00 |

| | | Hours | Amount |
|---|---|---|---|
| 8/30/2005 ATR | Research re: attorneys' fees; multiple conference calls re: case strategy; confer with K. Hartmann re: objection to motion to transfer; review motion to transfer; send e-mail to K. Kaplan. | 3.00 | 885.00 |
| 8/31/2005 ATR | Conference with K. Hartmann regarding state court strategy; review response to Motion to Transfer. | 1.50 | 442.50 |
| 9/6/2005 ATR | Review of motion for enlargement of time; review pleadings. | 1.00 | 295.00 |
| 9/8/2005 ATR | Conference with S. Silvers. | 0.50 | 147.50 |
| 9/9/2005 ATR | Review of pleadings; meet with S. Silvers | 2.00 | 590.00 |
| 9/12/2005 ATR | Conference with K. Hartmann; review pleadings filed by K. Hartmann; review e-mail from K. Kaplan | 1.00 | 295.00 |
| 9/13/2005 ATR | Conference with S. Silvers | 0.50 | 147.50 |
| 9/16/2005 ATR | Review of various pleadings; conference with S. Silvers. | 1.00 | 295.00 |
| 9/19/2005 ATR | Conference with S. Silvers; review documents various e-mails and documents; | 1.00 | 295.00 |
| 9/23/2005 LMP | Research regarding Award of Attorneys Fees in Federal Court pursuant to 28 USC. 1927 (Vexatious Litigation) | 3.00 | 480.00 |
| ATR | Conference with L. Pruss re: research on vexatious litigation; review cases re: same · | 1.00 | 295.00 |
| 9/25/2005 ATR | Review of S. Silvers' e-mail; answer various questions; review research re: vexatious litigation | 1.50 | 442.50 |
| 9/26/2005 ATR | Work on arranging mediation; confer with cleint; confer with co-counsel | 1.50 | 442.50 |
| 9/27/2005 ATR | Conference with client; confer with co-counsel; confer with K. Hartmann; confer with opposing counsel re: mediation | 4.00 | 1,180.00 |
| 10/3/2005 ATR | Conference with K. Hartmann several times; confer with client and G. McQuilkin regarding various issues and strategy. | 2.00 | 590.00 |
| 10/5/2005 ATR | Research regarding entitlement to attorneys' fees; conference with client regarding settlement; review final order of dismissal; conference with co-counsel regarding strategy and significance of final order of dismissal. | 3.00 | 885.00 |
| 10/6/2005 ATR | Draft/revise motion for attorneys' fees; review case law regarding prevailing party and Fla. Stat. 57.105. | 2.00 | 590.00 |
| 10/7/2005 ATR | Draft/revise motion for attorneys' fees; review pleadings file to prepare chronology. | 1.90 | 560.50 |
| 10/17/2005 ATR | Draft/revise motion for attorneys' fees; work on expert affidavit; research various issues regarding entitlement. | 8.00 | 2,360.00 |

Page    4

| | | | Hours | Amount |
|---|---|---|---|---|
| 10/18/2005 | ATR | Draft/revise motion for attorneys' fees; work on expert affidavit; review time records; research 57.105 and Rule 11 case law. | 7.00 | 2,065.00 |
| 10/19/2005 | ATR | Draft/revise motion for attorneys' fees; review research regarding Rule 11 sanctions; research claim against injunction bond. | 5.00 | 1,475.00 |
| 10/20/2005 | ATR | Draft/revise memorandum of law regarding entitlement to fees; review bill of costs; review cases. | 4.50 | 1,327.50 |
| | ATR | work on issues regarding amount of fees recoverable including conferring with expert Eric Christu; review of time records; drafting section of memorandum regarding terms of fee agreement and expert fees. | 1.90 | 560.50 |
| 10/21/2005 | ATR | Revise memorandum of law regarding entitlement under prevailing party provision of contract, Fla. Stat. 57.105, and order to show cause under Rule 11; research cases regarding same; confer with G. McQuilkin and K. Hartmann several times regarding same; confer with K. Kaplan regarding same. | 5.00 | 1,475.00 |
| | ATR | work on Declaration of Eric Christu regarding amount of fees; meet with Eric Christu regarding same. | 2.50 | 737.50 |
| 10/22/2005 | ATR | Work on Declaration of Eric Christu regarding amount of fees; review time records of DKR and KTT. | 4.00 | 1,180.00 |

**For professional services rendered**     104.40   **$30,393.00**

Additional Charges :

| | | | |
|---|---|---|---|
| 6/30/2005 | Facsimile expense for June 2005. | | 9.50 |
| 9/30/2005 | Facsimile expense for September 2005. | | 3.75 |

**Total costs**     **$13.25**

**Total amount of this bill**     **$30,406.25**

Balance due     $30,406.25

Exhibit  D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393-CIV-HURLEY

STELOR PRODUCTIONS, LLC
f/k/a Stelor Productions, Inc.

      Plaintiff

v.

STEVEN A. SILVERS,

      Defendant.
_____/

### DECLARATION OF EXPERT ERIC C. CHRISTU, ESQUIRE IN
### SUPPORT OF DEFENDANT'S VERIFIED MOTION FOR ATTORNEYS' FEES

    1.    I am attorney engaged in the practice of law in Palm Beach County, Florida and am admitted to the Bar of the State of Florida. I am also admitted to practice before the following federal courts: United States District Court for the Southern and Middle Districts of Florida; Eleventh Circuit Court of Appeals; and United States Supreme Court.

    2.    I am a 1984 graduate of Georgetown University Law Center. Since graduating in 1984, I have concentrated my practice in the areas of commercial and business litigation. A substantial part of my practice is before the federal courts, including the United States District Court for the Southern District of Florida.

    3.    Since 1996, I have practiced with the firm of Elk Bankier Christu & Bakst, LLP, as one of the senior partners. The firm presently employs 15 attorneys and has offices in West Palm Beach and Boca Raton.

    4.    I am Board Certified in Business Litigation by The Florida Bar since 1996. In calendar year 2001, I also served as the president for the Federal Bar Association for West Palm Beach.

5.     I have handled many commercial breach of contract cases similar to the issues presented in this case, including litigation of numerous cases involving motions for preliminary injunctions and hearings on such motions.

6.     I am familiar with the prevailing market rates in the Southern District of Florida for attorneys with comparable skills, experience, and reputation as Kenneth R. Hartmann and Gail A. McQuilkin of Kozyak Tropin & Throckmorton ("KTT"), Adam T. Rabin of Dimond Kaplan & Rothstein, P.A. ("DKR"), and their firms generally.

7.     I have been asked to opine on: (a) the reasonable hourly rates for attorneys in the Southern District of Florida with reasonably comparable skills, experience and reputation for the services performed in this case, and the prevailing rates for law clerks and paralegals; and (b) the reasonable number of compensable hours spent by the attorneys, law clerks and paralegals in this case.

8.     In preparing my opinion, I have (a) examined the pleadings, orders, memoranda of law, motions and other papers in the case; (b) reviewed KTT and DKR's time records; and (c) consulted with counsel about the case.

9.     In preparing my opinion on the attorneys' reasonable hourly rates, in addition to my knowledge of reasonable rates in the community, I considered generally the permissive twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). These factors affirmed my opinion.

10.     Generally, I found the overall time spent by the two law firms involved to be reasonable, particularly so given the skill and aggressiveness of the Plaintiff's attorneys. I found the hourly rates for the paralegals and law clerks to be slightly higher than that which I would find customary and made this reduction from $150 to $125 per hour. I also reduced some time for the

2

law clerks as it appeared there may have been some "learning curve" time spent on the file which is not an unusual occurrence. I further made some adjustments/deductions on attorney time for instances where I believe there was duplicative effort.

11.      It is my opinion that the reasonably compensable hours and reasonable hourly rates for the respective attorneys, law clerks and paralegals are as follows:

| KTT Attorneys | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Kenneth R. Hartmann, Esq. (partner) | 179 | $450 | $80,550 |
| Gail A. McQuilkin, Esq. (partner) | 265 | $400 | $106,000 |
| Chris Branch, Esq. (associate) | 6.2 | $250 | $1,550 |
| John Gravante, Esq. (associate) | 1.6 | $250 | $400 |
| **Total** | 451.8 | | $188,500 |

| DKR Attorney | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Adam T. Rabin (partner) | 94[1] | $295 | $27,730 |

| KTT Law Clerks and Paralegals | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Micheal Epstein (law clerk) | 2.0 | $125 | $250 |
| Justin Kaplan (law clerk) | 25.5 | $125 | $3,187.50 |
| Yamile Paz (paralegal) | .7 | $125 | $87.50 |
| Keva Lebossierie (paralegal) | 87.8 | $125 | $10,975 |
| **Total** | 116 | | $14,500 |

| OVERALL TOTAL | 661.8 | | $230,730 |

---

[1] Mr. Rabin's time spent litigating the "amount" of fees owed as opposed to "entitlement" to fees has already been deducted and was not included in this figure of 94 hours. A total of 10.4 hours was deducted for this purpose.

3

I declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true. I further declare that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, Under Section 1001 of Title 18 of the United States Code.

Dated _____

Eric C. Christu

Exhibit  E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-80393-CIV-HURLEY/Hopkins

STELOR PRODUCTIONS, L.L.C.,
a Delaware corporation,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.

_____/

## BILL OF COSTS

    Judgment having been entered in the above entitled action on October 5, 2005, against Stelor

Productions, L.L.C., the Clerk is requested to tax the following as costs:

| | | |
|---|---|---|
| Fees of the Clerk.................................................................................... | $ | |
| Fees for service of summons and subpoena................................................. | $ | 264.50 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.................................................................................... | $ | 92.90 |
| Fees and disbursement for printing............................................................ | | *See* Exhibit 1 |
| Fees for witnesses ................................................................................... | $ | |
| Fees for exemplification and copies of papers necessarily obtained for use in the case........................................................................................................ | $ | |
| Docket fees under 18. U.S.C. 1923............................................................ | $ | |
| Cost as shown on Mandate of Court of Appeals........................................... | $ | |
| Compensation of court-appointed experts.................................................... | $ | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828..................................................................................... | $ | |
| Other Costs (*See* Exhibit 1)...................................................................... | $ | 16,121.17 |
| **TOTAL** | $ | **16,478.57** |

## DECLARATION

    I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: **Kevin C. Kaplan, Esq., Daniel F. Blonsky, Esq. and David Zack, Esq.**, Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A., Counsel for Plaintiff, Office in the Grove, Penthouse A, 2699 South Bayshore Drive, Miami, FL 33133.

Signature of Attorney: _____

Name of Attorney:   Kenneth R. Hartmann

For:   Kozyak Tropin & Throckmorton, P.A.     Date: 11/1/05
       2525 Ponce de Leon, 9th Floor, Coral Gables, FL 33134
       Tel: 305/372-1800

Costs are taxed in the amount of $_____ and included in the judgment.

_____By:_____

Clerk of Court             Deputy Clerk           Date

<table>
<tr><td colspan="5" align="center"><strong>Exhibit "1"</strong></td></tr>
<tr><td colspan="5" align="center"><strong>Summary of Requested Reimbursement of Expenses</strong></td></tr>
<tr><td></td><td align="center"><strong>Description</strong></td><td><strong>Sub-totals</strong></td><td><strong>Amount</strong></td><td align="center"><strong>INVOICE(S) ATTACHED</strong></td></tr>
<tr><td>1</td><td>Filing Fees</td><td></td><td>$0.00</td><td></td></tr>
<tr><td>2</td><td>Witness Fees</td><td></td><td>$0.00</td><td></td></tr>
<tr><td>3</td><td>Lien & Title Searches</td><td></td><td>$0.00</td><td></td></tr>
<tr><td>4</td><td>Photocopies (a-b):</td><td></td><td>$4,552.13</td><td></td></tr>
<tr><td></td><td>(a) In-house Copies:</td><td>$2,617.25</td><td></td><td><strong>Not Attached*</strong></td></tr>
<tr><td></td><td>(b) Outside Copies:</td><td>$1,934.88</td><td></td><td>Attached</td></tr>
<tr><td></td><td></td><td>$4,552.13</td><td></td><td></td></tr>
<tr><td>5</td><td>Postage</td><td></td><td>$7.89</td><td><strong>Not Attached</strong></td></tr>
<tr><td>6</td><td>Overnight Delivery Charges</td><td></td><td>$239.58</td><td>Attached</td></tr>
<tr><td>7</td><td>Outside Courier/Messenger Service</td><td></td><td>$306.86</td><td>Attached</td></tr>
<tr><td>8</td><td>Long Distance Telephone Charges</td><td></td><td>$73.71</td><td><strong>Not Attached</strong></td></tr>
<tr><td>9</td><td>Fax Transmissions</td><td></td><td>$368.00</td><td><strong>Not Attached</strong></td></tr>
<tr><td>10</td><td>Computerized Research (a-e):</td><td></td><td>$10,469.56</td><td></td></tr>
<tr><td></td><td>(a) Westlaw</td><td>$9,960.28</td><td></td><td>Attached</td></tr>
<tr><td></td><td>(b) Pacer Service Center</td><td>$9.28</td><td></td><td><strong>Not Attached</strong></td></tr>
<tr><td></td><td>(c) Corporate Search</td><td>$32.00</td><td></td><td>Attached</td></tr>
<tr><td></td><td>(d) AutoTrack XP/ChoicePoint</td><td>$39.00</td><td></td><td>Attached</td></tr>
<tr><td></td><td>(e) Global Domain Search</td><td>$429.00</td><td></td><td>Attached</td></tr>
<tr><td></td><td></td><td>$10,469.56</td><td></td><td></td></tr>
<tr><td>11</td><td>Miscellaneous (a-b):</td><td></td><td>$103.44</td><td>Attached</td></tr>
<tr><td></td><td>(a) Googles Merchandise - CafePress.com</td><td>$83.46</td><td></td><td></td></tr>
<tr><td></td><td>(b) Googles Merchandise - iTunes (Evidence)</td><td>$19.98</td><td></td><td></td></tr>
<tr><td></td><td></td><td>$103.44</td><td></td><td></td></tr>
<tr><td colspan="3" align="center"><strong>TOTAL EXPENSE REIMBURSEMENT REQUESTED:</strong></td><td colspan="2"><strong>$16,121.17</strong></td></tr>
<tr><td colspan="5"><strong><em>*Invoices for all "soft costs" not attached.</em></strong></td></tr>
</table>

10/31/2005

# INVOICES FOR FEES FOR SERVICE OF SUMMONS AND SUBPOENA

# Civil Action Group ( a APS International )

NOW, you can also access this information on
the web at: www.civilactiongroup.com

## National Listed Service

Tuesday, July 05, 2005      Service of Process in: Los Angeles, CA

**Attn: Ms. Keva Labossiere**
**Fax Number: (305) 372-3508**

**Your APS Contact:**
**Vanh Thao  -- Ext: 328**

Thank you for calling APS International. APS offers three levels of service in this area:

Priority Service     Fee:   $114.00     Time frame: Two attempts within 3 business days after receipt.
  --Please fax a copy of your cover letter and the first page of the summons/subpoena to 800-538-5299 for tracking
      and quality control purposes.
  --Send two sets of the documents VIA OVERNIGHT COURIER with prepayment to:

      **APS #112 - Attn: Sandy**
      **409 East Dorothy Drive**
      **Fullerton, CA 92831**

RUSH Service     Fee:   $138.00     Time frame: Two attempts within 1 business days after receipt.

  --Please fax a copy of your cover letter and the first page of the summons/subpoena to 800-538-5299 for tracking
      and quality control purposes.
  --Send two sets of the documents with prepayment via overnight courier to the address provided under "Priority Service"

Same Day Fax/Email     Fee:   $228.00     Plus $1.00 per page for handling and forwarding.

  --Time frame: Two attempts on the same day the documents are received via fax or email before 12:00 p.m. CST
      any documents received after 12:00 p.m. CST will be handled as a rush for service on the next business day.
  --Please fax your cover letter and one complete set of documents for service to (952) 831-8150 or toll free
      1-800-538-5299 OR scan the entire set of documents (preferably multi-page, tiff format or pdf format) and
      email to natl@civilactiongroup.com with the subject line: "Same Day Fax service request attached"
  --If APS is unable to complete service for any reason within the requested time frame, you will be contacted.

**GENERAL INFORMATION:**
  --All Fees are for two attempts at one address on one defendant. If Personal Service is required, full fees will be required for
each defendant - even if at the same address. If additional proofs are required for service on one person, there is an additional
charge for each additional proof - see bottom of page for fee.
  --DO NOT send Original Documents without written instructions. For example, if the Original Summons must be shown to the
party being served and then returned with the proof of service, you MUST put such instructions in writing. Do not send any
Original Documents unless required by State Law.
  --CAG cannot service papers on tribal lands.

**COVER LETTERS:** All cover letters should include at least the following:
  --Case name, number, and venue.
  --Attorney's file or reference number (if any)
  --Person or business to be served and address for service
     IF PERSONAL SERVICE IS REQUIRED:  A description of the person to be served or a picture
  --Deadlines for service
  --Deadlines for return of proof (include prepaid airbill OR FedEx account number)
  --Under what circumstances and on whom substitute service can be made.
  --Subpoena Service -- please include a check payable to the witness and/or clerk of court, if applicable.
  --Any other special instructions.

> **Make checks payable to:**
> **APS International, Ltd.**
> **Minneapolis, MN 55439**

> **APS does accept**
> **VISA and Mastercard.**

**SURCHARGES:** All fees are for two attempts at one address. If service is made at a second address or at an address other
than the address provided, surcharges will be accrued.
  --Additional proofs each:   $42.00        --Additional addresses are full charge.
  --Saturday Service -- additional $25.00        --Appointment of a Special Process Server: -- additional $20.00

# Civil Action Group dba APS International

Phone:    (952) 831-7776
Toll Free: (800) 328-7171

NOW, you can also access this information on
the web at: www.civilactiongroup.com

**National Listed Service**

Thursday, July 14, 2005                    Service of Process in:  San Leandro, CA

**Attn: Ms. Keva Labossiere**          **Your APS Contact:**
**Fax Number: (305) 372-3508**          **Candi Howell  -- Ext: 332**

Thank you for calling APS International. APS offers three levels of service in this area:

**Priority Service**      Fee:    **$104.50**        Time frame: Two attempts within 3 business days after receipt.
    --Please fax a copy of your cover letter and the first page of the summons/subpoena to 800-538-5299 for tracking
        and quality control purposes.
    --Send two sets of the documents VIA OVERNIGHT COURIER with prepayment to:
        **APS #122 - Attn: Arthur**
        **414 Pendleton Way #2**
        **Oakland, CA  94621**

**RUSH Service**      Fee:    $126.50        Time frame: Two attempts within 1 business days after receipt.

    --Please fax a copy of your cover letter and the first page of the summons/subpoena to 800-538-5299 for tracking
        and quality control purposes.
    --Send two sets of the documents with prepayment via overnight courier to the address provided under "Priority Service"

**Same Day Fax/Email**      Fee:    **$209.00**        Plus $1.00 per page for handling and forwarding.

    --Time frame: Two attempts on the same day the documents are received via fax or email before 12:00 p.m. CST
        any documents received after 12:00 p.m. CST will be handled as a rush for service on the next business day.
    --Please fax your cover letter and one complete set of documents for service to (952) 831-8150 or toll free
        1-800-538-5299 OR scan the entire set of documents (preferably multi-page, tiff format or pdf format) and
        email to natl@civilactiongroup.com with the subject line: "Same Day Fax service request attached"
    --If APS is unable to complete service for any reason within the requested time frame, you will be contacted.

**GENERAL INFORMATION:**
    --All Fees are for two attempts at one address on one defendant.  If Personal Service is required, full fees will be required for
each defendant - even if at the same address. If additional proofs are required for service on one person, there is an additional
charge for each additional proof - see bottom of page for fee.
    --DO NOT send Original Documents without written instructions. For example, if the Original Summons must be shown to the
party being served and then returned with the proof of service, you MUST put such instructions in writing. Do not send any
Original Documents unless required by State Law.
    --CAG cannot service papers on tribal lands.

**COVER LETTERS:** All cover letters should include at least the following:
    --Case name, number, and venue.
    --Attorney's file or reference number (if any)
    --Person or business to be served and address for service
        IF PERSONAL SERVICE IS REQUIRED:  A description of the person to be served or a picture
    --Deadlines for service
    --Deadlines for return of proof (include prepaid airbill OR FedEx account number)
    --Under what circumstances and on whom substitute service can be made.
    --Subpoena Service -- please include a check payable to the witness and/or clerk of court, if applicable.
    --Any other special instructions.

**Make checks payable to:**
**APS International, Ltd.**
**Minneapolis, MN 55439**

**APS does accept**
**VISA and Mastercard.**

**SURCHARGES:** All fees are for two attempts at one address.  If service is made at a second address or at an address other
than the address provided, surcharges will be accrued.
    --Additional proofs each: **$38.50**                --Additional addresses are full charge.
    --Saturday Service -- additional $25.00            --Appointment of a Special Process Server: -- additional $20.00

# INVOICE FOR FEES OF
# THE COURT REPORTER

# OFFICIAL REPORTING SERVICE, LLC

*524 South Andrews Avenue, Suite 302N*
*Ft. Lauderdale, Florida  33301-2845*
*954-467-8204    Fax  954-467-8214*
*Tax ID  90-0180829*


Keva Labossiere, Esq                          June  1, 2005
Kozyak, Tropin & Throckmorton, PA
2525 Ponce De Leon Blvd                       **Invoice#** 20011607
9th Floor
Coral Gables, FL  33134                       **Balance:**     $92.90

*(POSTED)*


**Re:** Stelor Productions vs Steven Silvers
     0580393civ
     *on 05/23/05 by PHILIP MAY*


## *Invoicing Information*

| Charge Description | Amount |
|---|---|
| Hearing before Judge Hopkins - 79 pages | |
| One copy - @ 1.10 pp | 86.90 |
| Sent with OTD on 6/1/05 | 6.00 |

*Approved -*
*3339.10/*
*Keva Labossiere*


 P l e a s e    R e m i t    - - - >    **Total Due:**    $92.90


*BALANCE PAST DUE 30 DAYS SHALL BEAR INTEREST.*
*CLIENT AGREES TO PAY ALL COSTS OF COLLECTION.*

# PHOTOCOPIES:
# (b) OUTSIDE COPIES

# Services f 1-Site

### INVOICE

*Your In-House Office Services Company*

**A BLACK'S BUSINESS SYSTEMS COMPANY**
200 S. Biscayne Boulevard, Suite 4850
Miami, Florida 33131-5318
(305) 374-1521   Fax (305) 381-8885
FED ID: 65-0159999

| | |
|---|---|
| Invoice Number: | 65736 |
| Invoice Date: | May 4, 2005 |
| Page: | 1 |

**Sold To:**

Kozyak, Tropin, et al.
2525 Ponce De Leon
9th Floor
Coral Gables, FL 33134

 POSTED

**Ordered By:**

Gail

**Att:**   Ms. Ada Padilla

| Customer ID | Reference | Payment Terms | | |
|---|---|---|---|---|
| 1000KT01 | 3339 - 101 | Net 10 Days | | |
| REP ID | Shipping Method | Ship Date | Due Date | |
| Gables 1 | Best Way | | 5/14/05 | |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 11,114.00 | CR1000 | 8 1/2 x 11 Copy Reproduction | 0.10000 | 1,111.40 |
| 368.00 | CL1000 | 8 1/2 x 11 Color Laser Copies | 0.85000 | 312.80 |

*Please see attached backup for details.*

| | |
|---|---|
| SUBTOTAL | 1,424.20 |
| Sales Tax | 99.69 |
| Taxable Subtotal | 1,424.20 |
| Non-Taxable Subtotal | 0.00 |
| **INVOICE TOTAL** | **$   1,523.89** |

Received By: _____

# Services On-Site
### Your In-House Office Services Company

**A BLACK'S BUSINESS SYSTEMS COMPANY**
200 S. Biscayne Boulevard, Suite 4850
Miami, Florida 33131-5318
(305) 374-1521    Fax (305) 381-8885
FED ID: 65-0159999

# Invoice

| | |
|---|---|
| Invoice Number: | 65738 |
| Invoice Date: | May 4, 2005 |
| Page: | 1 |

**Sold To:**

Kozyak, Tropin, et al.
2525 Ponce De Leon
9th Floor
Coral Gables, FL 33134



**Ordered By:**

Gail

**Att:**   Ms. Ada Padilla

| Customer ID | Reference | Payment Terms | |
|---|---|---|---|
| 1000KT01 | 3339.101 | Net 10 Days | |
| REP ID | Shipping Method | Ship Date | Due Date |
| Gables 1 | Best Way | | 5/14/05 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 1.00 | CP1000 | 8 1/2 x 11 Color Laser Prints (Scan) | 0.85000 | 0.85 |
| 1.00 | DR1000 | CD ROM Reproduction | 20.00000 | 20.00 |

***Please see attached backup for details.**

| | |
|---|---|
| SUBTOTAL | 20.85 |
| Sales Tax | 1.46 |
| Taxable Subtotal | 20.85 |
| Non-Taxable Subtotal | 0.00 |
| INVOICE TOTAL | $   22.31 |

Received By: _____

# Services f 1-Site

*Your In-House Office Services Company*

**A BLACK'S BUSINESS SYSTEMS COMPANY**
**200 S. Biscayne Boulevard, Suite 4850**
**Miami, Florida 33131-5318**
**(305) 374-1521    Fax (305) 381-8885**
**FED ID: 65-0159999**

# Invoice

| | |
|---|---|
| Invoice Number: | 65723 |
| Invoice Date: | May 4, 2005 |
| Page: | 1 |

**Sold To:**

Kozyak, Tropin, et al.
2525 Ponce De Leon
9th Floor
Coral Gables, FL 33134



**Ordered By:**

Gail

**Att:**    Ms. Ada Padilla

| Customer ID | Reference | Payment Terms |
|---|---|---|
| 1000KT01 | 3339.101 | Net 10 Days |

| REP ID | Shipping Method | Ship Date | Due Date |
|---|---|---|---|
| Gables 1 | Best Way | | 5/14/05 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 254.00 | CL1000 | 8 1/2 x 11 Color Laser Copies (3 sets) | 0.85000 | 215.90 |
| 869.00 | BL1000 | 8 1/2 x 11 Black & White Laser Copies | 0.15000 | 130.35 |

***Please see attached backup for details.**

| | |
|---|---|
| SUBTOTAL | 346.25 |
| Sales Tax | 24.24 |
| Taxable Subtotal | 346.25 |
| Non-Taxable Subtotal | 0.00 |
| **INVOICE TOTAL** | $   370.49 |

Received By: _____

# Services In-Site

*Your In-House Office Services Company*

**A BLACK'S BUSINESS SYSTEMS COMPANY**
200 S. Biscayne Boulevard, Suite 4850
Miami, Florida 33131-5318
(305) 374-1521    Fax (305) 381-8885
FED ID: 65-0159999

# Invoice

|  |  |
|---|---|
| Invoice Number: | 66032 |
| Invoice Date: | May 24, 2005 |
| Page: | 1 |

**Sold To:**

Kozyak, Tropin, et al.
2525 Ponce De Leon
9th Floor
Coral Gables, FL 33134

**Ordered By:**

KRM / KJL


POSTED

**Att:**    Ms. Ada Padilla

| Customer ID | Reference | Payment Terms | |
|---|---|---|---|
| 1000KT01 | 3339.101 | Net 10 Days | |
| REP ID | Shipping Method | Ship Date | Due Date |
| Gables 1 | Best Way | | 6/3/05 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 9.00 | CL1000 | 8 1/2 x 11 Color Laser Copies | 0.85000 | 7.65 |

**\*Please see attached backup for details.**

|  |  |
|---|---|
| SUBTOTAL | 7.65 |
| Sales Tax | 0.54 |
| Taxable Subtotal | 7.65 |
| Non-Taxable Subtotal | 0.00 |
| INVOICE TOTAL | $    8.19 |

Received By: _____

# SERVICES ON-SITE
# OVERTIME REQUEST FORM

**Business Center Name:** _Kozyak & Tropin & Throckmorton_

**For:** _Keva Labossiere_          Extension: _____

**Date Requested:** _5/18/05._          Day: _____

**Client Matter #:** _3339.101._

**Attorney or Administrator Authorization:** _____

**Job Description:** _____

**Name:** _Eddy Perez_          **Start Time:** _6pm_

**End Time:** _6:30_

**TOTAL HOURS:** _½ hours_

**Name:** _____          **Start Time:** _____

**End Time:** _____

**TOTAL HOURS:** _____

**Name:** _____          **Start Time:** _____

**End Time:** _____

**TOTAL HOURS:** _____

**Name:** _____          **Start Time:** _____

**End Time:** _____

**TOTAL HOURS:** _____

**Name:** _____          **Start Time:** _____

**End Time:** _____

**TOTAL HOURS:** _____

**TOTAL OVERTIME:** _____

# OVERNIGHT DELIVERY CHARGES


Invoice Number:    9-432-2...
Account Number:    ▓▓▓▓▓
Page:              8 of 24

# FedEx Express Shipment Detail By Payor Type (Original)

---

**Picked up: Mar 14, 2005**　　　　**Payor: Shipper**　　　　**Reference: 3224 01**

---

**REDACTED**

---

**Picked up: Mar 15, 2005**　　　　**Payor: Shipper**　　　　**Reference: 3339-101**

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1278.47
- Fuel Surcharge - FedEx has applied a fuel surcharge of 8.50% to this shipment.
- Distance Based Pricing, Zone 2

| INET | | Sender | Recipient | |
|------|------|--------|-----------|---|
| Tracking ID | 790456407371 | Gail A. McQuilkin, Esq. | Steven A. Silvers | |
| Service Type | FedEx Standard Overnight | Kozyak Tropin & Throckmorton, | 8983 Okeechobee Blvd | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon, 9th Floor | WEST PALM BEACH FL 33411 US | |
| Zone | 2 | MIAMI FL 33134 US | | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 11.45 |
| Delivered | Mar 16, 2005  10:06 | Earned Discount | | -5.61 |
| Svc Area | AA | Fuel Surcharge | | 0.50 |
| Signed by | W.MORANI | | | |
| FedEx Use | 002332706/0000200/_ | Total Charge | USD $ | 6.34 |





## FedEx Express Shipment Detail By Payor Type (Original)

**Picked up:** Apr 21, 2005    **Payor:** Recipient    **Reference:** ~~NO REFERENCE INFORMATION~~ 3339-101

- The Earned Discount for this ship date has been calculated based on a revenue threshold of .S 1337.48
- Fuel Surcharge - FedEx has applied a fuel surcharge of 8.50% to this shipment.
- Distance Based Pricing, Zone 2
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.

| | | | |
|---|---|---|---|
| Tracking ID | 847958557080 | | |
| Service Type | FedEx Priority Overnight | | |
| Package Type | FedEx Pak | | |
| Zone | 2 | | |
| Packages | 1 | | |
| Weight | 2.0 lbs, 0.9 kgs | | |
| Delivered | Apr 22, 2005  09:26 | | |
| Svc Area | A2 | | |
| Signed by | M.KAZEMI | | |
| FedEx Use | 111044930/0000014/_ | | |

Sender
STEPHEN FRANKLIN
US DISTRICT COURT
2551 J AIRBROOK RD
WEST PALM BEACH FL 33407  US

Recipient
LISSETTE GARCIA  / GHR
KOZYAK TROPIN & THROCKMORTON P
2525 PARCE DE LEON BLVD 9TH FL
MIAMI FL 33134  US

| | |
|---|---|
| Transportation Charge | 17.50 |
| Courier Pickup Charge | 0.00 |
| Earned Discount | -6.83 |
| Fuel Surcharge | 0.91 |
| **Total Charge**    USD $ | **11.58** |

| | |
|---|---|
| **Shipment Detail Subtotal** .................................................................. USD $ | **30.09** |



# FedEx Express Shipment Detail By Payor Type (Original)

---

Picked up: Apr 27, 2005            Payor: Shipper            Reference: 3339-101 Silvers

---

- Fuel Surcharge - FedEx has applied a fuel surcharge of 8.50% to this shipment.
- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1374.31
- Distance Based Pricing, Zone 5
- Release signature on file.

| INET | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 792908448480 | Gail A. McQuilkin, Esq. | Steven A. Esrig | |
| Service Type | FedEx Standard Overnight | Kozyak Tropin & Throckmorton, | Stelor Productions, Inc. | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon, 9th Floor | Stelor Productions, Inc. | |
| Zone | 5 | MIAMI FL 33134 US | GERMANTOWN MD 20874 US | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 15.95 |
| Delivered | Apr 28, 2005 13:49 | Fuel Surcharge | | 0.69 |
| Svc Area | A2 | Earned Discount | | -7.82 |
| Signed by | 14691753 | Residential Delivery | | 2.00 |
| FedEx Use | 002332706/0000233/02 | | | |
| | | **Total Charge** | **USD $** | **10.82** |

REDACTED

Invoice Number: 5-616-56456
Invoice Date: May 10, 2005
Account Number: ████████
Page: 4 of 16

## FedEx Express Shipment Detail By Payor Type (Original)

Picked up: Apr 29, 2005                Payor: Shipper                Reference: 3339-101 Silvers

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1374.31
- Fuel Surcharge - FedEx has applied a fuel surcharge of 6.50% to this shipment
- Distance Based Pricing, Zone 2

| INET | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 790005133081 | Gail A. McQuilkin, Esq. | Kevin C. Kaplan, Esq. | |
| Service Type | FedEx Priority Overnight | Kozyak Tropin & Throckmorton, | Burlington Weil Schwiep Kaplan | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon, 9th Floor | 2699 S. Bayshore Drive | |
| Zone | 2 | MIAMI FL 33134  US | COCONUT GROVE FL 33133 US | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 13.35 |
| Delivered | May 02, 2005 09:53 | Earned Discount | | -6.54 |
| Svc Area | A2 | Fuel Surcharge | | 0.58 |
| Signed by | C.ROMAN | | | |
| FedEx Use | 002332706/0000186/_ | **Total Charge** | **USD $** | **7.39** |

**REDACTED**

Invoice Number:    5-810-90490
Invoice Date:    11/04/2005
Account Number:    
Page:    5 of 16

## FedEx Express Shipment Detail By Payor Type (Original)

Picked up: Apr 29, 2005          Payor: Shipper          Reference: 3339-101

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1374.31
- Fuel Surcharge - FedEx has applied a fuel surcharge of 8.50% to this shipment
- Distance Based Pricing, Zone 5
- 1st attempt May 02, 2005 at 05:59 AM.
- Incorrect recipient address
- Original address - 1300 I Street, NW/Washington, DC 20002

| INET | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 791056015320 | Gail A. McQuilkin, Esq | Laurence Helfer, Esq. | |
| Service Type | FedEx Priority Overnight | Kozyak Tropin & Throckmorton, | Finnegan Henderson Farabow | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon, 9th Floor | 901 N Y AVE NW | |
| Zone | 5 | MIAMI FL 33134  US | WASHINGTON DC 20001  US | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 17.55 |
| Delivered | May 03, 2005 09:34 | Address Correction | | 10.00 |
| Svc Area | A1 | Earned Discount | | -8.60 |
| Signed by | L.BROWN | Fuel Surcharge | | 0.76 |
| FedEx Use | 002332706/0000219/_ | | | |
| | | Total Charge | USD $ | 19.71 |

**REDACTED**



Invoice Number:     5-610-56436
Account Number:     ▉▉▉▉▉▉
Page:               11 of 16

# FedEx Express Shipment Detail By Payor Type (Original)

---

**Picked up:** May 04, 2005          **Payor:** Shipper          **Reference:** 3339-101 Silvers

---

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1382.99
- Fuel Surcharge - FedEx has applied a fuel surcharge of 11.50% to this shipment.
- Distance Based Pricing, Zone 2
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.

| INET | | Sender | Recipient |
|---|---|---|---|
| Tracking ID | 790502430020 | Gail A. McQuilkin, Esq. | Adam T. Rabin, Esq. |
| Service Type | FedEx Standard Overnight | Kozyak Tropin & Throckmorton, | Dimond Kaplan & Rothstein, PA |
| Package Type | FedEx Pak | 2525 Ponce de Leon, 9th Floor | 200 SE 1 Street |
| Zone | 2 | MIAMI FL 33134  US | MIAMI FL 33131  US |
| Packages | 1 | | |
| Weight | 2.0 lbs, 0.9 kgs | Transportation Charge | 14.75 |
| Delivered | May 05, 2005 12:54 | Earned Discount | -5.75 |
| Svc Area | A2 | Fuel Surcharge | 1.04 |
| Signed by | M.DIAMOND | | |
| FedEx Use | 002332706/0001263/_ | **Total Charge**          **USD $** | **10.04** |

---

**Picked up:** May 04, 2005          **Payor:** Shipper          **Reference:** 3339-101 Silvers

---

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1382.99
- Fuel Surcharge - FedEx has applied a fuel surcharge of 11.50% to this shipment.
- Distance Based Pricing, Zone 5
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.
- The package weight exceeds the maximum for the packaging type, therefore, FedEx Pak was rated as Customer Packaging.

| INET | | Sender | Recipient |
|---|---|---|---|
| Tracking ID | 791061385448 | Gail A. McQuilkin, Esq. | Kimberly Ryan |
| Service Type | FedEx Priority Overnight | Kozyak Tropin \ 26 Throckmorton | Delaware Attorney Services |
| Package Type | Customer Packaging | 2525 Ponce de Leon, 9th Floor | 2000 Pennsylvania Avenue |
| Zone | 5 | MIAMI FL 33134  US | WILMINGTON DE 19806  US |
| Packages | 1 | | |
| Weight | 5.0 lbs, 2.3 kgs | Transportation Charge | 38.75 |
| Delivered | May 05, 2005 10:19 | Earned Discount | -15.11 |
| Svc Area | A2 | Fuel Surcharge | 2.72 |
| Signed by | K.STAPLEFORD | | |
| FedEx Use | 002332706/0001552/_ | **Total Charge**          **USD $** | **26.36** |

## FedEx Express Shipment Detail By Payor Type (Original)

---

**Dropped off:** May 05, 2005          **Payor:** Shipper          **Reference:** 3339-101 Silvers

---

- Fuel Surcharge - FedEx has applied a fuel surcharge of 11.50% to this shipment.
- * RMA number is 123456
- Distance Based Pricing, Zone 5
- 1st attempt May 06, 2005 at 07:12 AM.
- Recipient not in/business closed.

| INET | | Sender | Recipient |
|---|---|---|---|
| Tracking ID | 790502304957 | Kimberly Ryan | Gail A. McQuilkin, Esq. |
| Service Type | FedEx First Overnight | Delaware Attorney Services | Kozyak Tropin & Throckmorton |
| Package Type | FedEx Envelope | 2000 Pennsylvania Avenue | 2525 Ponce de Leon Blvd |
| Zone | 5 | WILMINGTON DE 19806 US | MIAMI FL 33134 US |
| Packages | 1 | | |
| Weight | N/A | | |
| Delivered | May 06, 2005 10:07 | | |
| Svc Area | A2 | | |
| Signed by | KAZAMI | | |
| FedEx Use | 002332706/0000006/_ | | |

| | | |
|---|---|---|
| Transportation Charge | | 42.55 |
| Return Printed Label Surcharge | | 0.50 |
| Fuel Surcharge | | 4.89 |
| **Total Charge** | USD $ | 47.94 |

**REDACTED**

Invoice Number:    5-625-32475
Account Number:    
Page:    7 of 48

## FedEx Express Shipment Detail By Payor Type (Original)

Picked up: May 06, 2005          Payor: Shipper          Reference: 3339-101 Silvers

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1362.99
- Fuel Surcharge - FedEx has applied a fuel surcharge of 11.50% to this shipment.
- Distance Based Pricing, Zone 2

| INET | | Sender | Recipient | |
|------|------|--------|-----------|---|
| Tracking ID | 792916909830 | Gail A. McQuilkin, Esq. | Clerk of the Court (WPB) | |
| Service Type | FedEx Standard Overnight | Kozyal Tropin & Throckmorton, | US District Court | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon, 9th Floor | Federal Building | |
| Zone | 2 | MIAMI FL 33134 US | WEST PALM BEACH FL 33401 US | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 11.45 |
| Delivered | May 09, 2005 08:18 | Earned Discount | | -5.61 |
| Svc Area | AA | Fuel Surcharge | | 0.67 |
| Signed by | J.DUNLAP | | | |
| FedEx Use | 000233270G/0000200/_ | **Total Charge** | USD $ | **6.51** |

**REDACTED**

Invoice Number:
Account Number:
Page:              11 of 34



FedEx Express Shipment Detail By Payor Type (Original)

REDACTED

- Fuel Surcharge - FedEx has applied a fuel surcharge of 11.50% to this shipment.
- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1266.63
- Distance Based Pricing, Zone 3
- 1st attempt May 17, 2005 at 11:00 AM.
- Original address - 190 Escambia Lane/Cocoa Beach,FL 32932

| INET | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 792282661600 | Gail A. McQuilkin, Esq. | Russell Tewksbury | |
| Service Type | FedEx Standard Overnight | Kozyak Tropin & Throckmorton, | 190 ESCAMBIA LN | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon, 9th Floor | COCOA BEACH FL 32931  US | |
| Zone | 3 | MIAMI FL 33134  US | | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 13.35 |
| Delivered | May 17, 2005 11:01 | Residential Delivery | | 2.00 |
| Svc Area | AA | Fuel Surcharge | | 0.78 |
| Signed by | R.TEWKSBURY | Address Correction | | 10.00 |
| FedEx Use | 002332706/00002117 | Earned Discount | | -6.54 |
| | | **Total Charge** | **USD $** | **19.59** |


## FedEx Express Shipment Detail By Payor Type (Original)

**Picked up: Jul 14, 2005**     **Payor: Shipper**     **Reference: 3339-103**

- Fuel Surcharge - FedEx has applied a fuel surcharge of 10.50% to this shipment.
- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1185.04
- Distance Based Pricing. Zone 8

| INET | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 791676593094 | Keva Labossiere, Legal Assista | Arthur Arthur | |
| Service Type | FedEx Priority Overnight | Kozyak Tropin & Throckmorton | APS#112 | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon | 414 Penbelton Way #2 | |
| Zone | 8 | MIAMI FL 33134 US | OAKLAND CA 94621 US | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 19.40 |
| Delivered | Jul 15, 2005  11:23 | Fuel Surcharge | | 1.04 |
| Svc Area | A1 | Earned Discount | | -9.51 |
| Signed by | S.VERGARA | | | |
| FedEx Use | 000000000/0000252/_ | **Total Charge** | **USD $** | **10.93** |

**REDACTED**

Invoice Date    Jul 13, 2005
Account Number: ▓▓▓▓▓▓
Page:    11 of 20

FedEx Express Shipment Detail By Payor Type (Original)

**REDACTED**

Picked up: Jul 05, 2005          Payor: Shipper          Reference: 3339-103

- The Earned Discount for this shipment has been calculated based on a revenue threshold of $ 1220.50
- Fuel Surcharge - FedEx has applied a fuel surcharge of 10.50% to this shipment.
- Distance Based Pricing, Zone 8
- Release signature on file.

| INET | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 790075377406 | Keva Labossiere, Legal Assista | Sandy Sandy | |
| Service Type | FedEx Priority Overnight | Kozyak Tropin & Throckmorton | APS #112 | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon | 409 East Dorothy Drive | |
| Zone | 8 | MIAMI FL 33134 US | FULLERTON CA 92631 US | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 19.40 |
| Delivered | Jul 06, 2005  09:05 | Residential Delivery | | 2.00 |
| Svc Area | A2 | Earned Discount | | -9.51 |
| Signed by | 2896300 | Fuel Surcharge | | 1.04 |
| FedEx Use | 000000000/0000252/02 | | | |
| | | **Total Charge** | **USD $** | **12.93** |

Invoice Number:
Invoice Date:        Jul 13, 2005
Account Number:
Page:                13 of 20

## FedEx Express Shipment Detail By Payor Type (Original)

**REDACTED**

---

**Picked up: Jul 06, 2005**          **Payor: Shipper**          **Reference: 3339-103**

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1220.50
- Fuel Surcharge - FedEx has applied a fuel surcharge of 10.50% to this shipment.
- Distance Based Pricing, Zone 7

| INET | | | |
|---|---|---|---|
| Tracking ID | 791669798090 | **Sender** | **Recipient** |
| Service Type | FedEx Priority Overnight | Keva Labossiere, Legal Assista | Vanh Thao |
| Package Type | FedEx Envelope | Kozyak Tropin & Throckmorton | APS International, Ltd. |
| Zone | 7 | 2525 Ponce de Leon | 7800 Glenroy Road |
| Packages | 1 | MIAMI FL 33134 US | EDINA MN 55439 US |
| Weight | N/A | | |
| Delivered | Jul 07, 2005  08:40 | Transportation Charge | 18.60 |
| Svc Area | A1 | Earned Discount | -9.11 |
| Signed by | J.LICHTENBERGER | Fuel Surcharge | 1.00 |
| FedEx Use | 000000000/0000241/_ | **Total Charge**                    USD $ | **10.49** |

---

**Picked up: Jul 06, 2005**          **Payor: Shipper**          **Reference: 3339-103**

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1220.50
- Fuel Surcharge - FedEx has applied a fuel surcharge of 10.50% to this shipment.
- Distance Based Pricing, Zone 2

| INET | | | |
|---|---|---|---|
| Tracking ID | 791669815762 | **Sender** | **Recipient** |
| Service Type | FedEx Priority Overnight | Gail A. McQuilkin, Esq. | Kevin Kaplan, Esq. |
| Package Type | FedEx Envelope | Kozyak Tropin & Throckmorton | Burlington Weil, et al. |
| Zone | 2 | MIAMI FL 33134 US | 2699 South Bayshore Drive |
| Packages | 1 | | COCONUT GROVE FL 33133 US |
| Weight | N/A | | |
| Delivered | Jul 07, 2005  09:42 | Transportation Charge | 13.35 |
| Svc Area | A2 | Earned Discount | -6.54 |
| Signed by | D.ROMAN | Fuel Surcharge | 0.72 |
| FedEx Use | 000000000/0000186/_ | **Total Charge**                    USD $ | **7.53** |



## FedEx Express Shipment Detail By Payor Type (Original)

| Picked up: Jul 18, 2005 | Payor: Shipper | Reference: 3339-103 |
|---|---|---|

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1212.44
- Fuel Surcharge - FedEx has applied a fuel surcharge of 10.50% to this shipment.
- Distance Based Pricing, Zone 7

INET

| | | Sender | Recipient | |
|---|---|---|---|---|
| Tracking ID | 790088362046 | Keva Labossiere, Legal Assista | Candi Howell | |
| Service Type | FedEx Priority Overnight | Kozyak Tropin & Throckmorton | APS International, Ltd. | |
| Package Type | FedEx Envelope | 2525 Ponce de Leon | 7800 Glenroy Road | |
| Zone | 7 | MIAMI FL 33134 US | EDINA MN 55439 US | |
| Packages | 1 | | | |
| Weight | N/A | Transportation Charge | | 18.60 |
| Delivered | Jul 19, 2005  08:59 | Earned Discount | | -9.11 |
| Svc Area | A1 | Fuel Surcharge | | 1.00 |
| Signed by | A.BASANT | | | |
| FedEx Use | 000000000/0000241/_ | **Total Charge** | **USD $** | **10.49** |

REDACTED



Invoice Date    Aug 02 2005
Account Number: ▮▮▮▮▮▮
Page:    27 of 27

## FedEx Express Shipment Detail By Payor Type (Original)

REDACTED

| Dropped off: Jul 28, 2005 | Payor: Recipient | Reference: NO REFERENCE INFORMATION | *3339 - 103* |

- The Earned Discount for this ship date has been calculated based on a revenue threshold of $ 1216.48
- Fuel Surcharge - FedEx has applied a fuel surcharge of 10.50% to this shipment.
- Incorrect recipient address.
- Distance Based Pricing, Zone 8
- 1st attempt Jul 29, 2005 at 09:18 AM.
- Original address - 200 S BISCAYNE BLVD STE 2800/MIAMI,FL 33131
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.

| Tracking ID | 850501383056 | Sender | Recipient | |
|---|---|---|---|---|
| Service Type | FedEx Priority Overnight | JOHN R NAPIZA ATTN ARTHUR | MS KEVA LABOSSIERE | |
| Package Type | FedEx Envelope | APS 122 | KOZYAK TROPIN & THROCKMORTON | |
| Zone | 8 | 414 PENDLETON WAY STE 2 | 2525 PONCE DE LEON BLVD 9 | |
| Packages | 1 | OAKLAND CA 94621 US | MIAMI FL 33134 US | |
| Weight | N/A | | | |
| Delivered | Jul 29, 2005  13:02 | Transportation Charge | | 19.4 |
| Svc Area | A2 | Earned Discount | | -9.5 |
| Signed by | N.KAZIME | Address Correction | | 10.0 |
| FedEx Use | 209152450/0000002/_ | Fuel Surcharge | | 1.0 |
| | | **Total Charge** | **USD $** | **20.5** |

REDACTED

11

# OUTSIDE COURIER/ MESSENGER SERVICE

EC2000 courier systems
33 South Miami Avenue
Suite 200
Miami, FL 33130
305 373-3443

Preparation Date: 05/14/05

From Date: 05/07/05

To   Date: 05/13/05

Client Code:   KOZTRO

Invoice Number:   I96569

Page Number:   0005

KOZYAK TROPIN & THROCKMORTON
Attention: ADA PADILLA
2525   PONCE DE LEON BL   900
CORAL GABLES        FL   33134-6037

| Job #<br>Date<br>Order Time | Caller<br>Ref #<br>Received By | Pick-Up From | Deliver To | Base<br>Charge | S U R C H A R G E S | Total<br>Charge |
|---|---|---|---|---|---|---|

**REDACTED**

| 3619-764 MOJAN<br>05/13/05 3339.101<br>0100p ALEX | KOZYAK TROPIN & THROCKMORTON<br>2525   PONCE DE LEON BL<br>CORAL GABLES | USDC (BROWARD COUNTY)<br>299   E BROWARD BLVD<br>FT LAUDERDAL 33301 | 40.00<br>SP | | 40.00 |

REF.3339.101                SUBTOTAL   40.00

Client Code:  KOZTRO
Invoice No.:  I96569

!!!!!!!!!!!!!!!!!!!!!!! PAYMENT DUE UPON RECEIPT !!!!!!!!!!!!!!!!!!!!!!!!!!

C H A R G E   D E S C R I P T I O N S

.5 = By 5pm Svc          PS = Priority Svc       EM = Emergency Svc    GS = Guarantee Svc  VJ = Van Job        SR = Special Rate
2-A9 = After Hours       A0 = PU Before 9am      A1 = PU After 5pm

ACE2000 courier systems
200 South Miami Avenue
Suite: 200
Miami, FL 33130
305 373-3443

| | |
|---|---|
| Preparation Date: | 05/21/05 |
| From Date: | 05/14/05 |
| To   Date: | 05/20/05 |
| Client Code: | KOZTRO |
| Invoice Number: | I96975 |
| Page Number: | 0005 |

KOZYAK TROPIN & THROCKMORTON
Attention: ADA PADILLA
2525   PONCE DE LEON BL  900
CORAL GABLES       FL  33134-6037

| Job #<br>Date<br>Order Time | Caller<br>Ref #<br>Received By | Pick-Up From | Deliver To | Base<br>Charge | S U R C H A R G E S | Total<br>Charge |
|---|---|---|---|---|---|---|

**REDACTED**

| | | | | | | |
|---|---|---|---|---|---|---|
| 0621-775 BRENDA<br>05/19/05 3339.101<br>0200p  KAZEMI | | KOZYAK TROPIN & THROCKMORTON<br>2525  PONCE DE LEON BL<br>CORAL GABLES | USDC/DCCH/USBC/DC RECORDING<br>73    W FLAGLER ST<br>MIAMI | 6.66<br>SP | | 6.66 |

0621-775 ...

**REDACTED**

| | | | | | | |
|---|---|---|---|---|---|---|
| 0621-987 MOJAN<br>05/20/05 3339.101<br>0100p  NINA | | KOZYAK TROPIN & THROCKMORTON<br>2525  PONCE DE LEON BL<br>CORAL GABLES | BROWARD COUNTY COURTHOUSE<br>201    SE 6 ST<br>FT LAUDERDAL 33301 | 80.00<br>SP | | 80.00 |

REF.3339.101              SUBTOTAL    107.26

| | | | | | | |
|---|---|---|---|---|---|---|
| 0620-851 PATTY<br>05/17/05 3349.101<br>0438p  ZUCKER | | KOZYAK TROPIN & THROCKMORTON<br>2525  PONCE DE LEON BL<br>CORAL GABLES | JAMES MILLER<br>19    W FLAGLER ST<br>MIAMI | 20.60<br>GS | | 20.60 |

**REDACTED**

!!!!!!!!!!!!!!!!!!!!! PAYMENT DUE UPON RECEIPT !!!!!!!!!!!!!!!!!!!!!!!!

C H A R G E   D E S C R I P T I O N S

| | | | | | |
|---|---|---|---|---|---|
| B5 = By 5pm Svc | PS = Priority Svc | EM = Emergency Svc | GS = Guarantee Svc | VJ = Van Job | SR = Special Rate |
| A2-A9 = After Hours | A0 = PU Before 9am | A1 = PU After 5pm | AP = Addt'l Pckgs | CB = Call Back | DC = Dispatch Chg |
| FX = Fax POD | HH = Hand to Hand | HO = Holidays | IN = Insurance | LU = Load/Unload | MB = MailBack Rcpt |
| MS = Multi Stops | NB = Non Biker Job | OW = Over Weight | PK = Parking Chg | RT = Round Trip | SB = Standby for PU |

*EXEC2000* courier systems
1333 South Miami Avenue
Suite: 200
Miami, FL 33130
305 373-3443

Preparation Date: 06/18/05

From Date: 06/11/05

To Date: 06/17/05

Client Code: KOZTRO

Invoice Number: I98570

Page Number: 0004

KOZYAK TROPIN & THROCKMORTON
Attention: ADA PADILLA
2525  PONCE DE LEON BL  900
CORAL GABLES      FL  33134-6037

| Job #<br>Date<br>Order Time | Caller<br>Ref #<br>Received By | Pick-Up From | Deliver To | Base<br>Charge | S U R C H A R G E S | Total<br>Charge |
|---|---|---|---|---|---|---|

**REDACTED**

| | | | | | | |
|---|---|---|---|---|---|---|
| 0631-212 LILY X 126<br>06/17/05 3339.101<br>0244p  KIM | KOZYAK TROPIN & THROCKMORTON<br>2525  PONCE DE LEON BL<br>CORAL GABLES | BURLINGTON WEIL<br>2699  S BAYSHORE DR<br>MIAMI | | 20.60<br>GS | | 20.60 |
| | REF.3339.101 | | SUBTOTAL | 20.60 | | |

**REDACTED**

!!!!!!!!!!!!!!!!!!!!!! PAYMENT DUE UPON RECEIPT !!!!!!!!!!!!!!!!!!!!!!!

C H A R G E   D E S C R I P T I O N S

| | | | | |
|---|---|---|---|---|
| B5 = By 5pm Svc | PS = Priority Svc | EM = Emergency Svc | GS = Guarantee Svc | VJ = Van Job | SR = Special Rate |
| A2-A9 = After Hours | A0 = PU Before 9am | A1 = PU After 5pm | AP = Addt'l Pckgs | CB = Call Back | DC = Dispatch Chg |
| FX = Fax POD | HH = Hand to Hand | HO = Holidays | IN = Insurance | LU = Load/Unload | MB = MailBack Rcpt |
| MS = Multi Stops | NB = Non Biker Job | OW = Over Weight | PK = Parking Chg | RT = Round Trip | SB = Standby for PU |

```
EXEC2000 courier systems
1333 South Miami Avenue
Suite: 200
Miami, FL 33130
305 373-3443
```

|  |  |
|---|---|
| Preparation Date: | 06/04/05 |
| From Date: | 05/28/05 |
| To  Date: | 06/03/05 |
| Client Code: | KOZTRO |
| Invoice Number: | I97830 |
| Page Number: | 0004 |

```
KOZYAK TROPIN & THROCKMORTON
Attention: ADA PADILLA
2525  PONCE DE LEON BL  900
CORAL GABLES     FL  33134-6037
```

| Job #<br>Date<br>Order Time | Caller<br>Ref #<br>Received By | Pick-Up From | Deliver To | Base<br>Charge | S U R C H A R G E S | Total<br>Charge |
|---|---|---|---|---|---|---|

**REDACTED**

| | | | | | |
|---|---|---|---|---|---|
| 0627-150tMOJAN<br>06/01/05 3339.101<br>0100p  KAZEMI | KOZYAK TROPIN & THROCKMORTON<br>2525  PONCE DE LEON BL<br>CORAL GABLES | USBC (BROWARD COUNTY)<br>299  E BROWARD BLVD<br>FT LAU 33301 | 40.00<br>SP | | 40.00 |

```
                    REF.3339.101              SUBTOTAL    40.00
```

**REDACTED**

```
!!!!!!!!!!!!!!!!!!!!!!!! PAYMENT DUE UPON RECEIPT !!!!!!!!!!!!!!!!!!!!!!!!
                    C H A R G E   D E S C R I P T I O N S
```

| | | | | |
|---|---|---|---|---|
| B5 = By 5pm Svc | PS = Priority Svc | EM = Emergency Svc | GS = Guarantee Svc | VJ = Van Job | SR = Special Rate |
| A2-A9 = After Hours | A0 = PU Before 9am | A1 = PU After 5pm | AP = Addt'l Pckgs | CB = Call Back | DC = Dispatch Chg |
| FX = Fax POD | HH = Hand to Hand | HO = Holidays | IN = Insurance | LU = Load/Unload | MB = MailBack Rcpt |

*EXEC2000* courier systems
1333 South Miami Avenue
Suite: 200
Miami, FL 33130
305 373-3443

Preparation Date: 08/20/05

From Date: 08/13/05

To Date: 08/19/05

Client Code: KOZTRO

Invoice Number: I02111

Page Number: 0003

KOZYAK TROPIN & THROCKMORTON
Attention: ADA PADILLA
2525  PONCE DE LEON BL  900
CORAL GABLES       FL  33134-6037

| Job # Date Order Time | Caller Ref # Received By | Pick-Up From | Deliver To | Base Charge | SURCHARGES | | | Total Charge |
|---|---|---|---|---|---|---|---|---|
| 0649-544tLILY 08/17/05 3339.103 0830a  KAZEMI | | KOZYAK TROPIN & THROCKMORTON 2525  PONCE DE LEON BL CORAL GABLES | USDC (BROWARD COUNTY) 299   E BROWARD BLVD FT LAUDERDAL 33301 | 40.00 EM | 40.00 RT | 10.00 A0 | 9.00 Wt | 99.00 |
| | | REF.3339.103 | SUBTOTAL | 99.00 | | | | |

**REDACTED**

!!!!!!!!!!!!!!!!!!!!!!! PAYMENT DUE UPON RECEIPT !!!!!!!!!!!!!!!!!!!!!!!

C H A R G E   D E S C R I P T I O N S

| | | | | | |
|---|---|---|---|---|---|
| BS = By 5pm Svc | PS = Priority Svc | EM = Emergency Svc | GS = Guarantee Svc | VJ = Van Job | SR = Special Rate |
| A2-A9 = After Hours | A0 = PU Before 9am | A1 = PU After 5pm | AP = Addt'l Pckgs | CB = Call Back | DC = Dispatch Chg |
| FX = Fax POD | HH = Hand to Hand | H0 = Holidays | IN = Insurance | LU = Load/Unload | MB = MailBack Rcpt |
| MS = Multi Stops | NB = Non Biker Job | OW = Over Weight | PK = Parking Chg | RT = Round Trip | SB = Standby for PU |

# COMPUTERIZED RESEARCH:

# (a) WESTLAW

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES

ZILAK TROPIN & THROCKMORTON
CORAL GABLES, FL 33134-6099

**CLIENT BY USER BY DAY DETAIL**

MAY 01, 2005 - MAY 31, 2005

INVOICE # 809042281
POSTING # 603094247

PAGE
29

**REDACTED**

| CLIENT | DATABASE TIME | TRANS | CONNECT/ COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| 5037039   CHRIS F BRANCH | | | | | |
| 05/10/05   SPECIAL PRICING INCLUDED CHARGES(I) | | | | | |
| TRANSACTIONAL SEARCHES | | 2 | | | 134.89 |
| TRANSACTIONAL ONLINE FINDS | | 8 | | | 45.60 |
| WESTLAW LINES | | | | 1.997 | 66.40 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :00I | 10I | :00I | 1.997I | 246.89I |
| SPECIAL PRICING EXCLUDED CHARGES(E) | | | | | |
| THM PREMIER RESULTSPLUS FINDS | | 1 | | 0E | 23.75E |
| TOTAL SPECIAL PRICING EXCLUDED CHARGES(E) | :00E | 1E | :00 E | 0E | 23.75E |
| 05/16/05   SPECIAL PRICING INCLUDED CHARGES(I) | | | | | |
| TRANSACTIONAL SEARCHES | | 1 | | | 49.39 |
| TRANSACTIONAL ONLINE FINDS | | 8 | | | 45.60 |
| WESTLAW LINES | | | | 5,423 | 180.30 |
| PRINT IMAGES | | | | 1 | 0.00 |
| KEYCITE | | 1 | | | 4.04 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :00I | 10I | :00I | 5,424I | 279.33I |
| 05/20/05   SPECIAL PRICING INCLUDED CHARGES(I) | | | | | |
| TRANSACTIONAL SEARCHES | | 16 | | | 1,270.97 |
| TRANSACTIONAL ONLINE FINDS | | 1 | | | 5.70 |
| WESTLAW LINES | | | | 252 | 8.38 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :00S | 17I | :00S | 252I | 1,285.05I |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :00S | 38S | :00S | 7,673S | 1,835.02S |
| 5291160   MIKE EPSTEIN | | | | | |

INCLUDES APPLICABLE TAXES

SG          1000680814          P

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A
RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES.

STROOK, TROPIN & THROCKMORTON
CORAL GABLES, FL 33134-6039

**CLIENT BY USER BY DAY SUMMARY**
JUN 01, 2005 - JUN 30, 2005

INVOICE # 809222536
POSTING # 603151760

PAGE
16

REDACTED

3334-103

.830   GAIL A MCQUILKIN
06/13/05   TOTAL SPECIAL PRICING INCLUDED CHARGES

| CLIENT | DATABASE/TIME | TRANS | CONNECT/COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| TOTAL SPECIAL PRICING INCLUDED CHARGES | 6:271 | 0I | 6:271 | 0I | 45.341 |
| TOTAL SPECIAL PRICING EXCLUDED CHARGES | :16E | 0E | :16E | 0E | 2.34E |
| TOTAL SILVERS CHARGES | 6:43S | 0S | 6:43S | 0S | (TOTAL) 47.68S |

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES.

CSTW
OZ-TAK TROPIN & THROCKMORTON
CORAL GABLES, FL 33134-6039

CLIENT BY USER BY DAY DETAIL
JUN 01, 2005 - JUN 30, 2005

INVOICE # 809222536
POSTING # 601151760

PAGE 24

| CLIENT | DATABASE TIME | TRANS | CONNECT/COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| **33101** | | | | | |
| 775830  GAIL A MCQUILKIN | | | | | |
| 06/15/05  SPECIAL PRICING INCLUDED CHARGES(0) | | | | | |
| STANDARD | :16 | | | | 1.45 |
| ALLFILES | 19:56 | | | | 226.19 |
| COMMUNICATIONS | | | 20:12 | | 4.16 |
| HOURLY CONNECT | | | 20:12 | | 11.82 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(0) | 20:12I | 01 | 20:12I | 01 | 243.62I |
| 33101 | 20:12S | 0S | 20:12S | 0S | 243.62S |
| TOTAL 33101 CHARGES | | | | TOTAL | 243.62S |

REDACTED

REDACTED

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES.

OSZAK TROFIN & THROCKMORTON
CORAL GABLES, FL 33134-6039

CLIENT BY USER BY DAY DETAIL

JUN 01, 2005 - JUN 30, 2005

INVOICE # 809222535
POSTING # 603151760

PAGE
44

| CLIENT | DATABASE/TIME | TRANS | CONNECT/COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| 06/15/05 SPECIAL PRICING INCLUDED CHARGES() | | | | | |
| TRANSACTIONAL SEARCHES | :00I | 1I | :00I | 10 | 94.96 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES() | :00S | 1S | :00S | 0S | 94.96S |
| TOTAL GOOGLES CHARGES | | | | | 94.96S |

REDACTED

* INCLUDES APPLICABLE TAXES

SG            1000680814            P

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES.

12.OAK TROPIN & THROCKMORTON
GABLES, FL 33134-6039

CLIENT BY USER BY DAY DETAIL

JUN 01, 2005 - JUN 30, 2005

INVOICE # 809222536
POSTING # 6031517760

PAGE 24

| CLIENT | DATABASE/ TIME | TRANS | CONNECT/ COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| 775830  GAIL A MCQUILKIN | | | | | |
| 06/25/05  SPECIAL PRICING INCLUDED CHARGES(I) | | | | | |
| STANDARD | :44 | | | | 3.99 |
| STANDARD - CODES | 10:40 | | | | 69.70 |
| COMMUNICATIONS | | | | | 2.36 |
| HOURLY CONNECT | | | | | 6.67 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | 11:24I | 0I | 11:24 | 0I | 82.72I  (A) |
| SPECIAL PRICING EXCLUDED CHARGES(E) | | | | | |
| THM PREMIER RESULTSPLUS ALLFILES | 1:46 | | 1:46 | | 25.06 |
| THM PREMIER COMMUNICATIONS | | | | | 0.36 |
| THM PREMIER HOURLY CONNECT | | | | | 1.04 |
| TOTAL SPECIAL PRICING EXCLUDED CHARGES(E) | 1:46E | 0E | 1:46E | 0E | 26.46E  (B) |
| TOTAL 3339101 CHARGES | 13:10S | 0S | 13:10S | 0S | 109.18S  TOTAL  (A - B) |

REDACTED

REDACTED

INCLUDES APPLICABLE TAXES

SG                100060814                P

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES

VEROPIN & THROCKMORTON
GABLES, Fl 33134-6039

CLIENT BY USER BY DAY DETAIL
JUL 01, 2005 - JUL 31, 2005

INVOICE # 80941242 7
POSTING # 603070366
PAGE 29

| CLIENT | DATABASE/TIME | TRANS | CONNECT/COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| 5407460 | | | | | |
| JUSTIN KAPLAN | | | | | |
| 07/13/05 SPECIAL PRICING INCLUDED CHARGES(I) | | | | | |
| STANDARD | 55:31 | | | | 302.78 |
| ALLFILES | 54:00 | | | | 611.95 |
| RESULTSPLUS ALLFILES | 2:01 | | | | 28.56 |
| COMMUNICATIONS | | | | | 22.95 |
| HOURLY CONNECT | | | | | 65.27 |
| WESTLAW LINES | | | | | 96.25 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | 1:51:32I | 0I | 1:51:32 | 2,900I | 1,127.76I |
| SPECIAL PRICING EXCLUDED CHARGES(E) | | | | | |
| THM PREMIER PREMIUM | 8:29 | | | | 75.62 |
| THM PREMIER RESULTSPLUS PREMIUM | :29 | | | | 5.39 |
| THM PREMIER ALLFILES | 3:11 | | | | 36.07 |
| THM PREMIER COMMUNICATIONS | | | | | 2.50 |
| THM PREMIER HOURLY CONNECT | | | | | 7.11 |
| TOTAL SPECIAL PRICING EXCLUDED CHARGES(E) | 12:09E | 0E | 12:09 | 0E | 126.69E |

REDACTED

REDACTED

TOTAL (1-2) : $1,254.45

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES.

SQUIRE TROTN & THROCKMORTON
CORAL GABLES, FL 33134-6039

**CLIENT BY USER BY DAY DETAIL**
JUL 01, 2005 - JUL 31, 2005

INVOICE # 809412427
POSTING # 603207036
PAGE 30

REDACTED

| CLIENT | DATABASE TIME | TRANS | CONNECT/ COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| WESTFIND&PRINT.COM FINDS | | 10 | | | 118.50 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | 1:05:25I | 171 | 1:05:25I | 1,535I | 1,239.82I |
| 07/15/05 SPECIAL PRICING EXCLUDED CHARGES(E) | | | | | |
| THM PREMIER RESULTSPLUS FINDS | | 3 | | | 71.13 |
| THM PREMIER WESTLAW LINES | | | | 244 | 8.10 |
| TOTAL SPECIAL PRICING EXCLUDED CHARGES(E) | :00E | 3E | :00E | 244E | 79.23E |
| SPECIAL PRICING INCLUDED CHARGES(I) | | | | | |
| TRANSACTIONAL:SEARCHES | | 14 | | | 1,037.46 |
| TRANSACTIONAL:ONLINE FINDS | | 51 | | | 293.98 |
| WESTLAW LINES | | | | 8,302 | 275.60 |
| KEYCITE | | 8 | | | 32.24 |
| WESTFIND&PRINT.COM FINDS | | 4 | | | 42.40 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :001 | 77I | :001 | 6,302I | 1,686.68I |
| 07/18/05 SPECIAL PRICING EXCLUDED CHARGES(E) | | | | | |
| THM PREMIER RESULTSPLUS FINDS | | 2 | | | 47.42 |
| PREMIER RESERVE TRANSACTIONAL ONLINE FINDS | | 1 | | | 37.93 |
| TOTAL SPECIAL PRICING EXCLUDED CHARGES(E) | :00E | 3E | :00E | 0E | 85.35E |
| SPECIAL PRICING INCLUDED CHARGES(I) | | | | | |
| TRANSACTIONAL:ONLINE FINDS | | 10 | | | 56.90 |
| WESTLAW LINES | | | | 4,176 | 138.63 |
| PRINT IMAGES | | | | 260 | 0.00 |
| KEYCITE | | 1 | | | 4.03 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :001 | 111 | :001 | 4,436I | 199.56I |
| 07/19/05 SPECIAL PRICING INCLUDED CHARGES(I) | | | | | |
| TRANSACTIONAL ONLINE FINDS | | 4 | | | 22.76 |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :001 | 4I | :001 | 0I | 22,761 |
| TOTAL 3339.103 CHARGES | | | | | |
| TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | 3:09:06S | 115S | 3:09:06S | 17,417S | 4,567.85S |

*(handwritten annotations: $13,705 · $1,130.05 · $1,703 · TOTAL (1-4) · $3,313.40)*

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES.

AKIN, TROPIN & THROCKMORTON
CORAL GABLES, FL 33134-6039

**CLIENT BY USER BY DAY SUMMARY**
AUG 01, 2005 - AUG 31, 2005

INVOICE # 809613377
POSTING # 6032568565

PAGE 10

| CLIENT | DATABASE TIME | TRANS | CONNECT/COMMUNICATION | DOCLINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| 5291160  MIKE EPSTEIN | | | | | |
| 08/03/05 TOTAL SPECIAL PRICING INCLUDED CHARGES(0) | 1:21:21I | 01 | 1:21:21I | 4,886I | 1,110.88I |
| 08/04/05 TOTAL SPECIAL PRICING INCLUDED CHARGES(0) | 47:56I | 231 | 47:56I | 5,129I | 1,289.88I |
| DTL 3339.103 CHARGES TOTAL SPECIAL PRICING INCLUDED CHARGES(0) | 2:09:17S | 23S | 2:09:17S | 10,015S | 10,015S  TOTAL 2,400.76S |

REDACTED

REDACTED

INCLUDES APPLICABLE TAXES

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SCHEDULE A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES

TROPIN & THROCKMORTON
GABLES, FL 33134-6039

CLIENT BY USER BY DAY SUMMARY
SEP 01, 2005 - SEP 30, 2005

INVOICE # 809878159
POSTING # 603351949

PAGE 11

| CLIENT | DATABASE TIME | TRANS | CONNECT/COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| **REDACTED** | | | | | |
| 333-103 CHARGES | | | | | |
| 09/06/05 TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :00I | 5I | :00I | 1,219I | 244.29I |
| 09/15/05 TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | :00I | 1I | :00I | 1I | 5.66I |
| 333-103 CHARGES | :00S | 6S | :00S | 1,219S | 249.95S |
| **REDACTED** | | | | | |
| 772-30  GAIL A MCQUILKIN | | | | | |
| 09/25/05 TOTAL SPECIAL PRICING INCLUDED CHARGES(I) | 27:07I | 0I | 27:07I | 0I | 0S |
| 333-103 CHARGES | 27:07S | 0S | 27:07S | 0S | |
| **REDACTED** | | | | | |

(A) 244.29I
(B) 5.66I
(C) 274.32I
274.32S

TOTAL: $524.27
(A-C)

CLUDES APPLICABLE TAXES        SG        100680814        P

THE RATES USED TO CALCULATE CLIENT CHARGES HAVE BEEN DESIGNATED BY SUBSCRIBER OR ARE BASED ON SUBSCRIBER'S WESTLAW SUBSCRIBER A RATES. SUBSCRIBER AGREES NOT TO DISSEMINATE THIS REPORT TO ANY THIRD PARTY OR TO REPRESENT THE CHARGES AS ACTUAL WESTLAW CHARGES

**CLIENT BY USER BY DAY SUMMARY**

SEP 01, 2005 - SEP 30, 2005

INVOICE # 809878159
POSTING # 603355949

PAGE
12

ACCT#
KOZYAK TROPIN & THROCKMORTON
CORAL GABLES, FL 33134-6039

**REDACTED**

| CLIENT | DATABASE TIME | TRANS | CONNECT/ COMMUNICATION | DOC/LINES | TOTAL CHARGE* |
|---|---|---|---|---|---|
| 3339103 | | | | | |
| 775830 GAIL A MCQUILKIN | | | | | |
| 09/25/05 TOTAL | 21:141 | 01 | 21:141 | 01 | 136.94 |
| SPECIAL PRICING INCLUDED CHARGES(I) | 21:14S | 0S | 21:14S | 0S | 136.94 |
| TOTAL 3339103 CHARGES | | | | | |

* INCLUDES APPLICABLE TAXES

SG            1000680814            P            ||

# COMPUTERIZED RESEARCH:

# (c) Corporate Research

KEY ALA DOSSIER Receipt from CORPORATIONS FILINGS Page 9

| | |
|---|---|
| **From:** | <DOSDOC_Cash@state.de.us> |
| **To:** | <KJL@KTTLAW.COM> |
| **Date:** | 5/11/2005 11:15:48 AM |
| **Subject:** | Receipt from CORPORATIONS FILINGS |

Company: CORPORATIONS FILINGS
Reference Number: 050382477/DMB


Subtotal: $32.00
Tax: $0.00
Shipping: $0.00
Total: $32.00

CORPORATIONS FILINGS

# COMPUTERIZED RESEARCH:

# (d) AutoTrack XP/ChoicePoint

AutoTrack Home    Administrative Home    Administrative Results    Contact ChoicePoint    Feedback



# Date Range Report

L/O KOZYAK, TROPIN,&
THROCKMORTON
200 S BISCAYN #2800
MIAMI, FL 33131
## Account Number:
## 47184

Transaction Detail Sorted by UserID
Date Range 5/1/05 To 5/10/05

| Reference | Date | Time | User ID | Transaction | Search Criteria | Amount |
|-----------|------|------|---------|-------------|-----------------|--------|
| 3339101 | 05/10/2005 | 16:47:38 | KJL1 | DE Corporations | 3733524 | 19.00 |
| 3339101 | 05/10/2005 | 16:51:44 | KJL1 | D&B Search | MD STELOR PRODUCTIONS | 5.00 |
| 3339101 | 05/10/2005 | 16:52:12 | KJL1 | D&B Search | DE STELOR | 5.00 |
| 3339101 | 05/10/2005 | 16:57:34 | KJL1 | Signfcant Share | STELOR PRODUCTIONS | 5.00 |
| | | | **UserID KJL1 Totals** | **4 Transactions** | **Amount:** | **34.00** |
| | | | **Grand Totals** | **4 Transactions** | **Amount:** | **34.00** |

3339-101

* * * * E n d - o f - R e p o r t * * * *

AutoTrackXP Administration Module - Display of CSV File

| Ref | Date | Time | User | Type | Name | Amount |
|---|---|---|---|---|---|---|
| 3339103 | 07/27/2005 | 16:38:52 | MCMENDEZ | Bank Liens Judg | GOOGLES INC | 5.00 |
| | | Reference 3339103 Totals | | 1 Transactions | Amount: | 5.00 |
| 9999 | 07/22/2005 | 11:05:31 | CCM7 | FL Driver Lic | 03xx1953 ACOSTA FERNANDO | 3.00 |
| 9999 | 07/22/2005 | 11:06:08 | CCM7 | FL Accidents | ACOSTA FERNANDO | 3.00 |
| 9999 | 07/22/2005 | 11:06:29 | CCM7 | Bank Liens Judg | ACOSTA FERNANDO | 5.00 |
| | | Reference 9999 Totals | | 3 Transactions | Amount: | 11.00 |
| 999999999 | 07/21/2005 | 13:04:29 | MCMENDEZ | Vehicles of Nat | X10MUP | 5.00 |
| | | Reference 999999999 Totals | | 1 Transactions | Amount: | 5.00 |
| | | Grand Totals | | 15 Transactions | Amount: | 71.00 |

****End-of-Report****

*Handwritten annotations:* 3339-103, 3311-101, All Personal

# COMPUTERIZED RESEARCH:

# (e) Global Domain Research

EXIPERT, Inc dba CheckMark Network

# Invoice

323 Washington St.
Hoboken, NJ 07030

| Date | Invoice # |
|------|-----------|
| 6/10/2005 | 187 |

| Bill To |
|---------|
| Kozyak, Tropin & Throckmorton, P.A.<br>Chris Cardillo<br>2525 Ponce De Leon<br>Coral Gables, FL 33134 |

POSTED

3339-101

| P.O. No. | Terms | Project |
|----------|-------|---------|
|          |       |         |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | Global domain search<br>googles | 429.00 | 429.00 |

*Bill to Googles Case*

| Total | $429.00 |
|-------|---------|

| Phone # | Tax Id: 22-3805878 |
|---------|--------------------|
| 201-798-2525 |  |

# MISCELLANEOUS:

**(a) GOOGLES MERCHANDISE - CAFEPRESS.COM (EVIDENCE)**
**(b) GOOGLES MERCHANDISE - iTUNES (EVIDENCE)**

**REDACTED**

| New Activity for KENNETH R HARTMANN | | | | |
|---|---|---|---|---|
| Card XXXX-XXXXX6-2207 | | | | |
| 05/17/05 | CAFEPRESS.COM  877.809.1659  CA | | | 83.46 |
| | OTHER MISC RETAIL | | | |
| 05/18/05 | SACHA'S CAFE  CORAL GABLES  FL | | | 28.52 |
| | DELI & CATERING | | | |
| | FOOD-BEV | 28.52 | | |
| 05/20/05 | ITUNES MUSIC STORE  865-712-7753  TX | | | 19.98 |
| | ELECTRIC DOWNLOAD | | | |

Handwritten annotations:
- 3379.101
- Silvers - Purchase of Googles Merchandise from Intorna' as and ef-e (at 3335...
- Silvers - Dinner meeting w/ client - Leon Labba Business Development (446 ...m-1001)
- Silvers - 3379.101 - Purchase of Googles Merchandise

| Total of New Activity for KENNETH R HARTMANN | New Charges | 131.96 |
|---|---|---|
| | Payments/Credits | 0.00 |