UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

               Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

               Defendant.

_____/



### PLAINTIFF'S NOTICE OF FILING

PLEASE TAKE NOTICE that Plaintiff, by and through undersigned counsel, hereby files the following Declarations:

1.      Supplemental Declaration of Steven A. Esrig in Opposition to Defendant's Motion for Fees.

2.      Declaration of Igor Gruendl In Opposition to Defendant's Motion for Fees.

3.      Declaration of Steven Weinstein In Opposition to Defendant's Motion for Fees.

4.      Declaration of Robert J. Rothstein In Opposition to Defendant's Motion for Fees.

5.      Declaration of Henry D. Epstein In Opposition to Defendant's Motion for Fees.

6.      Declaration of Steve Hemstreet In Opposition to Defendant's Motion for Fees.

               RESPECTFULLY SUBMITTED,

               BURLINGTON, WEIL, SCHWIEP,
                 KAPLAN & BLONSKY, P.A.
               Attorneys for Stelor Productions, LLC
               2699 South Bayshore Drive, Penthouse
               Miami, Florida 33133
               Tel: 305-858-2900
               Fax: 305-858-5261
               Email: kkaplan@bwskb.com

BURLINGTON · WEIL · SCHWIEP · KAPLAN ⓐ BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM



Case No. 05-80387 CIV RYSKAMP/VITUNIC

By: /s/ Kevin C. Kaplan
Kevin C. Kaplan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served electronically and via

U.S. mail on this 12th day of December, 2005 upon the following:

<table>
<tr><td>Adam T. Rabin, Esq.<br>DIMOND, KAPLAN &<br>   ROTHSTEIN, P.A.<br>Trump Plaza<br>525 S. Flagler Drive, Suite 200<br>West Palm Beach, Florida 33401</td><td>Kenneth R. Hartmann, Esq.<br>Gail M. McQuilkin, Esq.<br>KOZYAK TROPIN &<br>   THROCKMORTON, P.A.<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, Florida 33134</td></tr>
</table>

/s/ Kevin C. Kaplan
Kevin C. Kaplan

2

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

       Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

       Defendant.

_____/

## SUPPLEMENTAL DECLARATION OF STEVEN A. ESRIG IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES

I, Steven A. Esrig, hereby declare as follows:

1.      As set forth in my prior declarations in this case, I am the President and CEO of Stelor Productions, L.L.C. ("Stelor"). I have been employed by Stelor since its inception, and I have held my current position for more than two years. The facts stated herein are based upon my own personal knowledge and/or on corporate records and documents maintained by Stelor in the ordinary course of business.

2.      I have reviewed the allegations in Defendant's Reply to Stelor's Response to Motion for Attorneys' Fees and Expenses that Stelor intentionally concealed facts relating to the residency of its residents.

3.      Those allegations are simply false.

4.      As an initial point, his claim that Stelor and I would intentionally conceal and misrepresent the residencies of Stelor's members makes no sense whatsoever. Our sole interest

is in having this dispute resolved as expeditiously as possible. Stelor would have been happy to bring the case initially in State Court, but believed it was required to bring it in Federal Court based on the express provision in the Settlement Agreement and its understanding that diversity jurisdiction existed. Stelor, though, had no motivation whatsoever to bring this action, invest its own substantial resources, including in seeking expedited injunctive relief, only to risk an ultimate dismissal if jurisdiction did not exist. If Stelor had known that diversity did not exist, it clearly would not have asserted it.

5.      Indeed, that is even more obviously true here, where Stelor had the ability to raise its claims in Federal Court based on other jurisdictional grounds besides diversity in the pending action against that Silvers brought against Google, Inc. That is exactly what Stelor has done, following the dismissal without prejudice in this action. Rather than continuing to pursue this case had it known that diversity did not exist, Stelor would simply have filed its claim in the Google Action, as it subsequently has done.

6.      The specific allegations in Silvers' reply regarding Mr. Gruendl and Mr. Epstein are also false.

7.      With respect to Mr. Gruendl, as his declaration explains, he was not a Florida resident at the time the lawsuit was filed. Although I understand his subsequent move to Florida is not relevant for jurisdictional purposes, I did bring that issue to the Court's attention in my Declaration of November 23, 2005, in which I advised that I had learned in or about early June that one of our members was planning to move to Florida, but had not yet moved.

8.      Similarly, with respect to Mr. Epstein, my understanding has always been that he resided in Chevy Chase, Maryland. In fact, that has been the uniform understanding of Stelor's Board of Directors – including its Recording Secretaries, Steven Weinstein and Robert

CASE NO. 05-80393 CIV HURLEY/HOPKINS

Rothstein.

9.     Most disturbing is the suggestion by Silvers – a convicted felon with a history of interfering with Stelor and its business – and his counsel that they have somehow stolen Stelor's corporate records.  Silvers is hardly being straightforward with this Court when he claims that he "and his counsel have now confirmed that Stelor maintains computer records" purportedly showing a member's address in Florida, but fails to include any evidence whatsoever to substantiate that assertion.  Stelor has again exhaustively researched its records and found no such thing.  Stelor's records uniformly show a Chevy Chase, Maryland address.

10.     In fact, when I read the claim in Silvers' Reply, I instructed that the company's computer records be searched again to confirm that Stelor has no such information.  Each and every computer at Stelor was searched, and none shows any Florida address for Mr. Epstein. The only address Stelor has in its records for Mr. Epstein is in Chevy Chase, Maryland.  The lists are attached as Exhibit "A" hereto.

11.     Indeed, Stelor has had problems with certain personnel, including one who stole information and disappeared earlier this year.  Incredibly, Silvers' counsel, Gail McQuilkin, herself had called this employee at Stelor's offices shortly before those events.  Hopefully, Silvers and his counsel were not behind those actions, and are not in possession of improperly obtained information.

12.     Again, as I explained in my initial Declaration, prior to the filing of this action, in late April of 2005, I reviewed our list of members, and confirmed that none of the members resided in Florida.  With respect to Mr. Epstein, his listed address is in Chevy Chase, Maryland.

3

CASE NO.  05-80393 CIV HURLEY/HOPKINS

13.    Nor was I aware of any information whatsoever even to suggest that Mr. Epstein might in fact have a Florida residence.  As I described in my prior Declaration, Stelor's investors are limited in number, and the principals of all of the investors are personally known to me, including Mr. Epstein.  I speak to him frequently, and also see him personally with frequency. Thus, as I described, I knew not only "on paper" where he was based, but also from my own visits with him.

14.    All of my contact with Mr. Epstein has been in Maryland, where I clearly understand him to live.  Thus, when I speak to him by telephone, that is generally from Chevy Chase.  When I see him, it is in Chevy Chase or nearby.  In fact, he and his wife have a young daughter, whom I understand attends school in the Chevy Chase area.

15.    I was simply unaware of any address for Mr. Epstein in Florida, and had no knowledge whether Florida was Mr. Epstein's residence for any purpose.

16.    Nor would I have had any reason to think that Mr. Epstein might have a residence other than Chevy Chase.  I do recall that Mr. Epstein has some family in Florida – I believe his mother-in-law may live there – but I had no idea whatsoever of any other Florida connection Mr. Epstein may have had.

17.    Again, I reiterate that neither I nor Stelor ever intentionally misrepresented any facts in this litigation, including those relating to the residencies of Stelor's members.  We diligently – and repeatedly – investigated that information to confirm its accuracy, and I believed Stelor's representations to be entirely true when made.  I would not intentionally mislead this Court, or allow inaccurate information to be provided or to stand without being corrected.

18.    Indeed, upon learning that a sub-member with Mr. Salk's group was a Florida resident, I ensured that this Court was immediately informed.

4

DEC.13.2005 03:50                                        #1316 P.006 /006

CASE NO. 05-80393 CIV HURLEY/HOPKINS

I declare under penalties of perjury that the foregoing is true and correct.  Dated this _12th_

day of December, 2005.

_____
Steven A. Esrig

# EXHIBIT A

**Exhibit A**
**Stelor Productions LLC**

| Member Name | City/State |
|---|---|
| Henry David Epstein | Chevy Chase, MD |

**Exhibit A**
**Stelor Productions LLC**

| Henry David Epstein | 7405 Pinehurst Parkway | Chevy Chase, MD 20815 |

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.

_____/

## DECLARATION OF IGOR GRUENDL IN OPPOSITION TO
## DEFENDANT'S MOTION FOR FEES

I, Igor Gruendl, hereby declare as follows:

1.     I am over the age of 21 and have personal knowledge of the matters set forth below.

2.     I am in investor in Stelor Productions. I have been a shareholder and member individually, and also through certain limited liability companies and trusts of which my wife, Carol Gruendl, and I are the members and trustees.

3.     I am aware of the allegations in Defendant's Reply to Stelor's Response to Motion for Attorneys' Fees and Expenses that Stelor intentionally concealed the fact that I was a Florida resident.

4.     That allegation is simply false.

5.     When this lawsuit was commenced in May of 2005, I was *NOT* a resident of Florida (and neither was my wife). We were residents of Gig Harbor, Washington.

CASE NO.  05-80393 CIV HURLEY/HOPKINS

6.    My wife and I did recently move back to Florida, in August of 2005, and are at this time Florida residents.  We were not, however, when this lawsuit was filed, and our decision to move back to Florida was not made until after the lawsuit was filed.

7.    In addition, my wife and I previously resided in Florida, but moved away in September of 2002 to Washington State, as stated above.

8.    Accordingly, the Declaration of Domicile included with Exhibit "C" to Silvers' Reply was accurate in 1999 when it was dated.  But, it was not accurate in May of 2005, 6 years later, when this lawsuit was commenced.

9.    Similarly, the information showing a Sarasota residence address for my wife and me is accurate as of September 2005, when the report is dated, but was not accurate as of May 2005 when the lawsuit was commenced.

10.    Obviously, Silvers is jumping to an unfounded conclusion, and attempting to distort the facts as support.

I declare under penalties of perjury that the foregoing is true and correct.  Dated this ___11___ day of December, 2005.

IGOR GRUENDL

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.

_____/

## DECLARATION OF STEVEN WEINSTEIN IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES

I, Steven Weinstein, hereby declare as follows:

1.    I am over the age of 21 and have personal knowledge of these matters.

2.    I am in investor in Stelor Productions. I have been a shareholder and member, and have also sat on the Board of Directors, since the formation of the company. Until June of 2005, I was the Recording Secretary of the Board, with responsibility for ensuring the accuracy of information related to the Board and its members.

3.    The Board presently has 9 members, 4 of whom have been involved since the company's inception. The Board is in frequent contact, and the members have had or have developed personal relationships with one another during this time.

4.    As such, I have worked with Henry D. Epstein, who has also been one of Stelor's Board Members since inception. He is presently the Vice Chairman.

5.    In addition to working with Mr. Epstein on the Board, I also know him personally. I live in Baltimore, speak to Mr. Epstein periodically, and also see him regularly on Stelor business.

CASE NO. 05-80393 CIV HURLEY/HOPKINS

6.    Essentially all of my contact with Mr. Epstein has been in Maryland, where I understand him to live.  When I speak to him by telephone, that is generally from his house in Chevy Chase.  When I see him, it is in Maryland (other than an occasional Stelor Board meeting elsewhere).  In fact, he and his wife have a young daughter, whom I understand attends school in the Chevy Chase area.

7.    As Recording Secretary of Stelor's Board, moreover, my information was that Mr. Epstein's address was in Chevy Chase.

8.    I am unaware of any address for Mr. Epstein in Florida, and have no knowledge that Florida is Mr. Epstein's residence for any purpose.  Nor would I have had any reason to think that Mr. Epstein might have a residence other than Chevy Chase.

9.    I am aware of the litigation between Stelor and Steven Silvers.  I know that Stelor had represented that none of its members were residents in Florida.  At the time Stelor made those representations, I and Mr. Esrig believed them to be entirely true.  Had I learned any representations were incorrect, I would have insisted they be corrected immediately.

10.    In fact, I understand that is exactly what Stelor did upon learning that a sub-member with Mr. Salk's group was a Florida resident.

I declare under penalties of perjury that the foregoing is true and correct.  Dated this 12 day of December, 2005.

_____
STEVEN WEINSTEIN

# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.

_____/

**DECLARATION OF ROBERT J. ROTHSTEIN, M.D. IN OPPOSITION TO
DEFENDANT'S MOTION FOR FEES**

I, Robert J. Rothstein, M.D., hereby declare as follows:

1.     I am over the age of 21 and have personal knowledge of these matters.

2.     I am an emergency room physician, and have been the Chairman of the Department of Emergency Medicine at Suburban Hospital in Bethesda, Maryland since 1986.

3.     I am also an investor in Stelor Productions.  I have been a shareholder and member, and have also sat on the Board of Directors, since the formation of the company.  In June of 2005, I became the Recording Secretary of the Board, with responsibility for ensuring the accuracy of information related to the Board and its members.

4.     The Board presently has 9 members, 4 of whom have been involved since the company's inception.  The Board is in frequent contact, and the members have had or have developed personal relationships with one another during this time.

5.     As such, I have worked closely with Henry D. Epstein, who has also been one of Stelor's Board Members since inception.  He is presently the Vice Chairman.

CASE NO. 05-80393 CIV HURLEY/HOPKINS

6.     In addition to working with Mr. Epstein on the Board, I also know him personally.  I speak to Mr. Epstein frequently, and I also see him personally in Chevy Chase, Maryland.

7.     All of my contact with Mr. Epstein has been in Maryland, where I understand him to live.  Thus, when I speak to him by telephone, that is generally from Chevy Chase.  When I see him, it is in Maryland.  In fact, he and his wife have a young daughter, whom I understand attends school in the Chevy Chase area.

8.     As Recording Secretary of Stelor's Board, moreover, my information was that Mr. Epstein's address was in Chevy Chase.

9.     I am unaware of any address for Mr. Epstein in Florida, and have no knowledge that Florida is Mr. Epstein's residence for any purpose.

10.     Nor would I have had any reason to think that Mr. Epstein might have a residence other than Chevy Chase.  I do recall that Mr. Epstein has some family in Florida – I believe his mother-in-law may live there – but I had no idea whatsoever of any other Florida connection Mr. Epstein may have had.

11.     I am aware of the litigation between Stelor and Steven Silvers, and am generally familiar with the papers that have been filed by Stelor in the case.  I know that Stelor had represented that none of its members were residents in Florida.  At the time, Stelor made those representations, I and Mr. Esrig believed them to be entirely true.  Had I learned any representations were incorrect, I would have insisted they be corrected immediately.

2

12/12/2005  13:33     3018962359          SUBURBAN ED ADMIN                    PAGE  03/04

CASE NO. 05-80393 CIV HURLEY/HOPKINS

12.     In fact, I understand that is exactly what Stelor did upon learning that a sub-member with Mr. Salk's group was a Florida resident.

I declare under penalties of perjury that the foregoing is true and correct. Dated this _12/1/_ day of December, 2005.

_____
ROBERT J. ROTHSTEIN, M.D.

3

# **EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited Liability Company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.

_____/

### DECLARATION OF HENRY D. EPSTEIN IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES

I, Henry D. Epstein, hereby declare as follows:

1.    I am 78 years old and essentially retired.

2.    I am an investor in Stelor Productions.  I have been a shareholder and member, and have also sat on the Board of Directors, since the formation of the company.  I am presently Vice Chairman of the Board.

3.    I understand that Silvers has alleged that Stelor, and Steven Esrig in particular, intentionally concealed information about my residence.

4.    That is simply false.

5.    I spend much of my time in Maryland, where I have two daughters, one in Bethesda and one in Chevy Chase. My second wife, Barbara Tannenbaum owns a house in Chevy Chase and our daughter attends school in Chevy Chase. My two grandsons attend school in Rockville Maryland.

6.    As the declarations of Mr. Esrig, Mr. Weinstein and Dr. Rothstein explain, my

17.-11-05

CASE NO. 05-80393 CIV HURLEY/HOPKINS

contact with Stelor has been from Maryland.

7.     I have been a resident of Florida for 12 years with a home in Fort White and an office in Lake City which I use irregularly. However, I have to my knowledge, never advertised this fact to my Maryland friends and business associates.

8.     I frequently speak to Stelor's Board Members and Officers when I am in Chevy Chase.

9.     Mr. Esrig and Dr. Rothstein have been to see me in Chevy Chase several times as well.

10.     I am generally aware of the litigation between Stelor and Steven Silvers, and from time to time have reviewed certain of the papers.

11.     Under the circumstances, Stelor and Mr. Esrig may have thought I was a Maryland resident.

I declare under penalties of perjury that the foregoing is true and correct. Dated this 11th day of December 2005.

_____
HENRY D. EPSTEIN

2

# EXHIBIT 6

DEC.13.2005 02:49    #1216 P.001 /006

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited Liability Company,
f/k/a STELOR PRODUCTIONS, INC.,

       Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

       Defendant.

_____/

## DECLARATION OF STEVE HEMSTREET IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES

I, Steve Hemstreet, hereby declare as follows:

1.    I am over the age of 21 and have personal knowledge of these matters.

2.    I am the Systems Administrator of Stelor Productions, and am responsible for the company's computer systems and its computerized records.

3.    At Mr. Esrig's instruction, I conducted a search of the records on each and every computer at Stelor regarding information about Henry D. Epstein, including specifically his listed addresses.  I confirmed that the only address Stelor has in its records for Mr. Epstein is in Chevy Chase, Maryland Our records contain no mention of any address for Mr. Epstein in Florida.

I declare under penalties of perjury that the foregoing is true and correct.  Dated this 12th day of December, 2005.

_Steve Hemstreet_