FILED by ___ D.C.
ELECTRONIC

**Jan 13 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.
_____/

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PREVENTING
UNAUTHORIZED DISCOVERY BY DEFENDANT; AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

      Plaintiff Stelor Productions, LLC, by and through undersigned counsel, hereby moves on the following grounds for entry of an order preventing Defendant from conducting unauthorized discovery:

<u>**INTRODUCTION**</u>

      Silvers seeks to do exactly what Rule 11 and the Courts have cautioned against: turning a request for fees into a second major litigation. Perhaps recognizing his inability to support a fee claim through the voluminous papers already filed – including an initial motion (DE#83), a reply (DE#94), a memorandum in opposition to a motion for leave to file sur-reply (DE#97), and weeks later (without court permission or any basis under the rules), another "Supplement" served just yesterday – Silvers has now noticed for deposition a member of Stelor's board of directors, Henry Epstein. A true and correct copy of the Notice is attached hereto as Exhibit "A". In correspondence, moreover, Silvers' counsel has announced they "intend to take discovery of each person who has submitted a declaration in support of Stelor." (See Exhibit "B" hereto).

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

1 of 16                                                                                                                                    Dockets.Justia.com

CASE NO. 05-80393 CIV HURLEY/HOPKINS

This is improper and entirely unnecessary. The discovery should not be allowed, and the fees motion should be denied.

## MEMORANDUM OF LAW

Silvers' latest effort to stretch the rules in support of his unfounded fees motion should not be permitted. Just as Silvers ignored the express requirements of Rule 11 to serve (but not file) a motion as an essential prerequisite, he now seeks to ignore the established rule that such sanctions proceedings be limited to the existing record, with discovery "conducted only by leave of court, and then only in extraordinary circumstances." Fed. R. Civ. P. 11, Advisory Committee Notes to 1983 Amendment; *Donaldson v. Clark,* 819 F.2d 1551, 1561 (11th Cir. 1987) (quoting Committee Notes with approval); *Amwest Mortgage Corp. v. Grady,* 925 F.2d 1162, 1165 (9th Cir. 1991) (noting parties not permitted to conduct discovery in connection with Rule 11 motion); *Borowsky v. DePuy, Inc.,* 876 F.2d 1339, 1340 (7th Cir. 1989) (upholding district court's denial of motion for leave to conduct discovery); *Indianapolis Colts v. Mayor & City Council,* 775 F.2d 177, 183 (7th Cir. 1985) (district court properly denied request to conduct discovery related to Rule 11 motion); *In re Concorde Nopal Agency, Inc. v. Sun Bank/Miami, N.A.,* 92 B.R. 956, 957 (S.D. Fla. Bankr. 1988) (discovery in connection with Rule 11 motion improper, where leave of court neither sought nor granted).

The arrogant response by Silvers' counsel to our good-faith effort to resolve this discovery issue unfairly burdens this Court with needless sniping. Thus, opposing counsel proclaims, "The deposition is appropriate, and you know that." Counsel then warns that "A motion for protective order is simply frivolous and will be met with a motion for additional

2

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

sanctions." (See January 12, 2006 Letter from Gail A. McQuilkin attached hereto as Exhibit "B".)

It is beyond argument that such depositions be conducted "only by leave of court, and then only in extraordinary circumstances." *Id.* Silvers has not even attempted to follow this rule, or make the required showing. Ironically, Silvers' counsel had themselves advised this Court in a paper filed on or about September 12, 2005 following the order of dismissal, that they "cannot proceed to obtain this information [through discovery] under a case which has been dismissed." They stated further that "the Court has no authority, given the lack of subject matter jurisdiction" even to address a discovery dispute between the parties. A true and correct copy of this Response (DE#79) is attached hereto as Exhibit "C". While screaming that Stelor has committed perjury and misrepresented information to the Court, they conveniently seek to do exactly what they themselves previously advised the Court could not be done. It is this type of conduct – compared with Stelor's candor in advising the Court no diversity existed – that should not be permitted. Stelor invites counsel to join the issue on the high road.

As the Seventh Circuit explained in denying a similar attempt to take discovery, "We intend to end this vexatious litigation rather than encourage parties to pursue secondary and patently frivolous litigation over attorneys' fees." *Indianapolis Colts,* 775 F.2d at 183. That is the appropriate outcome here as well.

### SILVERS' IMPROPER DOCUMENT REQUEST AND FAILURE TO COORDINATE

Silvers also requests production from the director, at the deposition on 10 days' notice, of "[a]ny and all documents relating to Stelor Productions, Inc. and Stelor Productions, LLC." Even were discovery permissible, and it is not, this request is obviously overbroad and Stelor

3

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM WWW.BWSKB.COM

3 of 16

objects to it. As Silvers' counsel has already admitted, they "cannot proceed to obtain this information [through discovery] under a case which has been dismissed." In addition, the request does not provide the required 30 days' time to respond pursuant to Rule 30(b)(5) and Rule 34.

Insofar as the Notice and accompanying request appear to be directed at Mr. Epstein individually, rather than as a director of Stelor, Silvers should not be permitted to compel his attendance at deposition in Miami. Instead, even were Silvers' authorized to notice this deposition (and he is not), Silvers would properly be required to travel to a location convenient for Mr. Epstein.[1]

## CONCLUSION

No discovery should be permitted in connection with Silvers' pending motion for fees. The motion is an arrogant and unfounded attempt to recover fees to which Silvers is not entitled. This dispute has not been decided on the merits, and continues to be hotly litigated by the parties in other forums. The dismissal here, moreover, was triggered by Stelor's own advice to the Court that diversity did not exist. Clearly, Stelor did not conceal that fact; rather, Stelor promptly disclosed it upon discovery, in two separate papers (DE##'s 74 & 76).

When this dispute is ultimately decided on the merits, there will be a prevailing party likely entitled to fees under the applicable agreements. The parties' efforts and resources should be devoted to advancing this ongoing dispute toward a resolution on the merits, not to a collateral and unnecessary satellite litigation regarding an unfounded fees motion.

---

[1] Counsel also has a conflict with previously scheduled depositions on the date noticed by Silvers, which was not coordinated.

4

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

WHEREFORE, Stelor respectfully requests entry of an order preventing Silvers from pursuing unauthorized discovery, and denying his Motion for Fees and Expenses.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Counsel certifies that they have conferred with counsel for Silvers in a good faith effort to resolve the issues raised in the motion and have been unable to do so. True and correct copies of counsel's correspondence and opposing counsel's response are included as Exhibit "B" hereto.

>BURLINGTON, WEIL, SCHWIEP,
>  KAPLAN & BLONSKY, P.A.
>Attorneys for Plaintiff
>Office in the Grove, Penthouse A
>2699 South Bayshore Drive
>Miami, Florida 33133
>Tel: 305-858-2900
>Fax: 305-858-5261
>
>By: /s/ Kevin C. Kaplan
>      Kevin C. Kaplan, Esq.
>      Florida Bar No. 933848
>      David J. Zack, Esq.
>      Florida Bar No. 641685

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via electronic mail and U.S. mail on this 13th day of January, 2006 upon the following:

| | |
|---|---|
| Adam T. Rabin, Esq. | Kenneth R. Hartmann, Esq. |
| DIMOND, KAPLAN & | Gail M. McQuilkin, Esq. |
|    ROTHSTEIN, P.A. | KOZYAK TROPIN & |
| Trump Plaza |    THROCKMORTON, P.A. |
| 525 S. Flagler Drive, Suite 200 | 2525 Ponce de Leon Blvd., 9th Floor |
| West Palm Beach, Florida 33401 | Coral Gables, Florida 33134 |

>/s/ Kevin C. Kaplan
>Kevin C. Kaplan

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C.,
a Delaware corporation,
f/k/a STELOR PRODUCTIONS, INC.,          Case No. 05-80393-CIV-HURLEY
    Plaintiff,

v.

STEVEN A. SILVERS, a Florida resident,
    Defendant.
_____

## PLAINTIFF'S NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM OF HENRY EPSTEIN

PLEASE TAKE NOTICE that the undersigned law firm will take the deposition of the below-named person/entity on the date and at the hour indicated.

| | |
|---|---|
| Name: | **HENRY EPSTEIN** |
| Date: | **Friday, January 20, 2006** |
| Time: | **9:30 a.m.** |
| Location: | **Kozyak Tropin & Throckmorton, P.A.**<br>**2525 Ponce de Leon, 9th Floor**<br>**Coral Gables, Florida 33134** |

and requires that the deponent bring to the deposition all documents listed on the attached "**Exhibit A**."

The oral examination will be recorded before Esquire Court Reporting and/or any other officer authorized to take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

1

Respectfully submitted this 10th day of January, 2006.

|  |  |
|---|---|
|  | s/ GAIL A. MCQUILKIN |
| Adam T. Rabin  (Fla. Bar #985635) | Kenneth R. Hartmann  (Fla. Bar #664286) |
| DIMOND KAPLAN & ROTHSTEIN, P.A. | Gail A. McQuilkin  (Fla. Bar #969338) |
| 525 S. Flagler Drive, Trump Plaza, Suite 200 | KOZYAK TROPIN & THROCKMORTON, P.A. |
| West Palm Beach, Florida  33401 | 2525 Ponce de Leon, 9th Floor |
| T: 561-671-2110 /  F: 561-671-1951 | Miami, Florida  33134 |
|  | T: 305-372-1800 / F: 305-372-3508 |

================================================================

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 10th day of January, 2006, via first class mail and e-mail on the following:

> Kevin C. Kaplan, Esq.
> Burlington Weil Schwiep Kaplan & Blonsky
> 2699 S. Bayshore Drive, Penthouse, Miami, Florida  33133
> E-mail: kkaplan@bwskb.com

                                        s/ GAIL A. MCQUILKIN

3339/103/261556.1

2

# EXHIBIT A

### DEFINITIONS

For the purposes of this subpoena of documents, the following words will have the meaning indicated below:

1) "Document" or "documents" shall mean any kind of written, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including originals, non-identical copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, correspondence, telegrams, bulletins, notices, cards, announcements, instructions, charts, manuals, brochures, schedules, cables, telex or facsimile messages, memoranda, notes, notations, accountants' working papers, transcriptions, minutes, agendas, reports and recordings of telephone or other conversations, of interviews, of conferences or of other meetings, affidavits, statements, summaries, opinions, seconds, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, rolodex cards, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, whether or not in printout form, and any other documents as defined in the Federal Rules of Civil Procedure. These terms shall also mean copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; and all attachments to any document.

2) "Possession, custody or control" of documents means documents within your actual or constructive possession, custody or control or within the right of possession, custody or control of any of your departments, officers, directors, shareholders, employees, contractors, representatives, consultants, agents or attorneys.

3) "And" as well as "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information that otherwise might be construed to be outside the scope of any request.

4) "You" and "Your" shall mean the subpoenaed entity and shall include any partner, administrator, consultant, principal, attorney, employee, shareholder, director, officer, agent or representative of the subpoenaed entity or any other person acting under the control or supervision of any of the subpoenaed entity or in concert or association with any of the subpoenaed entity.

### INSTRUCTIONS

1) All documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled in a manner that clearly identifies and indicates that the documents are being produced in response to the particular categories or requests.

2) If any documents or categories of documents called for cannot be produced in full or in part, the subpoenaed entity shall state in writing the reasons for their inability to produce all or any portion of the documents or categories of documents called for, and serve those reasons on the Plaintiff at the time required for response.

3

3)      If any document or category of documents requested has been destroyed or believed to be destroyed, please set forth the contents of the document, the date of such destruction and the name of the persons who conducted, authorized and directed such destruction.

4)      A word in the singular tense used in this request may be read in its plural tense if such is appropriate in the context in which it is used, and vice versa, and the use of one gender shall include the other.

5)      This request is a continuing one.  If after producing documents, you become aware of any further documents responsive to this request, you are requested to produce such additional documents.

## DOCUMENTS REQUESTED

1.      Any and all documents relating to Stelor Productions, Inc. and Stelor Productions, LLC.

4

# EXHIBIT B



**Gail A. McQuilkin**, Esq.
gam@kttlaw.com | 305.377.0656

<u>Via Email: kkaplin@bwskb.com</u>

January 12, 2006

Kevin C. Kaplan, Esq.
Burlington Weil Schwiep Kaplan & Blonsky, P.A.
2699 S. Bayshore Drive, Penthouse A
Miami, Florida 33133

    Re:    <u>Deposition of Henry Epstein</u>

Dear Kevin:

    The deposition is appropriate, and you know that. The decision to award attorneys' fees is based on evidentiary submissions. You have filed the declaration of Mr. Epstein in connection with Stelor's opposition to our fees request, and accordingly we are entitled to cross-examine him on his statements, and seek other discovery from him that goes to his credibility. And, to the extent time allows before a Report and Recommendation issues, we intend to take discovery of each person who has submitted a declaration in support of Stelor. A motion for protective order is simply frivolous and will be met with a motion for additional sanctions.

                       Sincerely,

                       Gail A. McQuilkin

3339/101/261653.1



BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: DBLONSKY@BWSKB.COM   WWW.BWSKB.COM

January 11, 2006

**VIA TELEFAX AND US MAIL**

Gail A. McQuilkin, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134

   Re:   Stelor Productions, LLC v. Silvers,
          Case No. 05-80393-Civ-Hurley/Hopkins

Dear Gail:

   We are in receipt of your notice of taking deposition of Mr. Epstein in the above action. As the case has been dismissed, however, no further discovery in the action, including the noticed deposition, is permissible or appropriate. Accordingly, we request that you reconsider the notice, and provide us promptly with written confirmation that the notice is withdrawn. Alternatively, if you refuse to do so, please advise us as well, in order that we may promptly file a motion for protective order with the Court.

                                              Sincerely,

                                              Kevin C. Kaplan

KK/mjp
cc:   Stelor Productions, LLC

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by SW D.C.
ELECTRONIC

Sep 12 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

STELOR PRODUCTIONS, L.L.C., a
Delaware corporation, f/k/a STELOR
PRODUCTIONS, INC.,

CASE NO. 05-80393-CIV
Magistrate Hopkins

    Plaintiff,

v.

STEVEN A. SILVERS, a Florida resident,

    Defendant.
_____/

### SILVERS' RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY REQUESTS

Defendant, Steven A. Silvers ("Silvers"), requests that this Court disregard or deny Plaintiff's motion for enlargement of time to respond to Silvers' discovery. The Court has found there is a lack of subject matter jurisdiction for this case, and dismissed it. While the Court granted leave for Stelor to amend its complaint to assert a proper basis for subject jurisdiction, Stelor has declined to do so, and has finally admitted that there is a lack of diversity in this case.

The present posture of this case, therefore, is that it has been dismissed and the Court has no authority, given the lack of subject matter jurisdiction, to provide the relief requested by Stelor.

While Silvers is interested in obtaining the discovery he served prior to the case being dismissed, in good faith we cannot proceed to obtain this information under a case which has been dismissed.

1 of 2

2 of 2

Respectfully submitted,

| DIMOND, KAPLAN & ROTHSTEIN, P.A. | KOZYAK TROPIN & THROCKMORTON, P.A. |
|---|---|
| Co-Counsel for Defendant | Counsel for Defendant |
| 525 S. Flagler Drive, Suite 200 | 2525 Ponce de Leon, 9th Floor |
| West Palm Beach, FL 33401 | Coral Gables, Florida 33134 |
| Telephone: (561) 671-2110 | Telephone: (305) 372-1800 |
| Adam T. Rabin, Esq. | Fax: (305) 372-3508 |

By: /s/ Kenneth R. Hartmann

Kenneth R. Hartmann
Florida Bar No. 664286
Gail M. McQuilkin
Florida Bar No. 969338

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17th day of September, 2005, to: Kevin C. Kaplan, Esq., Daniel F. Blonsky, Esq. and David Zack, Esq., Burlington, Weil, Schwiep, Kaplan & Blonsky, P.A., Counsel for Plaintiff, Office in the Grove, Penthouse A, 2699 South Bayshore Drive, Miami, FL 33133.

By: /s/ Kenneth R. Hartmann

Kenneth R. Hartmann

3339/103/257387.1