FILED by ___ D.C.
ELECTRONIC

Jan 17 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C.,
a Delaware corporation,
f/k/a STELOR PRODUCTIONS, INC.,                 Case No. 05-80393-CIV-HURLEY
    Plaintiff,
v.

STEVEN A. SILVERS, a Florida resident,
    Defendant.

_____

### DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Silvers wants nothing more than to put an end to this litigation and recover the attorneys' fees he has, and continues to, incur in an action that should never have been brought. Had Stelor dismissed this case when we first raised the lack of diversity nine months ago, rather than engage in a protracted (and deceptive) battle on the issue, Silvers would not have had to endure months of litigating the jurisdiction issue, or continue to expend time and effort to challenge the credibility of the apparent endless pleadings and declarations Stelor insists on filing in response to Silvers' motion for attorneys' fees. Silvers has no choice but to respond to these.

As maddening as it is to have to expend the time it takes to respond to Stelor's steady barrage of declarations, Silvers is entitled to challenge the credibility of these witnesses. While Stelor's challenge to Silvers' evidence has consisted primarily of nasty name-calling, Silvers' efforts are directed to obtaining evidence that the Court can consider in the determination to award Silvers' his attorneys' fees, and whether to issue an Order to Show Cause why sanctions should not be entered. The only deposition we have noticed in this action is Mr. Henry Epstein, who recently filed a sworn statement that he never told anyone at Stelor he resides in Florida. That is an incredulous statement considering that Mr. Epstein is very involved in Stelor's

1

business, and Stelor's own records list his address as Lake City, Florida. Silvers intends to limit the deposition to a cross-examination of the statements Mr. Epstein made in his declaration.[1]

By virtue of filing Mr. Epstein's declaration, especially such a dubious one, Stelor has opened the door on discovery, and given Silvers the right to conduct a cross-examination of this witness through a deposition, and seek discovery from the other declarants. Stelor faults Silvers for not treating the "existing record" as the exclusive basis for attorneys' fees and sanctions, yet Stelor has added to the "record" repeatedly. If leave of the Court is a pre-requisite to taking this limited discovery, we respectfully request that the Court grant leave based on the these circumstances, and enter the attached Order. Otherwise, we request that the Court simply deny Stelor's Motion For Protective Order.

Respectfully submitted this 17th day of January 2006.

| | |
|---|---|
| Adam T. Rabin (FBN: 985635) | s/ Gail A. McQuilkin |
| DIMOND KAPLAN & ROTHSTEIN, PA | Gail A. McQuilkin (FBN: 969338) |
| 525 S. Flagler Drive, Suite 200 | Kenneth R. Hartmann (FBN: 664286) |
| West Palm Beach, Florida 33401 | KOZYAK TROPIN & THROCKMORTON, PA |
| T: 561-671-2110 / F: 561-671-1951 | 2525 Ponce de Leon, 9th Floor |
| | Miami, Florida 33134 |
| | T: 305-372-1800 / F: 305-372-3508 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 17th day of January 2006, via first class mail and e-mail on the following:

Kevin C. Kaplan, Esq.
Burlington Weil Schwiep Kaplan & Blonsky
2699 S. Bayshore Drive, Penthouse, Miami, Florida 33133
E-mail: kkaplan@bwskb.com

s/Gail A S. McQuilkin

3339/103/261746.1

---

[1] Stelor's "demand" that we not depose Mr. Epstein is not exactly a good faith effort to resolve this.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C.,
a Delaware corporation,
f/k/a STELOR PRODUCTIONS, INC.,            Case No. 05-80393-CIV-HURLEY
    Plaintiff,
v.

STEVEN A. SILVERS, a Florida resident,
    Defendant.

### ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion For Protective Order. The Court has carefully considered the motion and is otherwise duly advised in the premises.

It is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion For Protective Order is **DENIED**.

DONE and ORDERED in chambers at West Palm Beach, Florida, this _____ day of January 2006.

                                                UNITED STATES DISTRICT COURT JUDGE

c:    All counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C.,
a Delaware corporation,
f/k/a STELOR PRODUCTIONS, INC.,
    Plaintiff,
v.

Case No. 05-80393-CIV-HURLEY

STEVEN A. SILVERS, a Florida resident,
    Defendant.

## ORDER GRANTING DEFENDANT LEAVE TO TAKE DISCOVERY

**THIS CAUSE** came before the Court on Defendant, Steven A. Silver's request for leave to take discovery in support of his Motion For Attorneys' Fees. The Court has carefully considered the motion and is otherwise duly advised in the premises.

It is hereby **ORDERED** and **ADJUDGED** that Defendant's request for leave to take discovery is **GRANTED**.

DONE and ORDERED in chambers at West Palm Beach, Florida, this _____ day of January 2006.

                                        UNITED STATES DISTRICT COURT JUDGE

c:    All counsel