FILED by ___ D.C.
ELECTRONIC

Jan 17 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.
_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S "SUPPLEMENT"

Silvers' Supplement in Support of Motion for Attorneys' Fees and Expenses, and Sanctions should be stricken. Silvers has already filed an initial motion (DE#83), a reply (DE#94), and a memorandum in opposition to a motion for leave to file sur-reply (DE#97). He should not be permitted to file yet more papers, in disregard of the applicable rules of procedure. *See* Local Rule 7.1.C. This is especially so, given the content of the Supplement, which is an incredible effort by Silvers to support an unfounded accusation of perjury with a fragment of hearsay from some unidentified proceeding by a witness who herself admits she has lied!

Thus, Silvers – yet again – seeks to label Mr. Esrig a "perjurer". Without any legitimate substantiation, Silvers contends that Mr. Esrig somehow forced Rebecca Gardner – an apparently disgruntled former employee of Stelor – to lie to the police in connection with the Police Report submitted by Stelor with its Sur-Reply (another copy of which is attached as Exhibit "A" hereto). Of course, the purpose of the Police Report was to document Stelor's claim that a former employee, Michael Sagan, stole documents and information from Stelor that have apparently ended up in the hands of Silvers' counsel. The Police Report also "reports" that Mr. Sagan

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.
OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

threatened other Stelor personnel, including Mr. Esrig. The point of Stelor's inclusion of the Police Report, though, was to evidence Sagan's theft of documents. The death threats are clearly far afield from the issues in this case.

Nevertheless, Silvers files his supplement, alleging that Mr. Esrig "told" Ms. Gardner to lie about the death threats. The support for that assertion by Silvers is a fragment of a transcript from some unidentified proceeding, in which Ms. Gardner purportedly claims she never told the police what appears on the report regarding the death threats. She thus seeks to disavow the express description in the Police Report by a Montgomery County, Maryland Police Officer of the death threats she told the officer Mr. Sagan had made, threatening to "kill her and the Esrigs." This unauthenticated transcript of hearsay testimony by a woman claiming she never said what a Police Officer reports she said is hardly credible. Certainly, that does not support the strongly-worded assertion by Silvers that Mr. Esrig is a "perjurer". Rather, it suggests that Silvers is improperly relying on inconsistent statements and stolen information from disgruntled former employees of Stelor.

In fact, although Silvers fails to point this out, this fragment of a transcript actually supports Mr. Esrig's testimony that documents were stolen by Mr. Sagan. Thus, this woman admits in the transcript that she "had noticed that Mr. Sagan was making a disk at his computer . . . . he was copying his hard drive onto a disk." Transcript at 257:21-285:1, :8. She knew that was wrong, moreover, and describes how she immediately reported it to Mr. Esrig. *Id.* Indeed, she admitted that it was reasonable for Stelor to prevent further unauthorized copying of its files by changing computer passwords. *Id.* 263:8-16. She also admits that she did make the statement

2

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

2 of 7

CASE NO. 05-80393 CIV HURLEY/HOPKINS

to the Police Officer, as contained in the Report, that Mr. Sagan was downloading files and should not have been. *Id.* at 265:7-18.

## CONCLUSION

It should be clear by now that Silvers' cries of perjury are entirely unfounded. Silvers' elaborate efforts to support his bogus claims of perjury simply highlights the weakness of his underlying claim for fees and sanctions. He knows that unless he can inflame this Court, the claim for fees will fail. There is no perjury; Mr. Esrig has not lied. Silvers' ceaseless campaign to discredit Mr. Esrig should be put to a stop. The Supplement should be stricken, and Silvers' motion for fees and sanctions should be denied.

BURLINGTON, WEIL, SCHWIEP,
 KAPLAN & BLONSKY, P.A.
Attorneys for Plaintiff
2699 South Bayshore Drive, PH
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: /s/ Kevin C. Kaplan
    Kevin C. Kaplan, Esq.
    Florida Bar No. 933848
    David J. Zack, Esq.
    Florida Bar No. 641685

3

CASE NO. 05-80393 CIV HURLEY/HOPKINS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served via electronic mail and U.S. mail on this 17th day of December 2005 upon the following:

| | |
|---|---|
| Adam T. Rabin, Esq.<br>DIMOND, KAPLAN &<br>   ROTHSTEIN, P.A.<br>Trump Plaza<br>525 S. Flagler Drive, Suite 200<br>West Palm Beach, Florida 33401 | Kenneth R. Hartmann, Esq.<br>Gail M. McQuilkin, Esq.<br>KOZYAK TROPIN &<br>   THROCKMORTON, P.A.<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, Florida 33134 |

       /s/ Kevin C. Kaplan
       Kevin C. Kaplan

4

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM   WWW.BWSKB.COM

**EVENT REPORT**
Montgomery County, Maryland
Department of Police

| Field | Entry |
|---|---|
| 2. DIST-CR NUMBER | R05-008238 |
| 5A. CLASSIFICATION | 2938 |
| 5B. CLASSIFICATION CHANGED TO | 2821 |
| 6A. VICTIM'S PLACE OF EMPLOYMENT OR SCHOOL | Stelor Productions Inc. |
| 6B. ADDRESS | 14701 Mockingbird Dr. Darnestown MD |
| 9. CRIME/INCIDENT | Simple Assault / Police Information |
| 11. BEAT | 124 / 5601 |
| 12. NATURE OF INJURIES | None |
| 13. LOCATION OF CRIME OR INCIDENT | S1A # 6B |
| 15. VICTIM TREATED | No |
| 16. WHEN OCCURRED | 02-15-05 TO 02-15-05  1330—1335 |
| WHEN REPORTED | 02-15-05  1244 |
| 18A. COMPLAINANT'S NAME | Esrig, Steven |
| RACE-SEX-AGE | 2-M-47 |
| 18B. COMPLAINANT'S ADDRESS | S1A # 6B |
| 22. TYPE OF AREA OR PREMISES | Business |
| 23. MEANS — TOOL, WEAPON | Threats |
| 24. METHOD — HOW CRIME WAS COMMITTED | Spoken |
| 25. POINT OF ENTRY | N/A |
| 26. TRADEMARKS OF SUSPECT(S) | Suspected stated he would kill the victim and complainant. |
| 27. SUSPECT | Arrested — Unk |
| SUSPECT DESCRIPTORS | Unk |
| NARRATIVE ITEM NO. | 6B-20874 |
| CB NUMBER | R05-008238 |
| STATUS | Open |
| INVESTIGATING OFFICER | Ofc. Ramsburg  I.D. 2040  CAR 183 |
| DATE | 02-16-05 |
| Page | 1 of 3 |

M.C.P. 100 REVISED 11/98

**CONTINUATION REPORT**
Montgomery County, Maryland
Department of Police

1. VICTIM (PERSON/FIRM FOR WHOM COMPLAINT WAS MADE): [redacted]
2. DIST - CR NUMBER: R05-008238
3. ADDRESS: [redacted]
4. CLASSIFICATION: 2938 0821

PAGE 2 OF 3 PAGES

NARRATIVE:

On the above date and time the I/o responded to 14701 Mockingbird Dr, Darnestown MD 20874 for a report of threats that had just occurred.

Upon arriving on the scene the I/o met with the complainant Steven Esrig (CEO/President of Stelor Productions). Esrig advised the I/o of the following:

That an employee of his, [redacted], threatened to kill another employee of his along with Esrig and Esrig's wife Lori Esrig. These threats occurred after an altercation between [redacted] and [redacted] (the employee [redacted] threatened to kill).

The I/o had Esrig bring [redacted] to the scene to obtain the information as to what happened (Esrig was not present when threats were made). When the I/o met with [redacted] she was able to fill the I/o in on exactly what happened. According to [redacted] [redacted] had been acting "weird" for a couple of days.

Then on 03/15/05 [redacted] noticed [redacted] downloading files ([redacted] is the comptroller and should not be downloading any files) to his personal files/disks. The items being downloaded were financial figures.

[redacted] stated that [redacted] kept saying that he was quitting and he was trying to get [redacted] to quit as well. [redacted] kept saying that [redacted] kept stating "you're going to quit" "you're going to be my spy."

[redacted] then put [redacted] in his car and started to drive off towards Turkeyfoot Rd. As [redacted] was riding in [redacted] car (described as a [redacted]) she noticed a manilla folder full of files next to the passenger

**CONTINUATION REPORT**
Montgomery County, Maryland
Department of Police

1. VICTIM/PERSON/FIRM FOR WHOM COMPLAINT WAS MADE
3. ADDRESS — CITY-STATE-ZIP
2. DIST - CR NUMBER: R05-008238
4. CLASSIFICATION: 2938/0821

PAGE 3 OF 3 PAGES

| ITEM NO. | NARRATIVE | PROPERTY VALUE | STL | REC | UCR CLASS |
|---|---|---|---|---|---|
| | | | | | |

seat. When ▓▓▓ reached Turkeyfoot Rd he turned the vehicle around and dropped ▓▓▓ off at Stelor Productions Inc. ▓▓▓ originally got in the vehicle because she was scared, also she did not know where ▓▓▓ was taking her).

Before she (▓▓▓) got out of the car she reached to take the manilla folder out of the car when ▓▓▓ slapped the folders. Then, ▓▓▓ began tugging at the folders. While n ▓▓▓ stated that if she didn't leave the folders, ▓▓▓ would kill her and the Esrig's.

▓▓▓ then told ▓▓▓ to go get Paul Murphy (another employee) however when she came back to where ▓▓▓ car was, he was gone. (no one knew why ▓▓▓ asked for Paul Murphy).

The I/o informed both the Esrig's and ▓▓▓ on how to obtain a protection order against ▓▓▓ and the I/o gave ▓▓▓/Esrig's a Victim/Witness Assistance Information sheet prior to leaving the scene.