UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.05-80393-Civ-Hurley/Hopkins

STELOR PRODUCTIONS, LLC
        Plaintiff,

vs.

STEVEN A. SILVERS,
        Defendant.

_____/



## ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DE 100)

**THIS CAUSE**, having come before this Court upon  an Order Referring

Defendant's Motion for Attorneys' Fees and Expenses, and Rule 11 Sanctions to the

undersigned Magistrate Judge for Report and Recommendation, (DE 85), and being

otherwise advised on the premises, it is hereby **ORDERED and ADJUDGED** that

Plaintiff's Motion for Protective Order is **GRANTED**.

## BACKGROUND

On May 5, 2005, Plaintiff filed an action seeking injunctive relief preventing

Defendant from terminating the license agreement between the parties and from

breaching the settlement agreement between the parties. (DE 1).  Plaintiff asserted

that jurisdiction was proper on the basis of subject matter jurisdiction, asserting

diversity of parties pursuant to 28 U.S.C. § 1332. (DE 1). Throughout most of the pendency of the case Plaintiff continually affirmed that diversity existed. (DE 83). On October 5, 2005, the District Court dismissed the case without prejudice for lack of subject matter jurisdiction. (DE 80).

On November 2, 2005, Defendant filed a Motion for Attorneys' Fees and Expenses and Rule 11 Sanctions. (DE 85). Defendant's motion is currently pending before this Court. On January 13, 2006, following the receipt of a notice of deposition from Defendant, Plaintiff filed the instant Motion for Protective Order. (DE 100). Defendant's response was filed on January 17, 2006. (DE 101).

## ANALYSIS

The 1983 Amendment Advisory Committee notes to Fed. R. Civ. P. 11 provide:

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.

This note was cited with approval by the Eleventh Circuit in *Donaldson v. Clark,* 819 F.2d 1551, 1560-61 (11th Cir. 1987), in its discussion of the limited scope

of Rule 11 proceedings. In *Borowski v. DePuy, Inc.,* 876 F.2d 1339, 1340-41 (7th Cir. 1989), the Seventh Circuit held that the district court did not abuse its discretion in denying counsel leave to conduct Rule 11 discovery where no extraordinary circumstances had been demonstrated, where counsel had been unable to find any support for his assertion that he was entitled to Rule 11 discovery, and where the parties had provided sufficient information so as to render discovery unnecessary.

Defendant's response is devoid of any law supporting his assertion that discovery should be permitted in this case, or of any case law rebutting Plaintiff's position. (DE 101). Although Defendant asserts that "[b]y virtue of filing Mr. Epstein's declaration, especially such a dubious one, Stelor has opened the door on discovery, and given Silvers the right to conduct a cross-examination of this witness through a deposition, and seek discovery from the other declarants," Defendant fails to provide any legal support for his assertion. (DE 101 at 2). Defendant has further failed to demonstrate any "extraordinary circumstances" which would warrant discovery relating to his motion for fees and sanctions. (DE 101); *see* Fed. R. Civ. P. 11, 1983 Amendment Advisory Committee Notes. Moreover, prior to submitting his response to the instant motion, Defendant failed to seek leave of the court to conduct discovery. (DE 101); *see* Fed. R. Civ. P. 11, 1983 Amendment Advisory Committee Notes.

To assist the Court in its consideration of the Rule 11 sanctions issue, this Court has the record of the litigation, the parties submissions, including Plaintiff's sur-reply and Defendant's supplement, for which this Court is currently considering motions to strike. (DEs 96, 97, 98, 99, 103). Furthermore, the parties have filed more than a dozen submissions on the issue of Defendant's motion for fees and sanctions, several of which include a multitude of exhibits for the Court's consideration. (*Inter alia* DEs 83, 86, 88, 90, 94, 96, 97, 98, 99, 100, 101, 103).

The Eleventh Circuit cites to the Supreme Court decision in *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), stating that "'[a] request for attorney's fees should not result in a second major litigation.' This same principle applies when attorneys' fees and other sanctions are imposed under Rule 11." *Donaldson,* 819 F.2d at 1560 (internal citation omitted).

Defendant contends that discovery is necessary to resolve credibility issues, and that he intends to cross examine the witness regarding statements made in his declaration. (DE 101). Although due process does not require a hearing prior to the imposition of Rule 11 sanctions the Eleventh Circuit has recognized that a hearing may be valuable in circumstances like the present case, where credibility is at issue. *See Donaldson,* 819 F.2d at 1561 ("when a court is asked to resolve an issue of credibility or to determine whether a good faith argument can be made for the legal

position taken, the risk of an erroneous imposition of sanctions under limited procedures and the probable value of additional hearing are likely to be greater").

While the Defendant has not demonstrated that extraordinary circumstances exist warranting Rule 11 discovery, if a hearing on the issue of Rule 11 sanctions is needed, the Defendant will have the opportunity to address the credibility issues of Plaintiff's declarants. Discovery on this issue, especially when Defendant asserts that he only intends to cross examine a witness regarding the witness' statements in a declaration, would appear to be duplicative and a waste of judicial resources when a hearing on the merits of the motion may be appropriate and more efficient. This Court endeavors to avoid having a motion for attorneys' fees and sanctions evolve into a "second major litigation." *See Donaldson*, 819 F.2d at 1560.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Plaintiff's motion for Protective Order is **GRANTED**. (DE 100).

**DONE and ORDERED** in Chambers this $23$ day of January, 2006, at West Palm Beach in the Southern District of Florida.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Kevin C. Kaplan, Esq. (Counsel for Plaintiff)
Kenneth R. Hartmann, Esq. (Counsel for Defendant)