```
                                                    FILED by ___ D.C.
                                                    ELECTRONIC
                                                    Jan 24 2006
                                                    CLARENCE MADDOX
                                                    CLERK U.S. DIST. CT.
                                                    S.D. OF FLA. - MIAMI
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80393 CIV HURLEY/HOPKINS

STELOR PRODUCTIONS, L.L.C., a
Delaware limited liability company,
f/k/a STELOR PRODUCTIONS, INC.,

        Plaintiff,

vs.

STEVEN A. SILVERS, a Florida resident,

        Defendant.
_____/

**PLAINTIFF'S SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER; AND
INCORPORATED MEMORANDUM OF LAW**

    Plaintiff Stelor Productions, LLC, by and through undersigned counsel, hereby moves on the following grounds for entry of an order preventing Defendant from conducting discovery:

    Notwithstanding the Court's January 23, 2006 Order Granting Plaintiff's Motion for Protective Order, Defendant is still persisting in its attempts to take discovery. Defendant has apparently served a subpoena duces tecum on Goo Investments, LLC (Exhibit "A" hereto), seeking its corporate records as well as all "documents relating to Stelor." In addition, Defendant has apparently served other subpoenas, including one on Igor Gruendl, whose declaration was submitted on Stelor's behalf. (As set forth below, Stelor was not served with the subpoena and has not yet obtained a copy).

    This discovery is improper for the same reasons set forth in Stelor's Motion for Protective Order. Stelor has requested by letter (Exhibit "B" hereto) that counsel for Silvers withdraw these additional subpoenas in light of the January 23rd order, but Silvers' counsel has not responded.

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

CASE NO. 05-80393 CIV HURLEY/HOPKINS

As a further issue, Silvers has failed to serve copies of any of these subpoenas on Stelor or its counsel. Silvers has failed to do so, moreover, notwithstanding Stelor's multiple requests in writing that copies be provided. Clearly, that conduct is improper. Silvers should be ordered immediately to provide copies of all such subpoenas.

Stelor believes the effect of the Court's January 23rd Order is clear, and that it prohibits Silvers from conducting any additional discovery at this point. Stelor files this supplemental motion in an abundance of caution, however, and given Silvers' refusal to confirm that they will not pursue other pending subpoenas in light of the Order. In the event other subpoenas have been served beyond the ones to Goo Investments and Igor Gruendl, Stelor similarly requests that a protective be issued preventing any further discovery.

WHEREFORE, Stelor respectfully requests entry of an order preventing Silvers from pursuing ANY further discovery at this time, and denying his Motion for Fees and Expenses.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Counsel certifies that they have conferred with counsel for Silvers in a good faith effort to resolve the issues raised in the motion and have been unable to do so. A true and correct copy of counsel's correspondence is included as Exhibit "B" hereto.

BURLINGTON, WEIL, SCHWIEP,
  KAPLAN & BLONSKY, P.A.
Attorneys for Plaintiff
Office in the Grove, Penthouse A
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: /s/ Kevin C. Kaplan
    Kevin C. Kaplan, Esq.
    Florida Bar No. 933848

2

BURLINGTON • WEIL • SCHWIEP • KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900 F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

2 of 17

CASE NO. 05-80393 CIV HURLEY/HOPKINS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via electronic mail and U.S. mail on this 24th day of January, 2006 upon the following:

| | |
|---|---|
| Adam T. Rabin, Esq.<br>DIMOND, KAPLAN &<br>   ROTHSTEIN, P.A.<br>Trump Plaza<br>525 S. Flagler Drive, Suite 200<br>West Palm Beach, Florida 33401 | Kenneth R. Hartmann, Esq.<br>Gail M. McQuilkin, Esq.<br>KOZYAK TROPIN &<br>   THROCKMORTON, P.A.<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, Florida 33134 |

/s/ Kevin C. Kaplan
Kevin C. Kaplan

3

BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE  PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
EMAIL: INFO@BWSKB.COM  WWW.BWSKB.COM

3 of 17

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STELOR PRODUCTIONS, L.L.C.,
a Delaware corporation,
f/k/a STELOR PRODUCTIONS, INC.,
    Plaintiff,

v.

STEVEN A. SILVERS, a Florida resident,
    Defendant.

CASE NO. 05-80393-CIV-HURLEY

# SUBPOENA
## Duces Tecum

TO: **GOO INVESTMENTS, LLC**
    Registered Agent: BRUCE A. SALK
                               630 Dundee Road, Suite 120, Northbrook, IL 60062

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested in the attached **Exhibit "A"** at the place, date, and time specified below. In lieu of appearance, the documents can be forwarded via U.S. Mail or overnight courier provided they are received by the date specified below.

| PLACE | DATE AND TIME |
|---|---|
| Kozyak Tropin & Throckmorton, P.A.<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, FL 33134 | January 25, 2006<br>at 9:30 a.m. |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify pursuant to Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER | DATE |
|---|---|
| Gail A. McQuilkin, Esq.<br>Kozyak Tropin & Throckmorton, P.A.<br>Tel: 305-372-1800 | January 11, 2006 |



Page 1 of 5

## PROOF OF SERVICE

_____    _____
Place                          Date

_____    _____
Served On (Print Name)         Manner of Service

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____        _____
                                Signature of Server

                                _____
                                Address of Server

Rule 45, Fed.R.Civ.P.

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Page 2 of 5

**EXHIBIT "A"**

## DEFINITIONS

For the purposes of this subpoena of documents, the following words will have the meaning indicated below:

1. "Document" or "documents" shall mean any kind of written, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including originals, non-identical copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, correspondence, telegrams, bulletins, notices, cards, announcements, instructions, charts, manuals, brochures, schedules, cables, telex or facsimile messages, memoranda, notes, notations, accountants' working papers, transcriptions, minutes, agendas, reports and recordings of telephone or other conversations, of interviews, of conferences or of other meetings, affidavits, statements, summaries, opinions, seconds, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, rolodex cards, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, whether or not in printout form, and any other documents as defined in the Federal Rules of Civil Procedure. These terms shall also mean copies of documents even though the originals are not in your possession, custody or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; and all attachments to any document.

2. "Possession, custody or control" of documents means documents within your actual or constructive possession, custody or control or within the right of possession, custody or control of any of your departments, officers, directors, shareholders, employees, contractors, representatives, consultants, agents or attorneys.

3. "And" as well as "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information that otherwise might be construed to be outside the scope of any request.

4. "You" and "Your" shall mean the subpoenaed entity and shall include any partner, administrator, consultant, principal, attorney, employee, shareholder, director, officer, agent or representative of the subpoenaed entity or any other person acting under the control or supervision of any of the subpoenaed entity or in concert or association with any of the subpoenaed entity.

5. "Goo Investments, LLC" shall mean and include Goo Invesments, LLC and any natural persons, corporations, partnerships, associations, trusts, joint ventures, sole proprietorships, proprietorships, subsidiaries, affiliates or any board member, director, shareholder, partner and any other officer, employee, attorney, contractor, representative, consultant or agent and any other form of organization or association.

6. "Stelor Productions" shall mean and include Stelor Productions, L.L.C., Stelor Productions, Inc. and any natural persons, corporations, partnerships, associations, trusts, joint ventures, sole proprietorships, proprietorships, subsidiaries, affiliates or any board member, director, shareholder, partner and any other officer, employee, attorney, contractor, representative, consultant or agent and any other form of organization or association.

Page 3 of 5

## INSTRUCTIONS

1. All documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled in a manner that clearly identifies and indicates that the documents are being produced in response to the particular categories or requests.

2. If any documents or categories of documents called for cannot be produced in full or in part, the subpoenaed entity shall state in writing the reasons for their inability to produce all or any portion of the documents or categories of documents called for, and serve those reasons on the Plaintiff at the time required for response.

3. If any document or category of documents requested has been destroyed or believed to be destroyed, please set forth the contents of the document, the date of such destruction and the name of the persons who conducted, authorized and directed such destruction.

4. A word in the singular tense used in this request may be read in its plural tense if such is appropriate in the context in which it is used, and vice versa, and the use of one gender shall include the other.

5. This request is a continuing one. If after producing documents, you become aware of any further documents responsive to this request, you are requested to produce such additional documents.

## DOCUMENTS REQUESTED

1. All documents relating to the formation of Goo Investments, LLC.

2. Documents that show all current and past members of Goo Investments, LLC.

3. Documents that show the date of membership for each member of Goo Investments, LLC.

4. All communications sent to and received from Stelor Productions.

5. All documents relating to Stelor Productions.

# EXHIBIT B

## BURLINGTON · WEIL · SCHWIEP · KAPLAN & BLONSKY, P.A.

OFFICE IN THE GROVE PENTHOUSE 2699 SOUTH BAYSHORE DRIVE MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
EMAIL: DBLONSKY@BWSKB.COM   WWW.BWSKB.COM

January 23, 2006

**VIA TELEFAX AND US MAIL**

Gail A. McQuilkin, Esq.
Kenneth R. Hartmann, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, Florida 33134

Re: <u>Stelor Productions, LLC v. Silvers,</u>
Case No. 05-80393-Civ-Hurley/Hopkins

Dear Gail and Ken:

We understand that subpoenas have been served on Goo Investments, LLC and Igor Gruendl. We did not receive copies of those subpoenas, or any notice that they had been served. Notwithstanding our written request for copies of any such subpoenas by letter dated January 18, 2006, we still did not receive copies.

In any event, please advise us immediately whether you agree to withdraw the subpoenas in light of the Court's January 23, 2005 Order Granting Plaintiff's Motion for Protective Order (copy attached), or whether we will need to file an additional motion for protective order.

Sincerely,

Kevin C. Kaplan

KK/mjp
cc:    Stelor Productions, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.05-80393-Civ-Hurley/Hopkins

STELOR PRODUCTIONS, LLC
    Plaintiff,

vs.

STEVEN A. SILVERS,
    Defendant.
_____/



## ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DE 100)

**THIS CAUSE**, having come before this Court upon an Order Referring Defendant's Motion for Attorneys' Fees and Expenses, and Rule 11 Sanctions to the undersigned Magistrate Judge for Report and Recommendation, (DE 85), and being otherwise advised on the premises, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for Protective Order is **GRANTED**.

### BACKGROUND

On May 5, 2005, Plaintiff filed an action seeking injunctive relief preventing Defendant from terminating the license agreement between the parties and from breaching the settlement agreement between the parties. (DE 1). Plaintiff asserted that jurisdiction was proper on the basis of subject matter jurisdiction, asserting

diversity of parties pursuant to 28 U.S.C. § 1332. (DE 1). Throughout most of the pendency of the case Plaintiff continually affirmed that diversity existed. (DE 83). On October 5, 2005, the District Court dismissed the case without prejudice for lack of subject matter jurisdiction. (DE 80).

On November 2, 2005, Defendant filed a Motion for Attorneys' Fees and Expenses and Rule 11 Sanctions. (DE 85). Defendant's motion is currently pending before this Court. On January 13, 2006, following the receipt of a notice of deposition from Defendant, Plaintiff filed the instant Motion for Protective Order. (DE 100). Defendant's response was filed on January 17, 2006. (DE 101).

## ANALYSIS

The 1983 Amendment Advisory Committee notes to Fed. R. Civ. P. 11 provide:

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.

This note was cited with approval by the Eleventh Circuit in *Donaldson v. Clark*, 819 F.2d 1551, 1560-61 (11th Cir. 1987), in its discussion of the limited scope

2

of Rule 11 proceedings. In *Borowski v. DePuy, Inc.*, 876 F.2d 1339, 1340-41 (7th Cir. 1989), the Seventh Circuit held that the district court did not abuse its discretion in denying counsel leave to conduct Rule 11 discovery where no extraordinary circumstances had been demonstrated, where counsel had been unable to find any support for his assertion that he was entitled to Rule 11 discovery, and where the parties had provided sufficient information so as to render discovery unnecessary.

Defendant's response is devoid of any law supporting his assertion that discovery should be permitted in this case, or of any case law rebutting Plaintiff's position. (DE 101). Although Defendant asserts that "[b]y virtue of filing Mr. Epstein's declaration, especially such a dubious one, Stelor has opened the door on discovery, and given Silvers the right to conduct a cross-examination of this witness through a deposition, and seek discovery from the other declarants," Defendant fails to provide any legal support for his assertion. (DE 101 at 2). Defendant has further failed to demonstrate any "extraordinary circumstances" which would warrant discovery relating to his motion for fees and sanctions. (DE 101); *see* Fed. R. Civ. P. 11, 1983 Amendment Advisory Committee Notes. Moreover, prior to submitting his response to the instant motion, Defendant failed to seek leave of the court to conduct discovery. (DE 101); *see* Fed. R. Civ. P. 11, 1983 Amendment Advisory Committee Notes.

3

To assist the Court in its consideration of the Rule 11 sanctions issue, this Court has the record of the litigation, the parties submissions, including Plaintiff's sur-reply and Defendant's supplement, for which this Court is currently considering motions to strike. (DEs 96, 97, 98, 99, 103). Furthermore, the parties have filed more than a dozen submissions on the issue of Defendant's motion for fees and sanctions, several of which include a multitude of exhibits for the Court's consideration. (*Inter alia* DEs 83, 86, 88, 90, 94, 96, 97, 98, 99, 100, 101, 103).

The Eleventh Circuit cites to the Supreme Court decision in *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), stating that "'[a] request for attorney's fees should not result in a second major litigation.' This same principle applies when attorneys' fees and other sanctions are imposed under Rule 11." *Donaldson,* 819 F.2d at 1560 (internal citation omitted).

Defendant contends that discovery is necessary to resolve credibility issues, and that he intends to cross examine the witness regarding statements made in his declaration. (DE 101). Although due process does not require a hearing prior to the imposition of Rule 11 sanctions the Eleventh Circuit has recognized that a hearing may be valuable in circumstances like the present case, where credibility is at issue. *See Donaldson,* 819 F.2d at 1561 ("when a court is asked to resolve an issue of credibility or to determine whether a good faith argument can be made for the legal

4

position taken, the risk of an erroneous imposition of sanctions under limited procedures and the probable value of additional hearing are likely to be greater").

While the Defendant has not demonstrated that extraordinary circumstances exist warranting Rule 11 discovery, if a hearing on the issue of Rule 11 sanctions is needed, the Defendant will have the opportunity to address the credibility issues of Plaintiff's declarants. Discovery on this issue, especially when Defendant asserts that he only intends to cross examine a witness regarding the witness' statements in a declaration, would appear to be duplicative and a waste of judicial resources when a hearing on the merits of the motion may be appropriate and more efficient. This Court endeavors to avoid having a motion for attorneys' fees and sanctions evolve into a "second major litigation." *See Donaldson*, 819 F.2d at 1560.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Plaintiff's motion for Protective Order is **GRANTED**. (DE 100).

**DONE and ORDERED** in Chambers this 23 day of January, 2006, at West Palm Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

5

Copies to:
Kevin C. Kaplan, Esq. (Counsel for Plaintiff)
Kenneth R. Hartmann, Esq. (Counsel for Defendant)

6